STATE OF MICHIGAN

14A-1 JUDICIAL DISTRICT COURT (ANN ARBOR, MICHIGAN)

R & J GROUP HOLDINGS,

Plaintiff,

v File No. 251C0573 LT

AZAR SADEGHI-STAFFELD

and

GHAZAL STAFFLED,

Defendants.
__________________________________/

BENCH TRIAL

BEFORE THE HONORABLE J. CEDRIC SIMPSON, DISTRICT JUDGE

Ann Arbor, Michigan - Tuesday, April 8, 2025

APPEARANCES:

For the Plaintiff: MR. ANTHONY G. MAMMINA (P37684)
Mammina & Ajlouny PC
370 E. Maple Road, Suite 230
Birmingham, Michigan 48009
(248) 642-1330

Appearing in Pro Per: MS. AZAR SADEGHI-STAFFELD
341 Corrie Road
Ann Arbor, Michigan 48105
(734) 929-6969

RECORDED AND
TRANSCRIBED BY: Ms. Emily Hartwick, CER 9448
Certified Electronic Recorder
(734) 973-4516

TABLE OF CONTENTS

PAGE

WITNESSES: PLAINTIFF

NONE

WITNESSES: DEFENDANT

NONE

| EXHIBITS: | MARKED | ADMITTED |
|---|---|---|
| NONE | | |

CLERK NOTE

***** Any discrepancy where the audio for the participants was unclear due to electronic failure or distortion, or to the speaker not being picked up by the microphone is marked as [indiscernible].

Ann Arbor, Michigan

Tuesday, April 8, 2025 - 10:34 a.m.

THE COURT: Court does call the case of *R and J Group Holdings versus Staffeld*. Azar Staffeld.

MR. MAMMINA: Anthony Mammina appearing on behalf of R and J Group Holdings, the plaintiff.

MS. SADEGHI-STAFFELD: Good morning, your Honor.

Azar Staffeld on behalf of myself.

THE COURT: All right.

Have the parties tried to talk at all, or no? Or are we going to go to trial?

MR. MAMMINA: No, we -- there's no talking, unfortunately in this case. I'd be willing if the Court would direct us to, but I don't think there's anything that we can discuss.

This is a termination of tenancy case there's nothing to talk about here.

THE COURT: Okay.

MS. SADEGHI-STAFFELD: Your Honor, I'm open to talks -- and the communication is not a good strategy. But this is not a tenancy termination. This is a purchase agreement, a subsequent tenancy.

We signed, this Exhibit G, with -- with this gentleman's client, and it started November 17th of 2024. We signed the purchase agreement that we want this to be

enforced as a matter of fact.

THE COURT: Yeah. But you -- I can't enforce the purchase agreement.

You've been to other courts to enforce that purchase agreement, correct?

MS. SADEGHI-STAFFLED: No.

THE COURT: Then what was the complaint in federal court?

MS. SADEGHI-STAFFELD: The federal court case, your Honor, is a wrongful foreclosure suit against Wells Fargo, that subsequently we added an amended complaint and added R and J to that case. That's why we filed the motion first.

THE COURT: And then that case -- did he give you that?

THE COURT: Wonderful.

Hold on. Where did Mr. Chavez go?

I'm going to break in this case. Recall Evergreen --

(At 10:37 a.m., case is passed)

(At 10:38 a.m., case is recalled)

THE COURT: All right.

We're back on the R and J Group Holdings -- all right.

The question -- you added R and J to the federal case, correct?

MS. SADEGHI-STAFFELD: Excuse me, your Honor. Correct.

THE COURT: And then that case was dismissed?

MS. SADEGHI-STAFFELD: It was not.

THE COURT: Okay. Is it pending?

MS. SADEGHI-STAFFELD: Yes.

THE COURT: And did you get a stay of these proceedings in federal court?

MS. SADEGHI-STAFFELD: I didn't petition for a stay in federal court. I'm petitioning to this court for a stay, your Honor.

THE COURT: That stay is denied. I'm not issuing a stay.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: So, ma'am, I'm trying to figure out -- what's your claim? Because I read through everything that you filed before the Court. Much of it, which was also stricken, but then you filed other things you haven't complied with that. As to the issue of possession, I don't see that there's an issue for me to try.

MS. SADEGHI-STAFFELD: The issue of possession is a non-issue.

First of all, according to the lease, the Court that is -- has jurisdiction that we agreed on that, is the Circuit Court of Oakland County. Section 13 of the lease.

Excuse me, your Honor.

THE COURT: I don't --

MS. SADEGHI-STAFFELD: The second issue --

THE COURT: -- think you can't confer jurisdiction that way.

MS. SADEGHI-STAFFELD: Well, they have.

THE COURT: They have what?

MS. SADEGHI-STAFFELD: They have put in the lease agreement that in case of conflict, we have to go to Oakland County Circuit Court.

THE COURT: Yes, but the property resides in Washtenaw.

MS. SADEGHI-STAFFELD: Correct. I agree with you.

THE COURT: Then venue and jurisdiction is here.

MS. SADEGHI-STAFFELD: Correct.

THE COURT: You can't -- you can't do it that way even if -- even if that was agreed to. It's unenforceable.

MS. SADEGHI-STAFFELD: I agree.

THE COURT: Okay. So, we're here so everybody doesn't have to head to Oakland County.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: Might make my day easier if you would, but you can't. Okay.

MS. SADEGHI-STAFFELD: [Indiscernible].

THE COURT: So, it's here but -- and so, when I

look at everything, I don't see -- as to these two parties, that there's anything for me to try. That they're entitled to possession of the premises.

MS. SADEGHI-STAFFELD: Despite the purchase agreement we signed?

THE COURT: The purchase agreement, you're making that part of -- did you file an action in Circuit Court regarding the purchase agreement?

MS. SADEGHI-STAFFELD: I'm intending to do that.

THE COURT: But -- you have to and you're -- they're saying you defaulted on the purchase agreement.

MS. SADEGHI-STAFFELD: We are not.

THE COURT: Okay. But if you're seeking to enforce the purchase of the property, can't do that here.

MS. SADEGHI-STAFFELD: The lease agreement has a provision, that within a year, we are entitled to purchase the property. That's what we're trying to do. To buy the property.

THE COURT: Okay. Have you purchased it?

MS. SADEGHI-STAFFELD: We secure the loan. We ordered the title work -- the title work shows that there's a lien on the property and the mortgage company would not issue any loans to me unless the lien is removed by Mr. Mammina's client.

THE COURT: Sir, what's your position?

MR. MAMMINA: That's simply not true, your Honor.

There were two liens on the property. One of them was a mortgage lien that was paid at closing --

THE COURT: Right.

MR. MAMMINA: -- from the proceeds of the sale. The other was a lien that was placed on the property by the Homeowners Association by virtue of her actions while she was in the property before.

That aside, we did obtain title commitment -- of title commitment guaranteeing her clear title at the closing and I've got documentation and we submitted that to the -- her mortgage agent and her prior to the date the closing had to occur.

So, that's simply not a true statement

THE COURT: And the closing hasn't occurred?

MR. MAMMINA: No.

MS. SADEGHI-STAFFELD: We submitted the documents that they gave us to our mortgage person and to the title company and neither one of them accepted --

THE COURT: Let me ask you this; are you gonna (sic) let her buy the property or do you want it back?

MR. MAMMINA: Today, we want it back. If she wants to negotiate or buy it later, that's fine with us. We're not opposed to her having the property, but what we're opposed to is her staying in it for free subsequent to the chronological

termination of the lease.

So, my client does want it back and I'm not sure at this point whether he wants to sell it to her. I shouldn't say that he does, but there's nothing personal, here your Honor. We just want our property back because we're entitled legally to it and there was no breach on our side of the purchase agreement period. In our opinion. I have documentation --

THE COURT: No. I -- I looked at everything. I don't see any breach regarding the purchase agreement. It's just --

MS. SADEGHI-STAFFELD: It is, your Honor.

May I speak?

THE COURT: Well, why haven't you brought an action for the breach of the purchase agreement?

MS. SADEGHI-STAFFELD: Because they brought an action for possession and I'm busy responding to that.

THE COURT: Go ahead. What do you wanna (sic) say? What do you wanna (sic) say?

MS. SADEGHI-STAFFELD: I'm sorry. What?

THE COURT: What do you want to say?

MS. SADEGHI-STAFFELD: What I want to say is, the gentleman's statements absolutely incorrect. We have paid money to run the title and since they purchased the property, they are the violator of the lease agreement, because they

were not supposed to get a mortgage on this property. They have.

Also, there is a -- there is a lien on the property, that prevents us from going forward with the purchase of the property because of the lien and the lien is not removed and it happened when they owned the property not -- we owned the property.

THE COURT: The lease has expired.

MS. SADEGHI-STAFFELD: The lease has expired. But the purchase agreement --

THE COURT: Hold on a second.

The lease has expired, you're seeking to enforce this purchase agreement.

MS. SADEGHI-STAFFELD: Correct.

THE COURT: That's not done here. That's why I'm saying I don't have a triable issue. The lease has expired, they filed proper notice. They're entitled to possession of the premises.

If you wish then to enforce your rights regarding that purchase agreement, that's gonna (sic) have to be filed in another court.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: I mean, I think it's as simple as that.

Is there anything else you want to tell me?

MS. SADEGHI-STAFFELD: Yes, your Honor.

I'm here today, fighting for roof over my head. This is my private residence. They promised they're gonna (sic) sell it to me. They're backing up from their promise. They broke every single provision in that agreement.

THE COURT: Okay.

Ma'am, you can tell me that all day and night long --

MS. SADEGHI-STAFFELD: That's fine.

THE COURT: -- and the problem is that has to be heard someplace else. I -- it can't be heard here because the lease expired. They're seeking possession of the premises.

So, Court after hearing is finding no triable issue, grant a judgment for possession to the plaintiff. There is no redemption amount per se.

What I will do, ma'am, is normally a writ would issue in 10 days, but you can --

I'll indicate that a writ may issue April 30th. Then if you wish to file some action or to seek a stay you can do whatever you wanna (sic) do. But I'm gonna (sic) have a writ issue April 30th.

MS. SADEGHI-STAFFELD: Certainly, your Honor.

Also, I put a $5,000.00 in escrow. Can that be released?

THE COURT: To whom?

MS. SADEGHI-STAFFELD: To myself.

MR. MAMMINA: Your Honor, if I may briefly?

THE COURT: You could say what -- go ahead.

MR. MAMMINA: Rent is due prior to the end of the termination of the lease. So, we're not accepting any rent for periods that after the expiration.

So, I believe my client's entitled to that rent.

MS. SADEGHI-STAFFLED: I beg the difference, your Honor. They are saying that this was terminated as of November 1st, and I paid them October payment. So, as of November 1st, they are not entitled. If they claim this lease is void and null -- excuse me.

THE COURT: You guys done?

Because here's what I'm gonna (sic) do.

MS. SADEGHI-STAFFELD: I'm sorry, I --

THE COURT: I'm gonna (sic) issue the judgment.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: Okay.

Writ date of April 30th. I'll set a hearing on the release of escrow for May 20, 2025, after I see where the landscape is. All right.

MS. SADEGHI-STAFFELD: Thank you, your Honor.

MR. MAMMINA: Same time the appeal period? Same time the appeal period --

THE COURT: In the judgment, you mean?

Yes.

MR. MAMMINA: Thank you, Judge.

THE COURT: Thank you.

MR. MAMMINA: I'll prepare and submit it to your clerks.

THE COURT: All right.

MR. MAMMINA: Have a nice day, Judge.

MS. SADEGHI-STAFFELD: Thank you, Judge.

THE COURT: Thank you.

(At 10:50 a.m., proceedings concluded)

I certify that this transcript, consisting of 15 pages is a complete, true, and correct transcript of the Bench Trial and testimony taken in the case of the *R & J Group Holdings vs Azar Sadeghi-Staffeld and Ghazal Staffeld*, file number 251C0573 LT on Tuesday, April 8, 2025.

Date: April 23, 2025

*Emily L. L. Hartwick*

Emily Hartwick, CER 9448
Certified Electronic Recorder
14A-1 District Court
4133 Washtenaw Avenue
Ann Arbor, Michigan 48108
(734) 973-4516

****** THIS COPY IS NOT CERTIFIED WITHOUT A LIVE SIGNATURE FROM THE TRANSCRIBING C.E.R LISTED ABOVE ******