STATE OF MICHIGAN

14A-1 JUDICIAL DISTRICT COURT (ANN ARBOR, MICHIGAN)

R & J GROUP HOLDINGS,

Plaintiff,

v File No. 251C0573 LT

AZAR SADEGHI-STAFFELD

and

GHAZAL STAFFLED,

Defendants.
__________________________________/

TERMINATION OF TENANCY HEARING

BEFORE THE HONORABLE J. CEDRIC SIMPSON, DISTRICT JUDGE

Ann Arbor, Michigan - Friday, March 14, 2025

APPEARANCES:

For the Plaintiff: MR. ANTHONY G. MAMMINA (P37684)
Mammina & Ajlouny PC
370 E. Maple Road, Suite 230
Birmingham, Michigan 48009
(248) 642-1330

Appearing in Pro Per: MS. AZAR SADEGHI-STAFFELD
341 Corrie Road
Ann Arbor, Michigan 48105
(734) 929-6969

RECORDED AND TRANSCRIBED BY: Ms. Emily Hartwick, CER 9448
Certified Electronic Recorder
(734) 973-4516

TABLE OF CONTENTS

PAGE

WITNESSES: PLAINTIFF

NONE

WITNESSES: DEFENDANT

NONE

| EXHIBITS: | MARKED | ADMITTED |
| --- | --- | --- |
| NONE | | |

CLERK NOTE

***** Any discrepancy where the audio for the participants was unclear due to electronic failure or distortion, or to the speaker not being picked up by the microphone is marked as [indiscernible].

Ann Arbor, Michigan

Friday, March 14, 2025 - 1:48 p.m.

THE COURT: *R and J Group Holdings versus Azar Staffeld*.

MR. MAMMINA: Good afternoon, your Honor.

Plaintiff -- Anthony Mammina appearing on behalf of Plaintiff, R and J Group Holdings.

MS. SADEGHI-STAFFELD: Good afternoon, your Honor.

Azar Staffeld.

THE COURT: All right.

Fear and trepidation.

Where are we on this case?

MR. MAMMINA: Your Honor, I'm not quite sure.

Last time we appeared in the court, the Court had advised the parties to all -- re-serve all the documents that had been served, because of some last-minute pleadings the defendant filed.

I haven't received any additional pleadings from them. We did file an answer to those pleadings. I do notice that there -- I pulled the docket today, and there is, as of today, some reference to a dismissal with prejudice. And I'm not quite sure what that would mean in this sense.

THE COURT: Well, the problem is, and I don't -- okay.

You've not received any documents that you --

MR. MAMMINA: Nothing. Nothing since the original delivery that I placed on the record.

THE COURT: At the last hearing, I struck all of the documents that had been filed by the defendant in this case, because she had changed the caption. They were to be re-filed and served.

MR. MAMMINA: They were not.

THE COURT: Was that done, ma'am?

MS. SADEGHI-STAFFELD: May I speak?

THE COURT: Was that done?

MS. SADEGHI-STAFFELD: Your Honor, first of all, we have not been --

THE COURT: Ma'am, I asked a yes or no question.

MS. SADEGHI-STAFFELD: Yes, your Honor. We served the plaintiff with the joinder we filed in federal court. We did.

The defen (sic) -- the plaintiffs did not send us any pleadings. I have not received any complaint. I have not received any -- he has not filed the rule 5.10(A) of 7-day notice that he has to give me. He is being violation of professional responsibility, both 7 and 8. We have not received any complaint, or he cannot produce proof of service to us, your Honor.

But we can provide proof of service that he was served by Sheriff for federal complaint.

THE COURT: I'm gonna (sic) try this again.

The last time that you were here, I told you that you had improperly changed the caption on the pleadings. I struck those pleadings, told you that you needed to re-file them with the correct caption, and serve them on opposing counsel.

MS. SADEGHI-STAFFELD: Yes, we --

THE COURT: My sole question to you is --

MS. SADEGHI-STAFFELD: Okay.

THE COURT: -- did you do that?

MS. SADEGHI-STAFFELD: Yes, your Honor.

THE COURT: Did we get a new filing?

MS. HARTWICK: I'm sorry, [indiscernible] a new filing?

THE COURT: Yeah, because they -- if she filed them and served them, they would be in my court file, and it's odd, I don't see new filings in my court file. And I don't see -- and Counsel's indicating he didn't get any. But she's telling me she did.

MS. WIEDLING: I'll look in JIS.

So, according to JIS, today an answer and motion to dismiss was filed.

THE COURT: That was?

MR. MAMMINA: Not by me, your Honor.

THE COURT: Yes, I see that. But that was not the

original --

MS. HARTWICK: Correct.

MS. WIEDLING: I do not see any filings.

MR. MAMMINA: I have not seen that, your Honor.

THE COURT: I don't have a proof of service on here. I don't -- I still have Karl Staffeld on this case and I don't know why.

MS. SADEGHI-STAFFELD: Because he's a residence (sic) too.

THE COURT: Then he needs to properly join the case. I -- I don't -- he did it again. The caption, you just changed.

MS. SADEGHI-STAFFELD: May I speak, your Honor?

THE COURT: Yeah. Go ahead.

You did the same thing we did the last time.

MS. SADEGHI-STAFFELD: May I show to your Honor?

THE COURT: No.

MS. SADEGHI-STAFFELD: This --

THE COURT: You did the same thing.

MS. SADEGHI-STAFFELD: This -- a notice to appear is only addressed by the plaintiff for my daughter only who is out of town, and we received it in the mail yesterday. And it does -- doesn't even have my name on it, your Honor.

THE COURT: Who filed this dismissal?

MS. SADEGHI-STAFFELD: We did. I did.

THE COURT: You're not the plaintiff.

MS. SADEGHI-STAFFELD: I'm a counter plaintiff.

THE COURT: Then how do you give me a notice of dismissal regarding this case --

MS. SADEGHI-STAFFELD: That was --

THE COURT: -- and not sign it?

MS. SADEGHI-STAFFELD: I'm sorry?

THE COURT: You filed a dismissal of the case under the section, notice of dismissal by plaintiff. You are not the plaintiff.

MS. SADEGHI-STAFFELD: I am a counter plaintiff, your Honor.

THE COURT: I'm not accepting any of these pleadings until you get the caption right.

I'm not accepting these sort of random documents coming in as a dismissal. A notice of dismissal. The only thing that you would be entitled to dismiss, would be -- to the extent you believe you have a counterclaim. That's the only thing you're gonna (sic) dismiss. You can't dismiss his claim.

MS. SADEGHI-STAFFELD: Yes, your Honor.

May I -- may I say one more thing, please?

THE COURT: Go ahead.

MS. SADEGHI-STAFFELD: My grandmother died, and we are flying out of U.S. next week to attend the funeral. If

you want to --

THE COURT: I'm not going to allow you to continue to -- to delay these matters through some improper procedures that you're employing. I'm not -- I'm not gonna (sic) let that happen.

My condolences on your loss.

But I'm not going to just continue to delay this matter out to have you continue to do the same thing.

MS. SADEGHI-STAFFELD: But I'm [indiscernible], your Honor.

THE COURT: I have already told you what you're doing wrong. If you don't think you're doing anything wrong, then maybe you need to get an attorney.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: That's licensed to practice.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: To do this.

MS. SADEGHI-STAFFELD: Okay.

Could we have next hearing after April 1st, please?

THE COURT: I -- I'm not going out that far.

MR. MAMMINA: Your Honor, this is the third appearance in this case.

THE COURT: Oh. I know.

MR. MAMMINA: And you gave her two weeks after the last appearance.

THE COURT: To get everything right and --

MR. MAMMINA: And you admonished her to get an attorney at that point.

THE COURT: I did.

MR. MAMMINA: Yes.

THE COURT: Striking those pleadings. Don't file anything else that's improper and not properly filed with this Court. I'm just gonna (sic) be that direct.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: This matter will adjourn to March 21, 2025 --

MR. MAMMINA: If I may, your Honor? Briefly.

Just briefly.

This is not a rent case, your Honor.

THE COURT: Oh. I know.

MR. MAMMINA: This is a termination of tenancy. The -- the lease has been up for 60 days. She's staying in there -- there was an escrow order that was filed. To our knowledge, she hasn't paid the rent. To our knowledge she didn't pay the jury fee. To our knowledge, all these things have happened and my client -- my client is being prejudiced by the moment here.

There's damage occurring to the premises. There was construction and landscaping that was violative of the city ordinances and the HOA standards. We have the -- the --

a witness here today to testify that the property is being damaged as we speak. And -- and --

THE COURT: In what way?

MR. MAMMINA: There's significant run-off and sudden run-off that the back fill -- is back filled 4 feet to 5 feet to more over the base of the trees in the backyard, and that's been that way for some time.

The fact of the matter is she's had more than -- I'd defer to the Court of course, but she's had more than an opp (sic) -- she's filed this federal suit. She's doing everything possible to delay our occupancy. And I just don't think it's equitable or right.

It's of course your decision, Judge.

THE COURT: Oh. I know.

MR. MAMMINA: she knows well what she's doing to by time here and she's served all these pleadings. She claimed she doesn't have an attorney. I read the pleadings; they were drafted by somebody other than her it appears. She hasn't followed one rule. She hasn't served me once correctly.

The person that's named in the incorrect caption, isn't even a tenant on the lease. I don't know where they came from here, but they're non-party.

My clients had to pay me to come in here and deal with all this sort of thing and I'm just -- we have --

they've filed -- they've joined us in a federal case that names almost verbatim the same cause of action that's named in this very counterclaim that the Court struck and apparently dismissed with prejudice.

All I would ask the Court is -- that we -- I possibly could get a -- if she wants to appeal this, then I would pretty much bet she's going to when the time comes. Let's get that process started if at all, the Court would go along with this. Let's get a judgment for possession entered. We can give 'em (sic) a little extra time if they want to put in the appeal period and get us our judgment. And then she can do what she's gonna (sic) do anyway when she gets her day in court.

According to her, she's been here three times. I've traveled from -- from Oakland County --

THE COURT: I'm sorry to hear that.

MR. MAMMINA: -- three diff (sic) -- yeah. Me too.

Three different times to be here, Judge. None of which she files makes any sense. And it's just not right on my client's behalf to let my client continue to suffer while they occupy the prem (sic) -- the premises without any consideration. She's going to appeal this if we win, and we probably will.

Point being, let her appeal, lets get that process started if that's what she's gonna (sic) do.

Thank you, Judge --

THE COURT: Are you done?

MR. MAMMINA: -- for listening.

Yes.

THE COURT: Okay. Good.

MS. SADEGHI-STAFFELD: I wanna (sic) answer.

THE COURT: Go ahead.

MS. SADEGHI-STAFFELD: Your client, sir --

THE COURT: No. You will address me.

MS. SADEGHI-STAFFELD: Okay. I -- I apologize.

His client, your Honor, is a loan shark, who bought our property in a redemption period and signed an agreement to let us buy this house back from him. We are ready to go ahead, buy this house back, but why this -- his client was owning this place in last 9 months, the -- the -- Barton Village put a lien on the property.

Now we cannot get a mortgage because they have a lien on the property. And what -- by him -- in this court, trying to put me down because I'm representing myself is also another violation of --

THE COURT: No.

You need to talk to me.

MS. SADEGHI-STAFFELD: Yes, your Honor.

THE COURT: Go ahead.

MS. SADEGHI-STAFFELD: Okay.

Your Honor, we have served everything. This gentleman cannot provide one proof of service to this Court. We -- he gives us papers last minute. We received this in the mail yesterday. He did not serve us properly --

MR. MAMMINA: That was the escrow order only, your Honor.

MS. SADEGHI-STAFFELD: Okay.

MR. MAMMINA: That --

MS. SADEGHI-STAFFELD: I'm sorry.

Please don't interrupt me.

Thank you, very much. I didn't interrupt you when you speak. Extend me the same courtesy. Okay?

This loan shark and his attorney is trying to --

THE COURT: Are you almost done?

MS. SADEGHI-STAFFELD: Yes.

To --

THE COURT: Okay.

MS. SADEGHI-STAFFELD: -- take us out of our home and they put a lien on that house, so now we can't even get a loan to purchase the prop -- mortgage to purchase the property because it has a loan. Now he's asking us to -- for the possession. We paid the rent, but the rental agreement is over. We want to buy the house. The lien doesn't let us buy the house, your Honor.

MR. MAMMINA: I would ask for one brief moment to

respond to that. If the Court wishes to --

THE COURT: Why -- why -- why are we doing this?

Okay. So, here's what happened. I told you what I was going to do.

MR. MAMMINA: Enough said, Judge.

THE COURT: You wanted to talk.

Then you wanted to respond.

And now you wanna (sic) go back and you wanna (sic) -- guys wanna (sic) spend all day going back and forth.

Tell you what, we can put you over there on the side, I can handle all these other people's cases, so they don't have to sit through this. I'm required to. And you guys can just go back and forth and then I'm going to do what I was going to do 5 minutes ago.

MR. MAMMINA: Thank you, Judge.

MS. SADEGHI-STAFFELD: Okay.

THE COURT: Hearing nothing else.

March 21, 2025, 2:00 p.m.

You get the pleadings right or get an attorney in here.

Thank you.

MR. MAMMINA: Thank you, Judge.

THE COURT: Ma'am, you're not gonna (sic) yell when you're in here, you're not gonna (sic) whisper under your voice.

I don't operate that way.

MS. SADEGHI-STAFFELD: No. I --

THE COURT: Understood -- no. Understood? I heard you all the way up here.

Have a great weekend.

MS. SADEGHI-STAFFELD: You too, sir.

MR. MAMMINA: Thank you, Judge.

(At 2:04 p.m., proceedings concluded)

  I certify that this transcript, consisting of 17 pages is a complete, true, and correct transcript of the Termination of Tenancy Hearing and testimony taken in the case of the *R & J Group Holdings vs Azar Sadeghi-Staffeld and Ghazal Staffeld*, file number 251C0573 LT on Friday, March 14, 2025.

Date: April 23, 2025

Emily L. L. Hartwick

Emily Hartwick, CER 9448
Certified Electronic Recorder
14A-1 District Court
4133 Washtenaw Avenue
Ann Arbor, Michigan 48108
(734) 973-4516

****** THIS COPY IS NOT CERTIFIED WITHOUT A LIVE SIGNATURE FROM THE TRANSCRIBING C.E.R LISTED ABOVE ******