UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

Case No. 4:24-cv-12811-SDK-DRG

Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## REPLY BRIEF IN SUPPORT OF DEFENDANT R & J HOLDINGS, LLC'S MOTION TO DISMISS

Defendant R & J Holdings, LLC, states the following as its Reply Brief in Support of its Motion to Dismiss:

### INTRODUCTION

Plaintiffs' opposition brief fails to meaningfully address the deficiencies in their pleading. Instead, Plaintiffs conflate the Rule 12 standards governing motions to dismiss with Rule 56 summary judgment standards, attempt to invoke federal jurisdiction where none exists, and improperly raise entirely new federal statutory claims against R & J Holdings, LLC ("R & J") that are absent from their Amended Complaint. Because Plaintiffs have not pleaded a federal claim against R & J and have not established an independent basis for subject matter jurisdiction as to R & J, dismissal is warranted.

1

# ARGUMENT

## 1. Post Hoc Arguments in Plaintiffs' Response Cannot Revive an Unviable Complaint.

Plaintiffs' Amended Complaint fails to state a viable claim against R & J under the Fair Debt Collection Practices Act (FDCPA), the sole federal statute they invoke in their Amended Complaint as a basis for subject matter jurisdiction. While Plaintiffs allege generally that Defendants Wells Fargo Bank and R & J violated the FDCPA, the complaint contains no factual allegations establishing that R & J is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), nor does it identify any specific conduct by R & J that would be regulated under the FDCPA. This generic and conclusory reference to the FDCPA does not meet the minimum pleading threshold required by Rule 12(b)(6). A plaintiff must allege sufficient factual matter to state a claim that is plausible on its face—not merely possible or consistent with liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare legal labels, without supporting facts, are insufficient to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).

Moreover, Plaintiffs attempt to salvage their complaint by raising new federal statutory theories in their response brief, including claims under RESPA, TILA, HOEPA, the Dodd-Frank Act, RICO, and loan-sharking statutes (18 U.S.C. §§ 891–896). These claims are not alleged anywhere in the operative complaint

and cannot be raised for the first time in opposition to a motion to dismiss. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Because Plaintiffs fail to allege any plausible federal claim against R & J and improperly rely on post hoc statutory theories, dismissal under Rule 12(b)(6) is warranted.

2.     **Without a Viable FDCPA Claim, Plaintiffs Cannot Establish Federal Jurisdiction Over Their State Law Claims Against R & J Holdings.**

A defendant may move to dismiss a complaint under Rule 12(b)(1) where the court lacks subject matter jurisdiction to adjudicate the claims asserted. Federal courts are courts of limited jurisdiction and may not hear a case unless jurisdiction is affirmatively and properly invoked by the plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of proving jurisdiction in order to survive a motion under Rule 12(b)(1). *Moir v. Greater Cleveland Reg. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The Sixth Circuit distinguishes between two types of Rule 12(b)(1) challenges: facial attacks and factual attacks. *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the defendant challenges the sufficiency of the complaint's jurisdictional allegations on their face, and the court must accept the allegations as true. In a factual attack, however, the defendant contests the actual truth of those allegations, and the court is permitted to weigh evidence and resolve factual disputes. Regardless of the type of challenge, the plaintiff must

3

affirmatively demonstrate that subject matter jurisdiction exists. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). A failure to do so is a fatal, non-waivable defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Here, Plaintiffs' complaint is insufficient on its face to establish subject-matter jurisdiction once the FDCPA claim is dismissed. They have not identified any claim against R & J that arises under federal law. The substantive allegations against R & J instead sound exclusively in state law: breach of contract, unjust enrichment, quiet title under MCL § 600.2932, among other state common law claims. These are not claims arising under federal law and do not confer federal-question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs' fallback reliance on supplemental jurisdiction under 28 U.S.C. § 1367 is likewise unavailing. The claims against R & J do not form part of the same "case or controversy" as the FDCPA claim asserted against Wells Fargo. 28 U.S.C. § 1367(a). Rather, Plaintiffs' allegations against R & J relate to a separate post-foreclosure lease and an option-to-purchase agreement—discrete transactions that are legally and factually unrelated to the alleged debt collection activity underlying the federal claim. Supplemental jurisdiction cannot be used to manufacture jurisdiction over parties or claims that otherwise fall outside the scope of Article III. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Because Plaintiffs have not established any independent basis for federal jurisdiction over their claims against R & J, dismissal of Plaintiffs' non-FDCPA under Rule 12(b)(1) is both necessary and proper.

### 3. **Plaintiffs Cannot Establish Federal Jurisdiction by Invoking Inapplicable Criminal Statutes.**

Plaintiffs ask this Court to initiate or order criminal investigations under statutes like 18 U.S.C. §§ 1001, 1961–1968 (RICO), and §§ 891–896 (loan sharking). These criminal statutes do not provide a private cause of action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The inclusion of such allegations not only fails to create jurisdiction but underscores the speculative and improper nature of Plaintiffs' theories against R & J.

## CONCLUSION

Because Plaintiffs have failed to properly plead a federal claim under the FDCPA against R & J Holdings, R & J's motion to dismiss under Rule 12(b)(6) should be granted. Furthermore, as no independent basis for federal jurisdiction exists over the remaining state-law claims against R & J, those claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

        Respectfully Submitted,

        SOBLE PLC

        /s/ George T. Blackmore
        By: George T. Blackmore (P76942)
        31800 Northwestern Hwy
        Suite 350
        Phone: (888) 789-1715
        gblackmore@provenresource.com
        *Counsel for R & J Holdings, LLC*

Dated: June 16, 2025

## CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I served the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT R & J HOLDINGS, LLC'S MOTION TO DISMISS upon counsel of record via the Court's ECF System to their respective email or by first-class mail to and any unrepresented parties as detailed below:

Azar Staffeld
341 Corrie Road
Ann Arbor, MI 48105

Karl Staffeld
341 Corrie Road
Ann Arbor, MI 48105

        /s/ George T. Blackmore
        George T. Blackmore