# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## Form 16. Circuit Rule 27-3 Certificate for Emergency Motion

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form16instructions.pdf

**Case Number(s)** | 4:24-cv-12811

**Case Name** | Emergency Motion for Expedited Consideration and Immediate Injunction

I certify the following:

The relief I request in the emergency motion that accompanies this certificate is:

Temporary Restraining Order "STOPPING" Defendant R&J Group Holdings, LLC from petitioning for Writ of Eviction in State Court and banning R&J Group Holdings, LLC from refiling Writ of Eviction.

Relief is needed no later than *(date)*: 6/16/2025

The following will happen if relief is not granted within the requested time:

If the Writ of Eviction is issued, Plaintiffs and their household members will lose their home forever and the damages will be immediate, severe, irreparable, and permanent.

I could not have filed this motion earlier because:

Defendant filed a motion for Writ of Eviction on June 10, 2025.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

I requested this relief in the district court or other lower court:   ⦿ Yes   ○ No

If not, why not:

> Pending Application of Leave for Appeal and Temporary Restraining Order requested from Michigan Court of Appeals and filed on 6/13/2025.

I notified 9th Circuit court staff via voicemail or email about the filing of this motion: ○ Yes   ⦿ No

If not, why not:

> Because the case is pending in the United States District Court Eastern District of Michigan.

I have notified all counsel and any unrepresented party of the filing of this motion:

On *(date)*: 6/13/2025

By *(method)*: Certified mail and e-serve

Position of other parties: Defendants

Name and best contact information for each counsel/party notified:

> David Soble (P49662)
> George Blackmore (P76942)
> SOBEL PLC
> 31800 Northwestern Hwy #350
> Farmington Hills, MI 48224
> (888) 789-1715
> dsoble@provenresource.com

I declare under penalty of perjury that the foregoing is true.

**Signature**   *[signature]*   **Date**   6/13/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 16**                                      2                            *Rev. 11/21/2019*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KARL STAFFELD AND
AZAR SADEGHI-STAFFELD,

      Plaintiffs,

      -v-

WELLS FARGO BANK, N.A., a subsidiary
of WELLS FARGO & COMPANY, and
R & J Group Holdings, LLC, a Michigan
limited liability Company,

      Defendants.

Case No: 4:24-cv-12811
Hon. Shalina D. Kumar

| | |
|---|---|
| Karl Staffeld and Azar Staffeld<br>Plaintiffs, *Pro Se*<br>341 Corrie Road Ann Arbor, MI 48105<br>(734) 929-6969<br>karlstaffeld@gmail.com | Mark D. Kundmueller, Esq. (P66306)<br>TROUTMAN PEPPER LOCKE LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, Virgina 23462<br>(757) 687-7564<br>mark.kundmueller@troutman.com<br><br>David Sobel (P49662)<br>George Blackmore (P76942)<br>SOBLE PLC<br>31800 Northwestern Hwy #350<br>Farmington Hills, MI 48224<br>(888) 789-1715<br>dsoble@provenresource.com |

## EMERGENCY MOTION FOR EXPEDITED CONSIDERATION
## AND IMMEDIATE INJUNCTION

INDEX OF AUTHORITIES

**Cases**

ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987)

National Business Services, Inc. v. Wright, 2 F. Supp. 2d 701, 709 (E.D.Pa.1998)

Rule 65

Turner v Shirk 49 Ill. App. 3d 764, 364 N.E.2d 622 (1977)

Bonde v Weber  6 Ill. 2d 365, 128 N.E.2d 883 (1955)

Smith Sons Lumber Co. v Steiner, Crum & Weil, 204 Ala. 306, 309 (1920)

Wieck v Sterenbuch, 350 A.2d 384, 387 D.C.App (1976)

United Mine Workers of America v International Union, United Mine Workers of America, 134 U.S.App.D.C. 34, 412 F.2d 165 (1969)

Canal Authority v Callaway, 489 F.2d 567, 572 (5th Cir. 1974)

House of Sight & Sound, Inc., v Faulkner, 912 P.2d 357, 361 OK Civ. App. (1995)

Nutzz.com v. Vertrue Inc., 2005 Del. Ch. LEXIS 101 at 37

Vitalink Pharmacy Services Inc., 1997 Del. Ch. LEXIS 116

Kan. City S. v Grupo TMM. S.A. de C.V., 2003 Del. Ch. LEXIS 116

True North Communications, Inc. v Publicis S.A. 711 A.2d 34 (Del. Ch., 1997)

Id. at 44

SLC Beverages, Inc. v Burnup & Sims, Inc.,1987 Del. Ch. LEXIS 472

Nutzz.com v Vertrue Inc., 2005 Del. Ch. LEXIS 101

Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co., 510 N.W.2d 153 at 158 (1993)

Citing Presto-X-Co., 442 N.W.2d at 89

INDEX OF EXHIBITS

Exhibit "A" –  Application for Leave to Appeal brief cover page dated 6/13/2025

Exhibit "B" –  Motion for Temporary Restraining Order and Injunctive Relief dated 6/13/2025

Exhibit "C" –  Motion to Cancel the $5,000 a Month Escrow Bond and Return the Balance with Escrow Bond to Staffelds dated 6/13/2025

Exhibit "D" –  Motion for Proceeds of Refinance of Second Property up to $250,000 to be Deposited in Escrow with the Court dated 6/13/2025

Exhibit "E" –  Motion for R&J Group Holdings, LLC to Post a $250,000 Escrow Bond with the Court dated 6/13/2025

Exhibit "F" –  Emergency Motion to Prosecute for Criminal Enterprise, Racketeering, Embezzlement, and Fraud dated 6/14/2025

Exhibit "G" –  Emergency Motion to Prosecute Child Endangerment and Insurance Fraud (Jerry Watha) dated 6/14/2025

Exhibit "H" –  Emergency Motion to Prosecute Child Endangerment and Insurance Fraud (Rana Martar) dated 6/14/2025

Exhibit "I" –  Threat of immediate Bodily Harm to Plaintiffs and Residents Requesting Immediate Statutory Protection dated 6/14/2025

Exhibit "J" –  Federal Court Register of Actions

Exhibit "K" –  District Court Register of Actions

Exhibit "L" –  Purchase Agreement dated 11/17/2024

Exhibit "M" –  Lease Agreement dated 10/27/2023

**Introduction and Analysis**

This is a motion for immediate injunction against Defendant, R&J Group Holdings, LLC

("R&J") to withdraw its motion for writ of eviction filed on June 10th, 2025 and ban them from

petitioning for eviction until this Honorable Court decides the case and/or during appeal.

But for granting this motion by this Honorable Court, the Plaintiffs, Karl Staffeld and Azar

Sadeghi-Staffeld ("Staffelds"), will suffer immediate, severe, irreversible, and irreparable harm.

If this motion is not granted, Staffelds, their grandchildren and their several senior citizens and

disabled household members will immediately lose their place of residence. It is not against

public policy to grant this motion because R&J will not suffer any harm that cannot be

compensated; not even monetary damages because Plaintiffs are posting a $5,000 escrow bond

every month with the State Court (Exhibit "C").

The justification for the emergency motion is that R&J breached two contracts; exclusive lease

with option to buy (Exhibit "L"), and purchase agreement (Exhibit "M") by waiting out for their

expiration, refusing to renew the lease for another thirteen months against Section 3.1 of the first

contract and refusing to remove the lien in breach of the second contract which is "the obstacle"

for Plaintiffs, Staffelds, to repurchase the property, and refusing to sign a new purchase

agreement.

R& J intentionally, maliciously, and illegally uses legal tactics and attorneys at their disposition

to contemplate their illegal actions (Exhibit "A"). Their petition for writ of eviction is making

this case subject to expedited review.

Irreparable harm as a result of breach of contract has happened and will further result Plaintiffs,

Staffelds, to suffer immediate loss of residence. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226

(3d Cir.1987) (emphasis added) (citations omitted). See also National Business Services, Inc. v. Wright, <u>2 F. Supp. 2d 701</u>, 709 (E.D.Pa.1998)

This emergency motion addresses the emergency situation the Plaintiffs are facing and calls to halt the Defendant's illegal, retaliatory and reckless disregard to Rule 27-3 where injunctive relief is absolutely necessary and essential to prevent immediate and irreparable everlasting harms and irreversible damages to the Plaintiff and their family members; including several children, senior citizens and disabled individuals to protect them against serious harm and ending up in the street despite the fact that they are the legitimate owners of the property.

The motion for Temporary Restraining Order was filed previously but in light of Defendants R&J's most recent petition in Lower Court, it necessitates the Honorable Court's immediate attention (Exhibit "B"). There is no perceived threat, financial loss, nor harm to Defendant, but the Defendant is subjecting the Plaintiffs and their immediate family members to permanent harm, irreparable harm, in a legal context, refers to a type of injury or damage that cannot be adequately compensated for, with money, or that cannot be fixed or undone; it the case here. It is a crucial concept in cases where a party seeks immediate relief from the Courts to prevent lasting damages. Essentially, it is harm that is not easily remedied by monetary compensation or other actions. This means the harm must be serious and cannot be adequately compensated by monetary damages alone. While breach of contract claims are generally governed by state law, Federal Courts apply Federal law when determining whether to grant preliminary injunctions or TROs to breach of contract that the Plaintiff has acted in good faith; Staffelds and Defendants have nothing to lose; R&J.

<u>The purpose of an injunction is to prevent harm before it occurs</u>, and once harm has occurred, it may be too late to fully compensate the injured party. The purpose of injunctive relief is to

prevent future wrong or harm by one party to another and can be issued before or after a <u>final</u> <u>judgment</u>. Irreparable injury in the absence of such an order; That the threatened injury to the <u>moving party</u> outweighs the harm to the opposing party resulting from the <u>order</u>.

In considering the facts of this case and these factors, Courts apply a "sliding scale" approach where the more likely a movant will succeed on the merits, the less irreparable harm (to the <u>movant</u>) needs to be shown in granting the injunction. Here, R&J's  real estate investment company benefits are secured even though they are the breaching party (Exhibits "D", "E"). Staffelds are posting a $5,000 a month escrow bond for the benefit of R&J. R&J with false pretenses, now is the title owner of the property, R&J buy usurious acts obtained the title to a property which is worth twice as much as they spent. R&J mortgaged the Staffelds' second property, took most of the proceeds, and spent it on the cost of maintenance of the first property. Staffelds agreed to it but only for contemplation of the sale of the first property by R&J. Now, R&J refuses to sell and wants to evict Staffelds (Exhibits PA, LA, Transcript of Court, Mortgage).

<u>Rule 65</u> of the Federal Rules of Civil Procedure codifies the requirements for injunctive relief;

permanent loss of unique property and residency status and living arrangements are covered by Rule 65. The core difference lies in the inability to adequately compensate for the harm with money which is not the case here for R&J but it is for Staffelds. Synonyms for "irreparable harm" include "irreversible damage," "irremediable harm," "unrecoverable damage," and "beyond repair." Staffelds claim if this order is not issued their damages would be Irreparable, irreversible, Irremediable, uncoverable, and beyond repair. These terms all indicate a type of harm that cannot be fixed or reversed, cannot be measured or compensated with money or other actions that cannot be undone.

Causes of actual harm; actual harm refers to the real and demonstrable injury or damage that a person experiences as a result of another's wrongful act here being R&J. R&J attempted several actions to evict Staffelds; now that they filed a motion for issuance of writ of eviction  (Exhibits "J", "K"), calls for an immediate intervention by this Honorable Court and qualifies to receive injunctive relief according to Rule 65.

Here is a more detailed breakdown:

- Irreversible damage: This emphasizes the lasting nature of the harm, meaning it cannot be undone or changed. If R&J shows to Staffelds' door with Sheriff and puts the rightful owner in the street, their damages, and the extent of the harm will be irreversible.

- Irremediable harm: This highlights the fact that the harm cannot be cured or made better. If Staffelds lose their residence, they will suffer irremediable harm because the breaching party and the predatory lender will win. Thinking that the wrongdoer will have satisfaction and the means to harm Staffelds' grandchildren, senior parent, and disabled occupants of their household ONLY IF this court does not issue this injunctive relief, shocks anyone's conscience.

- Unrecoverable damage: This focuses on the inability to regain what was lost or damaged. If Staffelds lose their residence, not only they cannot immediately find a suitable house for their residents, the extent of their dilemma and suffering will be unrecoverable damages by the definition of law.

- Beyond repair: This is a more general term that suggests the damage is so extensive it cannot be fixed. The nexus of facts in wrongful foreclosure and being subjected to a criminal enterprises' actions of acquiring Staffelds' two properties, under false pretenses,

4

with intention to defraud them by R&J, cannot be fixed UNLESS this injunctive relief is granted. Therefore, for Staffelds, the future grant of money or even success in case will be inadequate and immaterial.

The Plaintiffs pray before this Honorable Court to receive hearing and submission priority due to immensity of the circumstances of this case. Staffelds are asking this Honorable Court and the government to intervene by stopping the Defendant to further impede on Plaintiffs' constitutional rights of ownership to both properties, being heard before the Court and filing for more eviction actions because they are the party with "unclean hands" and the first breaching party, and not the Plaintiffs.

Plaintiffs request immediate relief during the course of this proceeding; with anticipation of success in the merits of the case pending before this Honorable Court. The Federal District Court has jurisdiction over issuing the relief because the facts of the case has same nexus with Defendant in diversity of citizenship and nucleus parallel of facts and matter in dispute; ownership of the property; making the Court's jurisdiction supplemental with regard to R&J.

The balance of hardship and liability in litigation is still to Defendant's favor even by granting the motion and relief. If the motion is not granted and relief is not issued, Plaintiffs will never get the opportunity to be heard in violation of their constitutional rights and due process protection.

Granting the motion and relief serves public interest and insert sanctions to the first breaching party. Prayer of the relief is requesting the Court to grant the motion because it is irreparable harm to lose the primary residence for the family. Staffelds are facing a legal emergency and bringing the issue before this Honorable Court because they proved and showed the harm is certain, great, actual, and not theoretical.

• <u>Balancing of Equities:</u>  Even if irreparable harm is shown, Courts will also consider the balance of equities, weighing the potential harm to the party seeking the injunction against the potential harm to the other party if the injunction is granted. The Staffelds are pleading and asserting their rights to be able to live in their primary residence. R&J is pleading for 64% profit margin in one year (Exhibit "F"). By granting this injunctive relief, R&J neither will go out of business, would not lose their principle place of business, the officers of R&J would not lose their primary place of business, nor they would lose the title to the property, lien on the second property, and they are receiving $5,000 a month deposited in escrow bond. If the injunctive relief is not granted to Staffelds the consequences will be irreversible and devastating to them and their household members. And no matter what kind of success they attain in this court and the other courts R&J is litigating against them, The damages to Staffelds will be irreversible if evicted, Therefore, injunctive relief should be awarded.

Irreparable harm is a critical component of any emergency motion. The movant must show that the harm cannot be remedied by monetary damages or a later Court order. To seek a permanent injunction, the Plaintiff must pass the four-step test: (1) that the Plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that the remedy in equity is warranted upon consideration of the balancing of equities. (4) Injunctive relief is sought when a breach of contract threatens to cause irreparable harm that cannot be adequately compensated by monetary damages. Injunctive relief can help safeguard the interests of the non-breaching party and prevent additional harm; here Staffelds.

**Discussion**

Contractual stipulations are generally interpreted by Courts in the strictest sense and Courts endeavor to permit them their literal meaning. This is the conventional manner in which Courts interpret contractual stipulations whereby they adhere to the letter of the document and glean the intention of the parties from the four corners of the contract itself  (Exhibits "L", "M"). Generally, construction of the contract's meaning begins with its specific language. The words used in the contract are afforded the plain meaning that a reasonable person would give to them. Here, R&J signed a lease agreement and promised to sell the property after one year to Staffelds (Section 3.1 of lease agreement). R&J also signed a second contract that promised to sell the property to Staffelds but could not produce a clear title to the property when Staffelds were ready to proceed with the sale; therefore, they could not get mortgage on a property that has a lien (Exhibits "F", "G", "H", "I").

The intention of the parties is to be determined from the language of the agreement and the words should be given their common and generally accepted meaning. Turner v Shirk 49 Ill. App. 3d 764, 364 N.E.2d 622 (1977); Bonde v Weber  6 Ill. 2d 365, 128 N.E.2d 883 (1955).

In Smith Sons Lumber Co. v Steiner, Crum & Weil, 204 Ala. 306, 309 (1920), the Court held:

The contract is to be construed as a whole, and we are to gather the intention of the parties from the four corners of the instrument, giving to the language used its natural and ordinary meaning.

Under the instant facts, the contract stipulates that when there is a breach it "will" result in irreparable harm and will warrant injunctive relief. Applying the principle with respect to interpretation as articulated in Smith, supra, it is apparent from the ordinary meaning that it was

7

the intention of the parties to specifically agree that any breach necessarily results in irreparable harm and warrants injunctive relief.

Having established that the contract provision is clear on its face and would likely be afforded its plain meaning, the next and crucial analysis is whether Courts would honor a stipulation like the one at hand without regard to the specific facts surrounding a breach of the contract.

Courts apply a series of standards while deciding whether an injunction should be granted to the movant, and the "irreparable harm" is one of the essential elements to a Court's decision regarding such a remedy.

In Wieck v Sterenbuch, 350 A.2d 384, 387 D.C.App (1976), the Court articulated the standard for issuing injunctive relief, stating: A preliminary injunction is an extraordinary remedy, and the Trial Court's power to issue it should be exercised only after careful deliberation has persuaded it of the necessity for the relief. A proper exercise of discretion requires the Trial Court to consider whether the moving party has clearly demonstrated: (1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the Defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order; Staffelds proved all four elements.

See also, District 50, United Mine Workers of America v International Union, United Mine Workers of America, 134 U.S.App.D.C. 34, 412 F.2d 165 (1969); Canal Authority v Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

In the case of House of Sight & Sound, Inc., v Faulkner, 912 P.2d 357, 361 OK Civ. App. (1995), irreparable harm was defined as: Injury is irreparable when it is incapable of being fully compensated by money damages, or where the measure of damages is so speculative that arriving at an amount of damages would be difficult or impossible.

The Delaware Chancery Court has defined irreparable harm as that type of harm that exists where injury cannot be adequately compensated by damages and: Essentially, the injury claimed "must be of such a nature that no fair and reasonable redress may be had in a court of law and that to refuse the injunction would be a denial of justice." Similar to this case. Nutzz.com v. Vertrue Inc., 2005 Del. Ch. LEXIS 101 at 37.

In Vitalink Pharmacy Services Inc., 1997 Del. Ch. LEXIS 116, the parties had entered into a non-competition agreement, which stipulated that a violation could cause substantial and irreparable harm. The Court held that since there was a clear stipulation that a breach would suffice to establish substantial and irreparable harm, that "[t]hat alone suffices to establish the element of irreparable harm." Id. at 32. The facts of this case warrants that the Defendant has taken all possible actions; 1. To evict the Plaintiffs despite being the breaching party. 2. This Court has jurisdiction. 3. Consequently, if the injunctive relief is not granted immediately the Plaintiffs who always acted in good faith will suffer immediate harm.

In Kan. City S. v Grupo TMM. S.A. de C.V., 2003 Del. Ch. LEXIS 116, the parties had entered into an acquisition agreement, which the seller ultimately refused to perform due to its rejection by the seller's shareholders. The agreement between the parties specified various conditions that had to be fulfilled before the buyer's performance became due. The contract between the parties stipulated that "irreparable damage would occur in the event that any of the provisions of the Agreement were not performed in accordance with their specific terms or were otherwise

9

breached." The Plaintiff argued that this stipulation by the parties was sufficient to establish the irreparable harm element of the preliminary injunction standard.

Considering the question of irreparable harm, the Court found: The parties agreed "that irreparable damage would occur in the event that any of the provisions of the Agreement were not performed in accordance with their specific terms or were otherwise breached." KCS argues that this stipulation by the parties is sufficient to establish the irreparable harm element of the preliminary injunction standard. Several decisions of this Court support KCS's position. TMM argues that in the cases cited by   KCS the relevant contractual provisions were "accompanied by the actual presence of demonstrable harm of a sort that would have been deemed irreparable even in the absence of the contractual provision." The underlying facts of this case and contractual obligations of Defendant and immediacy of danger of losing Plaintiffs' primary residence despite several assurances to Defendant warrants the issuance of injunctive relief in this case. The facts plainly warrant a finding of irreparable harm, the Court is required to not ignore those facts, especially since the Defendant will not agree to any resolution by Courts nor by Plaintiffs and is unwilling to negotiate or even speak with Plaintiffs (Exhibits "J", "K").

The Court in True North Communications, Inc. v Publicis S.A. 711 A.2d 34 (Del. Ch., 1997), similarly held that a contractual stipulation between the parties that breach of a certain provision would constitute irreparable harm, would be enforceable and sufficient to find irreparable harm. Id. at 44. The Court discussed and affirmed the Court's earlier decision in Vitalink supra, explaining that that decision found a contractual stipulation sufficient to establish the elements of irreparable harm. Id. Interestingly, the Court did not stop its analysis at the contractual provision, but rather made separate factual findings that Plaintiff had established that irreparable harm would result without an injunction. Id. at 44-45. Here but for issuance of injunctive relief,

Staffelds will suffer immediate, permanent, irreversible, and irreparable harm by being evicted out of their home calls for immediate emergency action by this court.

In  SLC Beverages, Inc. v Burnup & Sims, Inc.,1987 Del. Ch. LEXIS 472, the dispute centered on more than a million shares of Defendant's subsidiary corporation, which Defendant had sold to Plaintiff. As a condition of that sale, Defendant was to register the shares with the Securities and Exchange Commission within a reasonable time. Defendant failed to do so, however, prompting Plaintiff's lawsuit; in granting the Plaintiff an injunction, the Court noted that Plaintiff had established the fact that it would suffer irreparable injury if the injunction were not granted and the fact it had a substantial probability of success on the merits. The injunction was therefore ordered. Defendant claimed that Plaintiff would not suffer any irreparable harm if a preliminary injunction were not granted. The Court held: Unfortunately for Defendant, this argument is precluded by the Agreement itself which provides that a breach of the Agreement would cause irreparable harm to the non-breaching party and gives the non-breaching party the right to specifically enforce the Agreement. While Defendant concedes that this is so, it argues that this language is not binding because it claims Plaintiff must establish imminent irreparable harm and not just irreparable harm. This argument is without merit. Having agreed that a breach by Defendant will constitute such irreparable harm as would justify Plaintiff seeking to specifically enforce the Agreement, Defendant cannot now assert that Plaintiff cannot seek to do so. Id. at 6 (Emphasis Added). Similarly, Staffelds are the non-breaching party and have a right to enforcement of both contracts, contractual language is binding, the harm of eviction will be immediate and irreparable, and enforcement of either contract will afford the Staffelds success in merits of both cases. Here, Staffelds can prove with preponderance of evidence that R&J breached their contractual obligations in two separate contracts that compels R&J to sell to

11

Staffelds, but they continuously and blatantly refuse and continue to refuse fulfilling their contractual promises and obligations to sell and to renew the lease.

**Conclusion**

In conclusion, The finding of irreparable harm is only one of three factors required to be demonstrated for Court to grant preliminary injunction, the other two being a reasonable probability of success on the merits at a final hearing and a balance of the equities that tips in favor of issuance of the requested relief. Nuttz.com, supra, at 20.

In Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co., 510 N.W.2d 153 at 158 (1993), where the Supreme Court of Iowa held generally that "[w]hen injunctive relief is part of the remedy that whether or not the parties stipulated in their agreement, the district Court should issue the injunction."  Citing Presto-X-Co., 442 N.W.2d at 89. Therefore, the case clearly warrants when breach causes immediate and irreparable harm, for the Courts to grant injunctive relief.

R&J is fighting for their "minor inconvenience" because:

1. They are receiving $5,000 a month as escrow bond.

2. They refuse to remove the lien so Plaintiffs can repurchase the property.

3. They refuse to sign a new contract or extend the existing contracts; a Purchase Agreement and Lease Agreement.

4. They refuse to honor the Lease Agreement Section 3.1 for 13 months extension.

5. They are pursuing in Federal Court, Circuit Court, Michigan Court of Appeals, and District Court for intimidation and eviction.

12

6. They are real estate investors and will not suffer irreparable harm because they have already received over $200,000 profit on their investment within a year.

7. It is against public policy to allow the wrongdoers and breaching parties to win and let the non-breaching party to be irreparable, irreversibly, irremediably, immediately, and beyond repair, harmed by the aggressor even in future success.

Therefore, Staffelds are praying before this Honorable Court to issue an immediate Injunctive Relief and Temporary Restraing Order against R&J to stop from pursuing eviction process until this Court or The Appeals Court decide on their ownership rights.

Respectfully submitted,

By /s/: _Karl Staffeld_
Karl Staffeld, Plaintiff, *Pro Se*

By /s/: _Azar Sadeghi-Staffeld_
Azar Sadeghi-Staffeld, Plaintiff, *Pro Se*

Dated: June15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2025, I served the foregoing *Emergency Motion for Expedited Consideration and Immediate Injunction,* via USPS first-class mail to the attorneys of record for the parties to this matter and upon:


David Sobel (P49662)
George Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48224
(888) 789-1715
dsoble@provenresource.com


Respectfully submitted,

By /s/: _Karl Staffeld_
Karl Staffeld
Plaintiff, *Pro Se*

Dated: June 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2025, I served the foregoing *Emergency Motion for Expedited Consideration and Immediate Injunction,* via USPS first-class mail to the attorneys of record for the parties to this matter and upon:

Mark D. Kundmueller, Esq. (P66306)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virgina 23462
 (757) 687-7564
mark.kundmueller@troutman.com

Respectfully submitted,

By /s/: _Karl Staffeld_
Karl Staffeld
Plaintiff, *Pro Se*

Dated: June 15, 2025

2