IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KARL STAFFELD and AZAR STAFFELD,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 4:24-cv-12811<br><br>Hon. Shalina D. Kumar<br>Hon. David R. Grand |

**DEFENDANT WELLS FARGO BANK N.A.'S
MOTION TO COMPEL DISCOVERY, TO DEEM THE REQUESTS
FOR ADMISSION TO PLAINTIFFS ADMITTED, AND FOR
AN AWARD OF EXPENSES**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys, Troutman Pepper Locke LLP, submits its Motion to Compel Discovery, to Deem the Requests for Admission to Plaintiffs Admitted, and for an Award of Expenses against Plaintiffs Karl Staffeld and Azar Staffeld (collectively "Plaintiffs"), pursuant to Fed. R. Civ. P. 26, 33, 34, 36 and 37. In support of this Motion, Wells Fargo respectfully refers the Court to its Brief in Support and exhibits filed herewith.

Pursuant to E.D. Mich. L.R. 7.1 and L.R. 37.1, Wells Fargo certifies that it has, in good faith conferred with Plaintiffs on Monday June 30, 2025 and on Monday July 14, 2025, in an effort to resolve this dispute without Court action. Concurrence was not forthcoming, thus necessitating the filing of this Motion.

WHEREFORE, Wells Fargo requests that the Court grant its Motion and enter an Order:

1. Compelling Plaintiffs to provide Wells Fargo with full and complete responses to Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Karl Staffeld and Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Azar Staffeld, signed under oath and without objections within seven (7) days of entry of the Order.

2. Deeming Wells Fargo's First Set of Requests for Admissions to Karl Staffeld with Exhibits A through E and Wells Fargo's First Set of Requests for Admission to Azar Staffeld with Exhibits A through E, admitted by Plaintiffs.

3. Awarding Wells Fargo its reasonable costs and attorney's fees necessitated by bringing this Motion, and any other relief the Court deems just and appropriate under the circumstances.

Dated:   July 14, 2025

Respectfully Submitted,
TROUTMAN PEPPER LOCKE LLP

By:/s/*Miranda M. Boulahanis*
Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, Michigan 48075
(248) 469-4749
miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutman.com
*Counsel for Defendant Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KARL STAFFELD and AZAR STAFFELD,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 4:24-cv-12811<br><br> Hon. Shalina D. Kumar<br> Hon. David R. Grand |

**<u>BRIEF IN SUPPORT OF DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO COMPEL DISCOVERY, TO DEEM THE REQUESTS FOR ADMISSION TO PLAINTIFFS ADMITTED, AND FOR AN AWARD OF EXPENSES</u>**

## STATEMENT OF ISSUES PRESENTED

1. Whether Wells Fargo Bank, N.A. ("Wells Fargo") is entitled to an order compelling discovery responses from Plaintiffs?

    Wells Fargo Answers:    Yes.

    Plaintiffs Answer:    No.

    The Court Should Answer:    Yes.

2. Whether Wells Fargo's Requests for Admissions to Plaintiffs should be deemed admitted by Plaintiffs, where Plaintiffs were specifically warned of their failure to answer in a timely manner?

    Wells Fargo Answers:    Yes.

    Plaintiffs Answer:    No.

    The Court Should Answer:    Yes.

3. Whether Wells Fargo is entitled to its costs and attorney's fees necessitated in filing this Motion pursuant to Fed. R. Civ. P. 37(a)?

    Wells Fargo Answers:    Yes.

    Plaintiffs Answer:    No.

    The Court Should Answer:    Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- Fed. R. Civ. P. 26
- Fed. R. Civ. P. 33
- Fed. R. Civ. P. 34
- Fed. R. Civ. P. 36
- Fed. R. Civ. P. 37

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................1

STATEMENT OF FACTS .................................................................................1

STANDARD OF REVIEW ................................................................................3

    A.    The Court Should Order Plaintiffs to Respond to Wells Fargo's Discovery Requests. ...............................................................................3

    B.    The Court Should Deem Wells Fargo's Requests for Admission to Plaintiffs Admitted. ..................................................................................5

    C.    Wells Fargo is Entitled to Its Costs and Fees Necessitated by this Motion. ..................................................................................................6

CONCLUSION....................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*Badalamenti v. Dunham's Inc.*,
   118 F.3d 437 (E.D. Mich. 1985)..........................................................................4

*In re Bankers Trust Co.*,
   61 F.3d 465 (6th Cir. 1995) ................................................................................4

*Bell v. Kontech*,
   253 F.R.D. 413 (N.D. Ohio 2008) ......................................................................5

*Compton v. Laing*,
   No. 1:21-cv-00104, 2022 WL 2252597 (W.D. Ky. June 21, 2022).................5, 6

*In re Ford Motor Co. Spark Plug & 3-Valve Engine Prods. Liab. Litig.*, 98 F.Supp.3d 919 (N.D. Ohio 2014)............................................................3

*Gilliam v. Ordiway*,
   No. 15-cv-11833, 2016 WL 6803135 (E.D. Mich. Oct. 16, 2016) .................5, 6

*Lewis v. ACB Bus. Servs. Inc.*,
   135 F.3d 389 (6th Cir. 1998) ...............................................................................3

## Other Authorities

Fed. R. Civ. P. 26, 33, 34, 36 and 37 ......................................................1, 3, 4, 5, 6

Fed. R. Evid. 401 ..........................................................................................................3

L.R. 7.1......................................................................................................................1

L.R. 37.1....................................................................................................................1

## INTRODUCTION

The facts of this Motion are very simple. In March of 2025, Wells Fargo Bank, N.A. ("Wells Fargo") served Plaintiffs Karl Staffeld and Azar Staffeld (collectively "Plaintiffs") with various discovery requests, but despite several extensions, Plaintiffs have failed to respond to any of them.

## STATEMENT OF FACTS

On March 17, 2025 Wells Fargo served Plaintiffs the following discovery requests: (1) Wells Fargo's First Set of Requests for Admission to Karl Staffeld with Exhibits A through E; (2) Wells Fargo's First Set of Requests for Admission to Azar Staffeld with Exhibits A through E (collectively the "RFAs"); (3) Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Karl Staffeld; and (4) Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Azar Staffeld (collectively the "Discovery Requests").[1]

Plaintiffs' responses to Wells Fargo's Discovery Requests were due thirty (30) days thereafter on April 16, 2025. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). Plaintiffs failed to respond to any of Wells Fargo's Discovery Requests; therefore, on April 28, 2025, Wells Fargo sent Plaintiffs a discovery deficiency letter (the "Initial Deficiency Letter").[2] *See* **Exhibit B**, Initial Deficiency Letter. The Initial

---

[1] The Discovery Request are attached hereto as **Exhibit A**.
[2] Wells Fargo notes that while Plaintiffs filed several documents to the Court's docket (*see e.g.* ECF Nos. 26-29) and sent Wells Fargo documents via mail on April

1

Deficiency Letter requested that Plaintiffs "provide full and complete responses to Wells Fargo's discovery requests . . . by May 12, 2025[,]" and cautioned Plaintiffs that if they were "unable to provide Wells Fargo with complete responses to its discovery requests, [it] may file a motion to compel to ensure compliance." *Id*. at p. 2.

May 12, 2025, passed without any attempt by Plaintiffs to address Wells Fargo's Discovery Requests. In any event, in a continued effort to resolve the discovery issues without Court intervention, Wells Fargo sent Plaintiffs a second deficiency letter (the "Second Deficiency Letter"). *See* **Exhibit C**, Second Deficiency Letter. The Second Deficiency Letter gave Plaintiffs another extension until June 18, 2025. Critically, it also outlined the consequences for Plaintiffs' failure to respond to the Discovery Requests. Specifically, it warned Plaintiffs that pursuant to Fed. R. Civ. P. 36(a)(3) "your repeated failure to respond will result in the RFAs being admitted and used as admissions in a corresponding motion for summary judgment." *Id*. at p. 2. To date, despite these warnings about the repercussions of their noncompliance, Plaintiffs have yet to make any effort to respond to Wells Fargo's Discovery Requests.

---

16, 2025, these document submissions do not relieve Plaintiffs of their obligation to provide written responses to Wells Fargo's Discovery Requests under the Federal Rules of Civil Procedure.

2

Therefore, as discussed more fully below, Wells Fargo seeks an order from the Court compelling Plaintiffs to respond to the Discovery Requests; finding that the RFAs are deemed admitted by Plaintiffs; and awarding Wells Fargo its costs and attorney's fees necessitated by having to bring this Motion.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Showing relevance is an "extremely low bar." *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prods. Liab. Litig.*, 98 F.Supp.3d 919, 925 (N.D. Ohio 2014) (noting that Fed. R. Evid. 401 deems evidence relevant if it has "any tendency to make a fact more or less probable"). Where, as here, a party's discovery has been denied, Fed. R. Civ. P. 37(a) allows a party seeking discovery to move the Court for an order compelling disclosure or discovery where another party "fails to answer an interrogatory under Rule 33" or "fails to produce documents . . . as requested under Rule 34."

**A.     The Court Should Order Plaintiffs to Respond to Wells Fargo's Discovery Requests.**

The information and documents requested in Wells Fargo's Discovery Requests are essential to the ongoing case and must be provided by Plaintiffs. Under

3

Rule 33 "each interrogatory must, to the extent not objected to, be answered separately and fully under oath." Fed. R. Civ. P. 33(b)(3). Further, "[t]he person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(5). Rule 34 requires Plaintiffs to produce responsive documents that are in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). As confirmed by the Sixth Circuit, "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if a party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis omitted). "A party's failure to disclose or produce material sought in a proper discovery request without seeking a protective order violates the Federal Rules of Civil Procedure." *Badalamenti v. Dunham's Inc.*, 118 F.3d 437, 439 (E.D. Mich. 1985).

Here, Plaintiffs have no justifiable reason, *e.g.*, a protective order, for their repeated failure to respond to Wells Fargo's Discovery Requests. Wells Fargo has made multiple attempts to obtain discovery without the Court's involvement. *See* **Exhibit B**, Initial Deficiency Letter; **Exhibit C**, Second Deficiency Letter. Moreover, given Plaintiffs' pro se status, Wells Fargo specifically outlined the consequences for their failure to respond thereto. *Id*. Wells Fargo is entitled to an order compelling Plaintiffs to respond to its Discovery Requests and to recover costs, in accordance with Fed. R. Civ. P. 37(a), as detailed further below.

**B.     The Court Should Deem Wells Fargo's Requests for Admission to Plaintiffs Admitted.**

The Court should deem Wells Fargo's Requests for Admission to Plaintiffs admitted because Plaintiffs failed to timely respond, despite being warned of the consequences for failure to do so. Fed. R. Civ. P. 36(a)(3) specifies that a party responding to a request for admission must do so within 30 days. A matter is deemed admitted under the Rule unless "within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). In other words, a party's failure to respond within 30 days "means that the request[s] for admission are deemed admitted by default." *Bell v. Kontech*, 253 F.R.D. 413, 415 (N.D. Ohio 2008).

However, when a plaintiff is proceeding pro se courts will generally decline to deem requests for admission admitted by default, *unless* a plaintiff was warned of the consequences of failing to respond. *Cf. Compton v. Laing*, No. 1:21-cv-00104, 2022 WL 2252597, at *2 (W.D. Ky. June 21, 2022) (quoting *Jones-Bey v. Conrad*, No. 3:16-cv-723, 2020 WL 2736436, at *4 (W.D. Ky. May 26, 2020) ("[A]dmissions from a pro se litigant that are deemed admitted by default 'cannot be the sole basis for granting summary judgment if [p]laintiff was not warned in the requests for admissions of the consequence of failing to timely respond.'"); *see also Gilliam v. Ordiway*, No. 15-cv-11833, 2016 WL 6803135, at *1 (E.D. Mich. Oct.

5

16, 2016) (denying motion for summary judgment as premature because it was based solely upon the deemed admission of certain facts by default under Fed. R. Civ. P. 36(a)(3)).

Plaintiffs did not respond to Wells Fargo's RFAs within 30 days as required under Fed. R. Civ. P. 36(a)(3). Subsequently, Wells Fargo provided Plaintiffs with *two* opportunities to respond to the RFAs and explicitly warned them of the consequences of non-compliance, as outlined in *Compton* and *Gilliam*. "[Y]our repeated failure to respond will result in the RFAs being admitted and used as admissions in a corresponding motion for summary judgment." **Exhibit C** at p. 2. As a result, Plaintiffs should not be granted any further extensions, and Wells Fargo's RFAs should be deemed admitted.

C.  **Wells Fargo is Entitled to Its Costs and Fees Necessitated by this Motion.**

Wells Fargo is entitled to recover its costs and fees associated with this Motion, as the explicit language of Fed. R. Civ. P. 37(a) mandates that a court award costs and fees incurred in filing a motion to compel if the motion is granted or if the requested discovery is provided after the motion is filed. Fed. R. Civ. P. 37(a)(5)(A).

For the reasons stated above, the Court should grant this Motion and compel Plaintiffs' responses to Wells Fargo's Discovery Requests. Wells Fargo respectfully requests that the Court include an award of the attorney's fees incurred in making

6

this Motion as part of the Order and will substantiate the amount of its reasonable expenses at any hearing before the Court.

## **CONCLUSION**

Plaintiffs have not provided any good faith reason for their failure to comply with discovery. WHEREFORE, for the reasons stated above, Wells Fargo requests that the Court grant its Motion and enter an Order:

1. Compelling Plaintiffs to provide Wells Fargo with full and complete responses to Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Karl Staffeld and Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Azar Staffeld, signed under oath and without objections within seven (7) days of entry of the Order.

2. Deeming Wells Fargo's First Set of Requests for Admission to Karl Staffeld with Exhibits A through E and Wells Fargo's First Set of Requests for Admission to Azar Staffeld with Exhibits A through E, admitted by Plaintiffs.

3. Awarding Wells Fargo its reasonable costs and attorney's fees necessitated by bringing this Motion, and any other relief the Court deems just and appropriate under the circumstances.

Dated:   July 14, 2025

Respectfully Submitted,
TROUTMAN PEPPER LOCKE LLP

By:/s/*Miranda M. Boulahanis*
Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, Michigan 48075
(248) 469-4749
miranda.boulahanis@troutman.com

7

        Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutman.com

Counsel for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I caused a copy of the foregoing Defendant Wells Fargo Bank N.A.'s Motion to Compel Discovery, to Deem the Requests for Admission to Plaintiffs Admitted, and for an Award of Expenses, to be electronically filed with the United States District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. I further certify that a copy will be sent via Federal Express to the following address:

    Mr. and Ms. Karl and Azar Staffeld
    341 Payeur Road
    Ann Arbor, Michigan 48108
    Plaintiffs, Pro Se

I further certify that a courtesy copy will be sent via Federal Express to Magistrate David R. Grand, 200 E. Liberty Street, Suite 400, Ann Arbor, MI 48104.

        /s/*Miranda M. Boulahanis* (P86222)
        Miranda M. Boulahanis