# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**KARL STAFFELD and AZAR STAFFELD,**

**Plaintiffs,**

**v.**

**WELLS FARGO BANK, N.A.,**

**Defendant.**

**Case No. 4:24-cv-12811-SDK-DRG**

**Hon. Shalina D. Kumar**
**Hon. David R. Grand**

## DEFENDANT WELLS FARGO BANK, N.A.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF KARL STAFFELD

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, propounds the following Interrogatories and Requests for Production of Documents on Plaintiff Karl Staffeld ("Plaintiff"). Plaintiff is requested to respond to each of the discovery requests set forth below within thirty (30) days of the date of service and thereafter supplement such answers and responses as and when required by all applicable rules.

## Definitions and Instructions

1.     The term "document" or "documents" shall be given the fullest interpretation allowable under the Federal Rules of Civil Procedure. Without limiting the foregoing, "document(s)" means any form of data compilation, including written, electronic, printed, typed, drawn, taped, filmed, recorded, or graphic matter, that you possess, control, or have custody of, or have the right to

obtain upon request or demand.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made.  If copies of a document are not identical for any reason, including handwritten notations, initials or identification marks, each non-identical copy is a separate document within the meaning of this definition.

2.      "Communicate" or "Communication" means every manner or means of disclosure, transfer, or exchange, including, without limitation, the dissemination of Documents, and every disclosure, transfer, or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, personal delivery or otherwise.  The references to, or requests for, communications in these discovery requests refers to all communications of which you are aware and/or communications that you possess, control, or of which you have custody.

3.      "Wells Fargo" shall refer to Defendant Wells Fargo Bank, N.A. and its representatives and agents.

4.      "Plaintiff," "you," and "your" shall refer to Karl Staffeld and his representatives and agents.

5.      If you object to any of these discovery requests, please state the reasons for your objections and specify the part of the request to which you object.  Similarly, if you do not object to a particular discovery request but are unable to respond fully to

that discovery request, then you shall respond to the fullest extent possible and provide an explanation for your lack of a full response.

6.      When identifying natural or non-natural persons in your answers or responses, state their full name (and any aliases and trade or fictitious names) and their current or last known business address and telephone number, or, alternatively, in the case of natural persons, their residential address and telephone number if their business address and telephone number are unknown.

7.      The word "person" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business, or governmental entity.

8.      The phrasing of these discovery requests shall be construed as to make your response inclusive rather than exclusive. Thus, the word "include" or "including" is intended to be comprehensive and means "including, but not limited to." Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form; the words "and" and "or" shall be interpreted as both conjunctive and disjunctive; the word "any" shall mean "any and all;" and the word "each" shall mean "each and every."

9.      "Identify" or "identity" with respect to oral, written, telephonic or electronic communications shall mean:

    a.  The communications medium, *e.g.*, written, oral, telephonic or electronic;

b.  The date (or close approximation) of each such communication;

c.  The identity of all persons who were present at each communication;

d.  The substance and nature of each such communication.

10.    Electronically Stored Information (ESI) shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in searchable PDF.  The original native files shall be preserved.

11.    With respect to the production of documents, as to each responsive document withheld from production on any ground, expressly state the basis for the withholding and describe the nature of the document, communication, or tangible thing withheld in a manner that will enable Defendant to assess the basis for the withholding.

12.    The "Complaint" shall refer to the First Amended Complaint filed by Plaintiffs in this matter on or about February 28, 2025, in the United States District Court for the Eastern District of Michigan and any amendment thereto.

13.    The "Answer" shall refer to the Answer to the Complaint filed by Wells Fargo on or about March 14, 2025, and any Amendments thereto.

14.    The "Property" shall refer to the real property located at 341 Corrie Road, Ann Arbor, MI 48105.

15.     The "Mortgage" shall refer to the certified copy of the mortgage document prepared by Marketplace Home Mortgage, L.L.C., and recorded by American Title Co. of Washtenaw for 341 Corrie Road Ann Arbor, MI 48105.

16.     The "Note" shall refer to the promissory note dated December 15, 2017, for Loan Number 570170991033, in which the Borrower Dorothea Vermillion Staffeld, promises to pay Marketplace Home Mortgage, L.L.C. the principal amount of $424,100.00 plus interest at a yearly rate of 4.250%.

17.     "Residence" shall refer to where You live at or have a home where you typically reside and consider a primary place of living.

18.     The relevant time period shall begin on November 1, 2018.

## Interrogatories

**Interrogatory 1:**  Identify all persons with knowledge of any facts relating in any way to the allegations, averments, damages, denials, relief claimed, affirmative defenses, and defenses concerning the Complaint, Wells Fargo's Answer, or any other issue in this matter, and for each such person identified, set forth his or her name, address, and current telephone number, as well as a detailed description of each person's knowledge relating to this action.

**Response:**

**Interrogatory 2:**   Identify each and every communication or interaction that you had with Wells Fargo concerning the Property at any time since November 1, 2018.  In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**


**Interrogatory 3:**   Identify each and every communication in which you informed Wells Fargo of the death of Dorothea Vermillion Staffeld. In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**


**Interrogatory 4:**   Identify each and every communication or interaction that you had with Wells Fargo in connection with the loan modification application identified in Paragraphs 15-17 and 24 of the Complaint.  In your response, please include the date and time when the communication or interaction occurred, the

identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**

**Interrogatory 5:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 10 of the Complaint that Dorothea Vermillion Staffeld "secured mortgage insurance through the Wells Fargo Mortgage Company which provided that if the purchaser should pass away within one year, the then-owed principal and interest loan balance would be satisfied by the mortgage insurance."

**Response:**

**Interrogatory 6:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 11 of the Complaint asserting that, "prior to passing away [Dorothea Vermillion Staffeld] transferred ownership of the Subject Property by Quit Claim Deed to Karl and Azar Staffeld."

**Response:**

**Interrogatory 7:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 11 of the Complaint asserting that, "Plaintiffs are the title owners of the Subject Property and are entitled to the full payment of the mortgage amount according to mortgage insurance guidelines."

**<u>Response</u>:**


**Interrogatory 8:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 14 of the Complaint asserting that, "Plaintiffs reached out directly to Wells Fargo Bank and were assured by several representatives that they could make installment payments upon their return to work to become current on the mortgage loan balance and seek a loan modification as well."  In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**<u>Response</u>:**

**Interrogatory 9:**  Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 15 that, "[p]laintiffs were specifically advised by Wells Fargo Bank representatives to be identified during discovery that the Subject Property would not be foreclosed upon while Plaintiffs brought the loan account current and sought to be approved for a loan modification."  In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**


**Interrogatory 10:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 16 of the Complaint that Wells Fargo initiated foreclosure proceedings without proper notice to Plaintiffs.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 11:** Identify with particularity and detail all facts, documents, and communications surrounding the loan You took out with R & J Holdings, LLC as identified in Paragraphs 28-45 in the Complaint.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**


**Interrogatory 12:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegation that Wells Fargo has breached a contract with You as alleged in Paragraphs 61-72 of the Complaint. Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**


**Interrogatory 13:**  Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo made "fraudulent misrepresentations" as alleged in Paragraphs 79-93 of the Complaint. In your response, please include the specific statements alleged to have been made by Wells Fargo, the date and time when the alleged representations were made, the identity of the person(s) who made the representations, whether the representation

was in person or occurred via some other method of communication.   Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 14:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), as alleged in Paragraphs 73-78 of the Complaint.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 15:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo was unjustly enriched as alleged in Paragraphs 94-100 of the Complaint, including the amount by which you assert Wells Fargo was enriched and the dates on which you allege this occurred.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 16:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo is liable for negligent infliction of emotional distress as alleged in Paragraphs 101-104 of the Complaint. Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 17:** Provide a detailed description of the actual damages that you have incurred as a result of any action or inaction on the part of Wells Fargo, including when the damages were incurred, the dollar amount of any monetary damages, the nature and extent of any emotional or other non-economic damages, and any actions you have taken to mitigate your damages.

**Response:**

**Interrogatory 18:** Do you assert a claim for damages related to mental distress or emotional anguish as a result of any act or omission on the part of Wells Fargo? If so, describe: (a) the nature, extent, and duration of the alleged mental

distress or emotional anguish; (b) any physical symptoms or injuries that allegedly resulted from the mental distress or emotional anguish; and (c) any treatments you received or consultations you had with any medical care provider psychologist, psychiatrist, counselor, therapist, or similar mental health professional as a result of the alleged mental distress or emotional anguish.

**Response:**


**Interrogatory 19:** Please list the address of Your current Residence.

**Response:**


**Interrogatory 20:** Please list any other addresses where You have resided in the past five years, including the dates of residence at each address.

**Response:**


**Interrogatory 21:** Please identify all previous lawsuits with which you have been involved, and all current lawsuits with which you are currently involved, either as a named party, class member, or witness.  In your response, please provide the date that the lawsuit was filed, the subject matter of the lawsuit, the jurisdiction in which the lawsuit was pending / is pending, how you became involved in the lawsuit and the outcome of the lawsuit if it has been resolved.

**Response:**

**Interrogatory 22:** If you have ever been charged with, convicted of, or pled guilty to, a crime, state the date of each charge, conviction or plea, the court in which such was rendered, the case number, if any, and the exact nature of such crime.

**Response:**

**Interrogatory 23:** Identify all witnesses from whom you expect to elicit any lay or expert opinion testimony at a hearing or trial of this matter. For each witness identified, state the subject matter on which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, a summary of the grounds for such opinion, and, for each expert witness, the educational background and work experience that qualified that person to testify as an expert witness.

**Response:**

**Interrogatory 24:** Identify all persons who provided the information used and all documents, communications, and tangible items reviewed, discussed, or referenced in preparing your responses for these Interrogatories.

**Response:**

**Interrogatory 25:** If any of your responses to any of Wells Fargo Bank, N.A.'s First Requests for Admissions to Plaintiff Azar Staffeld concurrently served with these interrogatories is other than an unqualified admission, please state all facts on which you based that response.

**<u>Response:</u>**

## Requests For Production

**Request 1.** Produce all documents concerning or related to the communications with Wells Fargo concerning the Property identified in response to Interrogatory No. 2 above.

**Response:**


**Request 2.** Produce all documents concerning or related to the communications with Wells Fargo concerning the death of Dorothea Vermillion Staffeld as identified in response to Interrogatory No. 3 above.

**Response:**


**Request 3.** Produce all documents concerning or related to the communications with Wells Fargo concerning your loan modification application identified in response to Interrogatory No. 4 above.

**Response:**


**Request 4.** Produce all documents and communications supporting or relating to the allegations in Paragraph 11 of the Complaint asserting that, "prior to passing away [Dorothea Vermillion Staffeld] transferred ownership of the Subject Property by Quit Claim Deed to Karl and Azar Staffeld."

**Response:**

**Request 5.**  Produce    all    documents    supporting    or    relating    to    the communications  with  Wells  Fargo  identified  in  Paragraphs  14  and  15  of  the Complaint.

**Response:**

**Request 6.**   Please produce all documents and communications supporting or relating to the allegations in the Complaint the loan You allegedly obtained from R & J Holdings.

**Response:**

**Request 7.**  Produce  all  documents  and  communications  supporting  or relating to the allegations in the Complaint that Wells Fargo breached a contract with You.

**Response:**

**Request 8.**  Produce  all  documents  and  communications  supporting  or relating to the allegations in Paragraphs 79-93 of the Complaint asserting that Wells Fargo made fraudulent misrepresentations.

**Response:**


**Request 9.**  Produce all documents and communications supporting or relating to the allegations in the Complaint asserting that Wells Fargo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

**Response:**


**Request 10.** Produce all documents and communications supporting or relating to the allegations in Paragraphs 94-100 of the Complaint asserting that Wells Fargo was unjustly enriched.

**Response:**


**Request 11.** Produce all documents and communications supporting or relating to the allegations in Paragraphs 101-104 of the Complaint asserting that Wells Fargo negligently caused you to suffer emotional distress.

**Response:**


**Request 12.** Please produce all documents and communications you have reviewed, referred to, or relied upon, in responding to Wells Fargo's First Set of Interrogatories to Karl Staffeld.

**Response:**


**Request 13.** Please produce all documents or communications you reviewed, referred to, or relied upon, in drafting your Complaint.

**Response:**


**Request 14.** Please produce all non-privileged documents and communications between you and any third party related to the allegations made in the Complaint.

**Response:**


**Request 15.** For the period of November 1, 2018 through the present, please produce all non-privileged documents and communications between you and any third party that are related to the Property.

**Response:**


**Request 16.** Please produce all documents and communications that evidence, refer, support, or relate to your claim for damages, including documents related to: (a) the nature, extent, and duration of each alleged harm; (b) the amount of any alleged charges, expenses, or financial losses; (c) the nature and extent of any

alleged emotional distress, including records of treatment received from any physician, psychologist, counselor, or mental health professional.

**Response:**

**Request 17.** Please produce all statements from any person, including potential witnesses relating to the allegations in this lawsuit that you have received from any source, whether the statement is written, audio-recorded, or video-recorded.

**Response:**

**Request 18.** Please produce all documents, communications, or other postings you have made to any social media or internet site pertaining to the allegations in your Complaint.  This request includes, but is not limited to, postings you have made to Facebook, Twitter, LinkedIn, Google Plus+, TikTok, and Instagram.

**Response:**

**Request 19.** Please produce all documents and communications constituting or relating to any exhibits that Plaintiff plans to use in this action, as attachments to any motion or memoranda, or to be introduced at a trial of this matter.

**Response:**


**Request 20.** Please produce all documents and communications forwarded by you or on your behalf to any expert witness which you have obtained to testify at trial.

**Response:**


**Request 21.** Please produce any court filings, police reports, indictments, charging statements, or plea agreements relating to any charge, conviction, or plea referred to in your response to Interrogatory No. 15 above.

**Response:**


Dated:        March 17, 2025                 Respectfully submitted,

                                              By:   _/s/ Mark D. Kundmueller_____
                                              Mark D. Kundmueller, Esq. (P66306)
                                              TROUTMAN PEPPER LOCKE LLP
                                              222 Central Park Avenue, Suite 2000
                                              Virginia Beach, Virginia 23462
                                              Phone: (757) 687-7564
                                              Facsimile: (757) 687-1524
                                              mark.kundmueller@troutman.com

                                              *Counsel for Defendant Wells Fargo*
                                              *Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2025, I served the foregoing *First Set of Interrogatories and Requests for Production of Documents to Plaintiff Azar Staffeld*, via Federal Express to the following:

> Karl Staffeld
> Azar Staffeld
> Plaintiffs, *Pro Se*
> 341 Corrie Road
> Ann Arbor, MI 48105

> */s/ Mark D. Kundmueller*
> Mark D. Kundmueller, Esq.

23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**KARL STAFFELD and AZAR STAFFELD,**

     **Plaintiffs,**

**v.**

**WELLS FARGO BANK, N.A.,**

     **Defendant.**

**Case No. 4:24-cv-12811-SDK-DRG**

  **Hon. Shalina D. Kumar**
  **Hon. David R. Grand**

## DEFENDANT WELLS FARGO BANK, N.A.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF AZAR STAFFELD

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, propounds the following Interrogatories and Requests for Production of Documents on Plaintiff Azar Staffeld ("Plaintiff"). Plaintiff is requested to respond to each of the discovery requests set forth below within thirty (30) days of the date of service and thereafter supplement such answers and responses as and when required by all applicable rules.

### Definitions and Instructions

1.  The term "document" or "documents" shall be given the fullest interpretation allowable under the Federal Rules of Civil Procedure. Without limiting the foregoing, "document(s)" means any form of data compilation, including written, electronic, printed, typed, drawn, taped, filmed, recorded, or graphic matter, that you possess, control, or have custody of, or have the right to

obtain upon request or demand.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made.  If copies of a document are not identical for any reason, including handwritten notations, initials or identification marks, each non-identical copy is a separate document within the meaning of this definition.

2.      "Communicate" or "Communication" means every manner or means of disclosure, transfer, or exchange, including, without limitation, the dissemination of Documents, and every disclosure, transfer, or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, personal delivery or otherwise.  The references to, or requests for, communications in these discovery requests refers to all communications of which you are aware and/or communications that you possess, control, or of which you have custody.

3.      "Wells Fargo" shall refer to Defendant Wells Fargo Bank, N.A. and its representatives and agents.

4.      "Plaintiff," "you," and "your" shall refer to Azar Staffeld and his representatives and agents.

5.      If you object to any of these discovery requests, please state the reasons for your objections and specify the part of the request to which you object.  Similarly, if you do not object to a particular discovery request but are unable to respond fully to

that discovery request, then you shall respond to the fullest extent possible and provide an explanation for your lack of a full response.

6.      When identifying natural or non-natural persons in your answers or responses, state their full name (and any aliases and trade or fictitious names) and their current or last known business address and telephone number, or, alternatively, in the case of natural persons, their residential address and telephone number if their business address and telephone number are unknown.

7.      The word "person" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business, or governmental entity.

8.      The phrasing of these discovery requests shall be construed as to make your response inclusive rather than exclusive.  Thus, the word "include" or "including" is intended to be comprehensive and means "including, but not limited to."  Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form; the words "and" and "or" shall be interpreted as both conjunctive and disjunctive; the word "any" shall mean "any and all;" and the word "each" shall mean "each and every."

9.      "Identify" or "identity" with respect to oral, written, telephonic or electronic communications shall mean:

        a.  The communications medium, *e.g.*, written, oral, telephonic or electronic;

b. The date (or close approximation) of each such communication;

c. The identity of all persons who were present at each communication;

d. The substance and nature of each such communication.

10.    Electronically Stored Information (ESI) shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in searchable PDF.  The original native files shall be preserved.

11.    With respect to the production of documents, as to each responsive document withheld from production on any ground, expressly state the basis for the withholding and describe the nature of the document, communication, or tangible thing withheld in a manner that will enable Defendant to assess the basis for the withholding.

12.    The "Complaint" shall refer to the First Amended Complaint filed by Plaintiff in this matter on or about February 28, 2025, in the United States District Court for the Eastern District of Michigan and any amendment thereto.

13.    The "Answer" shall refer to the Answer to the Complaint filed by Wells Fargo on or about March 14, 2025, and any Amendments thereto.

14.    The "Property" shall refer to the real property located at 341 Corrie Road, Ann Arbor, MI 48105.

15.     The "Mortgage" shall refer to the certified copy of the mortgage document prepared by Marketplace Home Mortgage, L.L.C., and recorded by American Title Co. of Washtenaw for 341 Corrie Road Ann Arbor, MI 48105.

16.     The "Note" shall refer to the promissory note dated December 15, 2017, for Loan Number 570170991033, in which the Borrower Dorothea Vermillion Staffeld, promises to pay Marketplace Home Mortgage, L.L.C. the principal amount of $424,100.00 plus interest at a yearly rate of 4.250%.

17.     "Residence" shall refer to where You live at or have a home where you typically reside and consider a primary place of living.

18.     The relevant time period shall begin on November 1, 2018.

## Interrogatories

**Interrogatory 1:**  Identify all persons with knowledge of any facts relating in any way to the allegations, averments, damages, denials, relief claimed, affirmative defenses, and defenses concerning the Complaint, Wells Fargo's Answer, or any other issue in this matter, and for each such person identified, set forth his or her name, address, and current telephone number, as well as a detailed description of each person's knowledge relating to this action.

**Response:**

**Interrogatory 2:**   Identify each and every communication or interaction that you had with Wells Fargo concerning the Property at any time since November 1, 2018.  In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**


**Interrogatory 3:**   Identify each and every communication in which you informed Wells Fargo of the death of Dorothea Vermillion Staffeld. In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**


**Interrogatory 4:**   Identify each and every communication or interaction that you had with Wells Fargo in connection with the loan modification application identified in Paragraphs 15-17 and 24 of the Complaint.  In your response, please include the date and time when the communication or interaction occurred, the

identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**


**Interrogatory 5:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 10 of the Complaint that Dorothea Vermillion Staffeld "secured mortgage insurance through the Wells Fargo Mortgage Company which provided that if the purchaser should pass away within one year, the then-owed principal and interest loan balance would be satisfied by the mortgage insurance."

**Response:**


**Interrogatory 6:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 11 of the Complaint asserting that, "prior to passing away [Dorothea Vermillion Staffeld] transferred ownership of the Subject Property by Quit Claim Deed to Karl and Azar Staffeld."

**Response:**

**Interrogatory 7:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 11 of the Complaint asserting that, "Plaintiffs are the title owners of the Subject Property and are entitled to the full payment of the mortgage amount according to mortgage insurance guidelines."

**<u>Response</u>:**


**Interrogatory 8:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 14 of the Complaint asserting that, "Plaintiffs reached out directly to Wells Fargo Bank and were assured by several representatives that they could make installment payments upon their return to work to become current on the mortgage loan balance and seek a loan modification as well."   In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**<u>Response</u>:**

**Interrogatory 9:**   Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 15 that, "[p]laintiffs were specifically advised by Wells Fargo Bank representatives to be identified during discovery that the Subject Property would not be foreclosed upon while Plaintiffs brought the loan account current and sought to be approved for a loan modification."   In your response, please include the date and time when the communication or interaction occurred, the identity of any persons with whom you communicated or interacted, whether the communication or interaction was in person or occurred via some other method of communication, and the substance of the communication.

**Response:**

**Interrogatory 10:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations in Paragraph 16 of the Complaint that Wells Fargo initiated foreclosure proceedings without proper notice to Plaintiffs.   Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 11:** Identify with particularity and detail all facts, documents, and communications surrounding the loan You took out with R & J Holdings, LLC as identified in Paragraphs 28-45 in the Complaint. Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**<u>Response</u>:**


**Interrogatory 12:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegation that Wells Fargo has breached a contract with You as alleged in Paragraphs 61-72 of the Complaint. Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**<u>Response</u>:**


**Interrogatory 13:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo made "fraudulent misrepresentations" as alleged in Paragraphs 79-93 of the Complaint. In your response, please include the specific statements alleged to have been made by Wells Fargo, the date and time when the alleged representations were made, the identity of the person(s) who made the representations, whether the representation

was in person or occurred via some other method of communication.   Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**


**Interrogatory 14:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), as alleged in Paragraphs 73-78 of the Complaint.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**


**Interrogatory 15:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo was unjustly enriched as alleged in Paragraphs 94-100 of the Complaint, including the amount by which you assert Wells Fargo was enriched and the dates on which you allege this occurred.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 16:** Identify with particularity and detail all facts, documents, and communications you rely on to support your allegations that Wells Fargo is liable for negligent infliction of emotional distress as alleged in Paragraphs 101-104 of the Complaint.  Identify all persons with knowledge of the facts set forth in your response and identify all documents which relate to or support your response to this Interrogatory.

**Response:**

**Interrogatory 17:** Provide a detailed description of the actual damages that you have incurred as a result of any action or inaction on the part of Wells Fargo, including when the damages were incurred, the dollar amount of any monetary damages, the nature and extent of any emotional or other non-economic damages, and any actions you have taken to mitigate your damages.

**Response:**

**Interrogatory 18:** Do you assert a claim for damages related to mental distress or emotional anguish as a result of any act or omission on the part of Wells Fargo?  If so, describe: (a) the nature, extent, and duration of the alleged mental

distress or emotional anguish; (b) any physical symptoms or injuries that allegedly resulted from the mental distress or emotional anguish; and (c) any treatments you received or consultations you had with any medical care provider psychologist, psychiatrist, counselor, therapist, or similar mental health professional as a result of the alleged mental distress or emotional anguish.

**Response:**


**Interrogatory 19:** Please list the address of Your current Residence.

**Response:**


**Interrogatory 20:** Please list any other addresses where You have resided in the past fiver years, including the dates of residence at each address.

**Response:**


**Interrogatory 21:** Please identify all previous lawsuits with which you have been involved, and all current lawsuits with which you are currently involved, either as a named party, class member, or witness.  In your response, please provide the date that the lawsuit was filed, the subject matter of the lawsuit, the jurisdiction in which the lawsuit was pending / is pending, how you became involved in the lawsuit and the outcome of the lawsuit if it has been resolved.

**Response:**

**Interrogatory 22:** If you have ever been charged with, convicted of, or pled guilty to, a crime, state the date of each charge, conviction or plea, the court in which such was rendered, the case number, if any, and the exact nature of such crime.

**Response:**

**Interrogatory 23:** Identify all witnesses from whom you expect to elicit any lay or expert opinion testimony at a hearing or trial of this matter. For each witness identified, state the subject matter on which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, a summary of the grounds for such opinion, and, for each expert witness, the educational background and work experience that qualified that person to testify as an expert witness.

**Response:**

**Interrogatory 24:** Identify all persons who provided the information used and all documents, communications, and tangible items reviewed, discussed, or referenced in preparing your responses for these Interrogatories.

**Response:**

**Interrogatory 25:** If any of your responses to any of Wells Fargo Bank, N.A.'s First Requests for Admissions to Plaintiff Azar Staffeld concurrently served with these interrogatories is other than an unqualified admission, please state all facts on which you based that response.

**<u>Response:</u>**

## Requests For Production

**Request 1.** Produce all documents concerning or related to the communications with Wells Fargo concerning the Property identified in response to Interrogatory No. 2 above.

**Response:**

**Request 2.** Produce all documents concerning or related to the communications with Wells Fargo concerning the death of Dorothea Vermillion Staffeld as identified in response to Interrogatory No. 3 above.

**Response:**

**Request 3.** Produce all documents concerning or related to the communications with Wells Fargo concerning your loan modification application identified in response to Interrogatory No. 4 above.

**Response:**

**Request 4.** Produce all documents and communications supporting or relating to the allegations in Paragraph 11 of the Complaint asserting that, "prior to passing away [Dorothea Vermillion Staffeld] transferred ownership of the Subject Property by Quit Claim Deed to Karl and Azar Staffeld."

**Response:**


**Request 5.** Produce all documents supporting or relating to the communications with Wells Fargo identified in Paragraphs 14 and 15 of the Complaint.

**Response:**


**Request 6.** Please produce all documents and communications supporting or relating to the allegations in the Complaint the loan You allegedly obtained from R & J Holdings.

**Response:**


**Request 7.** Produce all documents and communications supporting or relating to the allegations in the Complaint that Wells Fargo breached a contract with You.

**Response:**


**Request 8.** Produce all documents and communications supporting or relating to the allegations in Paragraphs 79-93 of the Complaint asserting that Wells Fargo made fraudulent misrepresentations.

**Response:**


**Request 9.** Produce all documents and communications supporting or relating to the allegations in the Complaint asserting that Wells Fargo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

**Response:**


**Request 10.** Produce all documents and communications supporting or relating to the allegations in Paragraphs 94-100 of the Complaint asserting that Wells Fargo was unjustly enriched.

**Response:**


**Request 11.** Produce all documents and communications supporting or relating to the allegations in Paragraphs 101-104 of the Complaint asserting that Wells Fargo negligently caused you to suffer emotional distress.

**Response:**


**Request 12.** Please produce all documents and communications you have reviewed, referred to, or relied upon, in responding to Wells Fargo's First Set of Interrogatories to Azar Staffeld.

**Response:**

**Request 13.** Please produce all documents or communications you reviewed, referred to, or relied upon, in drafting your Complaint.

**Response:**

**Request 14.** Please produce all non-privileged documents and communications between you and any third party related to the allegations made in the Complaint.

**Response:**

**Request 15.** For the period of November 1, 2018 through the present, please produce all non-privileged documents and communications between you and any third party that are related to the Property.

**Response:**

**Request 16.** Please produce all documents and communications that evidence, refer, support, or relate to your claim for damages, including documents related to: (a) the nature, extent, and duration of each alleged harm; (b) the amount of any alleged charges, expenses, or financial losses; (c) the nature and extent of any

alleged emotional distress, including records of treatment received from any physician, psychologist, counselor, or mental health professional.

**Response:**

**Request 17.** Please produce all statements from any person, including potential witnesses relating to the allegations in this lawsuit that you have received from any source, whether the statement is written, audio-recorded, or video-recorded.

**Response:**

**Request 18.** Please produce all documents, communications, or other postings you have made to any social media or internet site pertaining to the allegations in your Complaint. This request includes, but is not limited to, postings you have made to Facebook, Twitter, LinkedIn, Google Plus+, TikTok, and Instagram.

**Response:**

**Request 19.** Please produce all documents and communications constituting or relating to any exhibits that Plaintiff plans to use in this action, as attachments to any motion or memoranda, or to be introduced at a trial of this matter.

**Response:**


**Request 20.** Please produce all documents and communications forwarded by you or on your behalf to any expert witness which you have obtained to testify at trial.

**Response:**


**Request 21.** Please produce any court filings, police reports, indictments, charging statements, or plea agreements relating to any charge, conviction, or plea referred to in your response to Interrogatory No. 15 above.

**Response:**


Dated: March 17, 2025 Respectfully submitted,

By: /s/ *Mark D. Kundmueller*
Mark D. Kundmueller, Esq. (P66306)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Phone: (757) 687-7564
Facsimile: (757) 687-1524
mark.kundmueller@troutman.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2025, I served the foregoing *First Set of Interrogatories and Requests for Production of Documents to Plaintiff Azar Staffeld*, via Federal Express to the following:

> Karl Staffeld
> Azar Staffeld
> Plaintiffs, *Pro Se*
> 341 Corrie Road
> Ann Arbor, MI 48105

*/s/ Mark D. Kundmueller*
Mark D. Kundmueller, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**KARL STAFFELD and AZAR STAFFELD,**

**Plaintiffs,**

**v.**

**WELLS FARGO BANK, N.A.,**

**Defendant.**

**Case No. 4:24-cv-12811-SDK-DRG**

**Hon. Shalina D. Kumar**
**Hon. David R. Grand**

## DEFENDANT WELLS FARGO BANK, N.A.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF AZAR STAFFELD

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure, propounds the following Request for Admissions to Plaintiff Azar Staffeld ("Plaintiff"). Plaintiff is requested to answer under oath the Requests set forth below within thirty (30) days of the date of service and thereafter supplement such answers as and when required by all applicable rules. The requests are continuing until trial.

## DEFINITIONS AND INSTRUCTIONS

1. The term "document" or "documents" shall be given the fullest interpretation allowable under the Federal Rules of Civil Procedure. Without limiting the foregoing, "document(s)" means any form of data compilation, including written, electronic, printed, typed, drawn, taped, filmed, recorded, or graphic matter, that you possess, control, or have custody of, or have the right to

obtain upon request or demand.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made.  If copies of a document are not identical for any reason, including handwritten notations, initials or identification marks, each non-identical copy is a separate document within the meaning of this definition.

2.    "Communicate" or "Communication" means every manner or means of disclosure, transfer, or exchange, including, without limitation, the dissemination of Documents, and every disclosure, transfer, or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, personal delivery or otherwise.  The references to, or requests for, communications in these discovery requests refers to all communications of which you are aware and/or communications that you possess, control, or of which you have custody.

3.    "Wells Fargo" shall refer to Defendant Wells Fargo Bank, N.A. and its representatives and agents.

4.    "Plaintiff," "you," and "your" shall refer to Azar Staffeld and his representatives and agents.

5.    If you object to any of these discovery requests, please state the reasons for your objections and specify the part of the request to which you object.  Similarly, if you do not object to a particular discovery request but are unable to respond fully to

that discovery request, then you shall respond to the fullest extent possible and provide an explanation for your lack of a full response.

6.      When identifying natural or non-natural persons in your answers or responses, state their full name (and any aliases and trade or fictitious names) and their current or last known business address and telephone number, or, alternatively, in the case of natural persons, their residential address and telephone number if their business address and telephone number are unknown.

7.      The word "person" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business, or governmental entity.

8.      The phrasing of these discovery requests shall be construed as to make your response inclusive rather than exclusive.  Thus, the word "include" or "including" is intended to be comprehensive and means "including, but not limited to."  Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form; the words "and" and "or" shall be interpreted as both conjunctive and disjunctive; the word "any" shall mean "any and all;" and the word "each" shall mean "each and every."

9.      "Identify" or "identity" with respect to oral, written, telephonic or electronic communications shall mean:

a.      The communications medium, *e.g.*, written, oral, telephonic or electronic;

b.  The date (or close approximation) of each such communication;

c.  The identity of all persons who were present at each communication;

d.  The substance and nature of each such communication.

10.  Electronically Stored Information (ESI) shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in searchable PDF.  The original native files shall be preserved.

11.  With respect to the production of documents, as to each responsive document withheld from production on any ground, expressly state the basis for the withholding and describe the nature of the document, communication, or tangible thing withheld in a manner that will enable Defendant to assess the basis for the withholding.

12.  The "Complaint" shall refer to the First Amended Complaint filed by Plaintiff in this matter on or about February 28, 2025, in the United States District Court for the Eastern District of Michigan and any amendment thereto.

13.  The "Answer" shall refer to the Answer to the Complaint filed by Wells Fargo on or about March 14, 2025, and any Amendments thereto.

14.  The "Property" shall refer to the real property located at 341 Corrie Road, Ann Arbor, MI 48105.

15.    The "Mortgage" shall refer to the certified copy of the mortgage document prepared by Marketplace Home Mortgage, L.L.C., and recorded by American Title Co. of Washtenaw for 341 Corrie Road Ann Arbor, MI 48105.

16.    The "Note" shall refer to the promissory note dated December 15, 2017, for Loan Number 570170991033, in which the Borrower Dorothea Vermillion Staffeld, promises to pay Marketplace Home Mortgage, L.L.C. the principal amount of $424,100.00 plus interest at a yearly rate of 4.250%.

17.    "Residence" shall refer to where You live at or have a home where you typically reside and consider a primary place of living.

18.    The relevant time period shall begin on November 1, 2018.

Furthermore, if your response to any of the following requests for admission is anything other than an unqualified admission or a specific denial, you must set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you must specify so much of it as is true or qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

## REQUESTS FOR ADMISSION

1.      Admit that the document attached here to as Exhibit A is a genuine, accurate, and authentic copy of a Note dated  December 15, 2017, pertaining to the Property (the "Note").

**Response:**

2.      Admit that the Note evidences a loan in the amount of $424,100.00 between Marketplace Home Mortgage, L.L.C. and Dorothea Vermillion Staffeld.

**Response:**

3.      Admit that Dorothea Vermillion Staffeld's signature appears on the Note.

**Response:**

4.      Admit that Your name does not appear as a co-borrower on the Note.

**Response:**

5.      Admit that Your signature does not appear on the Note.

**Response:**

6.      Admit that the document attached as Exhibit B is a genuine, accurate, and authentic copy of a Mortgage dated December 15, 2017, pertaining to the Property (the "Mortgage").

**Response:**

7.     Admit that Dorothea Vermillion Staffeld's signature appears on the Mortgage.

**Response:**

8.     Admit that Your name does not appear as a co-borrower on the Mortgage.

**Response:**

9.     Admit that Your signature does not appear on the Mortgage.

**Response:**

10.     Admit that the document attached as Exhibit C is a genuine, accurate, and authentic copy of Dorothea Vermillion Staffeld's Death Certificate dated November 2, 2018 (the "Death Certificate").

**Response:**

11.     Admit that the Death Certificate lists Dorothea Vermillion's date of death as November 1, 2018.

**Response:**

12.     Admit that Dorothea Vermillion Staffeld passed away on or about November 1, 2018.

**Response:**

13.     Admit that the document attached as Exhibit D is a genuine, accurate, and authentic copy of correspondence from Wells Fargo dated March 31, 2020 (the "Short Term Payment Relief Notice").

**Response:**

14.     Admit that the Short Term Payment Relief Notice is addressed to "Dorothea V Staffeld."

**Response:**

15.     Admit that the Short Term Payment Relief Notice was sent to the Property.

**Response:**

16.     Admit that the Short Term Payment Relief Notice states that Dorothea V. Staffeld informed Wells Fargo about financial hardship she was facing.

**Response:**

17.     Admit that You communicated with Wells Fargo while representing Yourself as Dorothea Vermillion Staffeld.

**Response:**

18.     Admit that You knew Wells Fargo believed it was communicating with Dorothea Vermillion Staffeld in similar correspondence between You and Wells Fargo between November 2018 and October 2022.

**Response:**

19.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2018.

**Response:**

20.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2019.

**Response:**

21.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2020.

**Response:**

22.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2021.

**Response:**

23.     Admit that You informed Wells Fargo of Dorothea Vermillion Staffeld's death on or about October 27, 2022.

**Response:**

24.     Admit that no life insurance product from Wells Fargo was ever added to the Mortgage by Dorothea Vermillion Staffeld.

**Response:**

25.     Admit that no life insurance product from Wells Fargo was ever added to the Note by Dorothea Vermillion Staffeld.

**Response:**

26.     Admit that You did not personally take out any life insurance product on the Note.

**Response:**

27.     Admit that You did not personally take out any life insurance product on the Mortgage.

**Response:**

28.     Admit that the document attached as Exhibit E is a genuine, accurate, and authentic copy of correspondence from Wells Fargo to the Property's address dated January 12, 2018 (the "Collection Notice").

**Response:**

29.     Admit that in the Collection Notice was sent from Wells Fargo to the Property.

**Response:**

30.     Admit that the Collection Notice expressly states that "if you currently have credit life insurance or other optional products, these products will not transfer to Wells Fargo."

**Response:**

31.     Admit that, as alleged in the Amended Complaint, You "were unable to make all the mortgage loan payments" on the Property.

**Response**:

32.     Admit that a foreclosure sale, initiated by Wells Fargo on the Property,

occurred on June 1, 2023.

**Response**:

33.     Admit the foreclosure sale was final.

**Response**:

34.     Admit that the Amended Complaint You filed on February 28, 2025,

was after the foreclosure sale.

**Response**:

35.     Admit that You are not currently residing at the Property.

**Response**:

36.     Admit that You are not currently in possession of the property.

**Response**:

Dated:      March 17, 2025                    Respectfully submitted,

By:    /s/ *Mark D. Kundmueller*
Mark D. Kundmueller, Esq. (P66306)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Phone: (757) 687-7564
Facsimile: (757) 687-1524
mark.kundmueller@troutman.com

*Counsel for Defendant Wells Fargo
Bank, N.A.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day of March 17, 2025, I served the foregoing

*First Set of Request for Admissions to Plaintiff Azar Staffeld*, via Federal Express to

the following:

> Karl Staffeld
> Azar Staffeld
> Plaintiffs, *Pro Se*
> 341 Corrie Road
> Ann Arbor, MI 48105
>
> */s/ Mark D. Kundmueller*
> Mark D. Kundmueller, Esq.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**KARL STAFFELD and AZAR STAFFELD,**

**Plaintiffs,**

**v.**

**WELLS FARGO BANK, N.A.,**

**Defendant.**

**Case No. 4:24-cv-12811-SDK-DRG**

**Hon. Shalina D. Kumar**
**Hon. David R. GA rand**

## DEFENDANT WELLS FARGO BANK, N.A.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF KARL STAFFELD

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure, propounds the following Request for Admissions to Plaintiff Karl Staffeld ("Plaintiff"). Plaintiff is requested to answer under oath the Requests set forth below within thirty (30) days of the date of service and thereafter supplement such answers as and when required by all applicable rules. The requests are continuing until trial.

## DEFINITIONS AND INSTRUCTIONS

1.  The term "document" or "documents" shall be given the fullest interpretation allowable under the Federal Rules of Civil Procedure. Without limiting the foregoing, "document(s)" means any form of data compilation, including written, electronic, printed, typed, drawn, taped, filmed, recorded, or graphic matter, that you possess, control, or have custody of, or have the right to

obtain upon request or demand.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made.  If copies of a document are not identical for any reason, including handwritten notations, initials or identification marks, each non-identical copy is a separate document within the meaning of this definition.

2.      "Communicate" or "Communication" means every manner or means of disclosure, transfer, or exchange, including, without limitation, the dissemination of Documents, and every disclosure, transfer, or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, personal delivery or otherwise.  The references to, or requests for, communications in these discovery requests refers to all communications of which you are aware and/or communications that you possess, control, or of which you have custody.

3.      "Wells Fargo" shall refer to Defendant Wells Fargo Bank, N.A. and its representatives and agents.

4.      "Plaintiff," "you," and "your" shall refer to Azar Staffeld and his representatives and agents.

5.      If you object to any of these discovery requests, please state the reasons for your objections and specify the part of the request to which you object.  Similarly, if you do not object to a particular discovery request but are unable to respond fully to

that discovery request, then you shall respond to the fullest extent possible and provide an explanation for your lack of a full response.

6.     When identifying natural or non-natural persons in your answers or responses, state their full name (and any aliases and trade or fictitious names) and their current or last known business address and telephone number, or, alternatively, in the case of natural persons, their residential address and telephone number if their business address and telephone number are unknown.

7.     The word "person" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business, or governmental entity.

8.     The phrasing of these discovery requests shall be construed as to make your response inclusive rather than exclusive.  Thus, the word "include" or "including" is intended to be comprehensive and means "including, but not limited to."  Similarly, the singular form of all words includes the plural form and the plural form of all words includes the singular form; the words "and" and "or" shall be interpreted as both conjunctive and disjunctive; the word "any" shall mean "any and all;" and the word "each" shall mean "each and every."

9.     "Identify" or "identity" with respect to oral, written, telephonic or electronic communications shall mean:

a.  The communications medium, *e.g.*, written, oral, telephonic or electronic;

3

b.  The date (or close approximation) of each such communication;

c.  The identity of all persons who were present at each communication;

d.  The substance and nature of each such communication.

10.  Electronically Stored Information (ESI) shall be collected in a manner that preserves metadata to the extent reasonably possible.  ESI shall be produced in searchable PDF.  The original native files shall be preserved.

11.  With respect to the production of documents, as to each responsive document withheld from production on any ground, expressly state the basis for the withholding and describe the nature of the document, communication, or tangible thing withheld in a manner that will enable Defendant to assess the basis for the withholding.

12.  The "Complaint" shall refer to the First Amended Complaint filed by Plaintiff in this matter on or about February 28, 2025, in the United States District Court for the Eastern District of Michigan and any amendment thereto.

13.  The "Answer" shall refer to the Answer to the Complaint filed by Wells Fargo on or about March 14, 2025, and any Amendments thereto.

14.  The "Property" shall refer to the real property located at 341 Corrie Road, Ann Arbor, MI 48105.

4

15.    The "Mortgage" shall refer to the certified copy of the mortgage document prepared by Marketplace Home Mortgage, L.L.C., and recorded by American Title Co. of Washtenaw for 341 Corrie Road Ann Arbor, MI 48105.

16.    The "Note" shall refer to the promissory note dated December 15, 2017, for Loan Number 570170991033, in which the Borrower Dorothea Vermillion Staffeld, promises to pay Marketplace Home Mortgage, L.L.C. the principal amount of $424,100.00 plus interest at a yearly rate of 4.250%.

17.    "Residence" shall refer to where You live at or have a home where you typically reside and consider a primary place of living.

18.    The relevant time period shall begin on November 1, 2018.

Furthermore, if your response to any of the following requests for admission is anything other than an unqualified admission or a specific denial, you must set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you must specify so much of it as is true or qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

## <u>REQUESTS FOR ADMISSION</u>

1.      Admit that the document attached here to as Exhibit A is a genuine, accurate, and authentic copy of a Note dated  December 15, 2017, pertaining to the Property (the "Note").

**<u>Response:</u>**

2.      Admit that the Note evidences a loan in the amount of $424,100.00 between Marketplace Home Mortgage, L.L.C. and Dorothea Vermillion Staffeld.

**<u>Response:</u>**

3.      Admit that Dorothea Vermillion Staffeld's signature appears on the Note.

**<u>Response:</u>**

4.      Admit that Your name does not appear as a co-borrower on the Note.

**<u>Response:</u>**

5.      Admit that Your signature does not appear on the Note.

**<u>Response:</u>**

6.      Admit that the document attached as Exhibit B is a genuine, accurate, and authentic copy of a Mortgage dated December 15, 2017, pertaining to the Property (the "Mortgage").

**<u>Response:</u>**

6

7.     Admit that Dorothea Vermillion Staffeld's signature appears on the Mortgage.

**Response:**

8.     Admit that Your name does not appear as a co-borrower on the Mortgage.

**Response:**

9.     Admit that Your signature does not appear on the Mortgage.

**Response:**

10.     Admit that the document attached as Exhibit C is a genuine, accurate, and authentic copy of Dorothea Vermillion Staffeld's Death Certificate dated November 2, 2018 (the "Death Certificate").

**Response:**

11.     Admit that the Death Certificate lists Dorothea Vermillion's date of death as November 1, 2018.

**Response:**

12.     Admit that Dorothea Vermillion Staffeld passed away on or about November 1, 2018.

**Response:**

13.     Admit that the document attached as Exhibit D is a genuine, accurate, and authentic copy of correspondence from Wells Fargo dated March 31, 2020 (the "Short Term Payment Relief Notice").

**Response:**

14.     Admit that the Short Term Payment Relief Notice is addressed to "Dorothea V Staffeld."

**Response:**

15.     Admit that the Short Term Payment Relief Notice was sent to the Property.

**Response:**

16.     Admit that the Short Term Payment Relief Notice states that Dorothea V. Staffeld informed Wells Fargo about financial hardship she was facing.

**Response:**

17.     Admit that You communicated with Wells Fargo while representing Yourself as Dorothea Vermillion Staffeld.

**Response:**

18.     Admit that You knew Wells Fargo believed it was communicating with Dorothea Vermillion Staffeld in similar correspondence between You and Wells Fargo between November 2018 and October 2022.

**Response:**

8

19.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2018.

**Response:**

20.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2019.

**Response:**

21.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2020.

**Response:**

22.     Admit that You did not inform Wells Fargo of Dorothea Vermillion Staffeld's death in 2021.

**Response:**

23.     Admit that You informed Wells Fargo of Dorothea Vermillion Staffeld's death on or about October 27, 2022.

**Response:**

24.     Admit that no life insurance product from Wells Fargo was ever added to the Mortgage by Dorothea Vermillion Staffeld.

**Response:**

25.     Admit that no life insurance product from Wells Fargo was ever added to the Note by Dorothea Vermillion Staffeld.

9

**Response**:

26.     Admit that You did not personally take out any life insurance product on the Note.

**Response**:

27.     Admit that You did not personally take out any life insurance product on the Mortgage.

**Response**:

28.     Admit that the document attached as Exhibit E is a genuine, accurate, and authentic copy of correspondence from Wells Fargo to the Property's address dated January 12, 2018 (the "Collection Notice").

**Response**:

29.     Admit that in the Collection Notice was sent from Wells Fargo to the Property.

**Response**:

30.     Admit that the Collection Notice expressly states that "if you currently have credit life insurance or other optional products, these products will not transfer to Wells Fargo."

**Response**:

31.     Admit that, as alleged in the Amended Complaint, You "were unable to make all the mortgage loan payments" on the Property.

**<u>Response</u>:**

32.     Admit that a foreclosure sale, initiated by Wells Fargo on the Property,

occurred on June 1, 2023.

**<u>Response</u>:**

33.     Admit the foreclosure sale was final.

**<u>Response</u>:**

34.     Admit that the Amended Complaint You filed on February 28, 2025,

was after the foreclosure sale.

**<u>Response</u>:**

35.     Admit that You are not currently residing at the Property.

**<u>Response</u>:**

36.     Admit that You are not currently in possession of the Property.

**<u>Response</u>:**

11

Dated:      March 17, 2025                 Respectfully submitted,

By:    /s/ *Mark D. Kundmueller*
Mark D. Kundmueller, Esq. (P66306)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Phone: (757) 687-7564
Facsimile: (757) 687-1524
mark.kundmueller@troutman.com

*Counsel for Defendant Wells Fargo
Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day of March 17, 2025, I served the foregoing

*First Set of Request for Admissions to Plaintiff Karl Staffeld*, via Federal Express to

the following:

> Karl Staffeld
> Azar Staffeld
> Plaintiffs, *Pro Se*
> 341 Corrie Road
> Ann Arbor, MI 48105
> *                  /s/ Mark D. Kundmueller*
> Mark D. Kundmueller, Esq.

13