IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KARL STAFFELD, AND
AZAR STAFFELD, PRO SE
341 PAYEUR RD.
ANN ARBOR, MI 48108,

Plaintiffs,

v.

R & J GROUP HOLDINGS, LLC
9930 Whittier Street
Detroit, MI 48224,

Defendants.

Case No.: 4:24-cv-12811
Hon. Judge Shalina D. Kumar
Hon. Judge David R. Grand

_____/

KARL STAFFELD, AND
AZAR STAFFELD, PRO SE
341 Corrie Road
Ann Arbor, MI 48105
(734) 929-6969
azarstaffeld@gmail.com

DAVID SOBEL (P49662)
GEORGE BLACKMORE
SOBEL PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48334

_____/

**EMERGENCY EX-PARTE MOTION AGAINST R&J GROUP HOLDINGS, LLC TO STOP THE SHERIFF SALE OF SECOND PROPERTY ON AUGUST 27, 2025**

1

## BACKGROUND INFORMATION

The Defendant; R&J Group Holdings, LLC (R&J), deliberately engaged in Mortgage Fraud and Predatory Lending by assessing a mortgage on the paid off property located at 341 Payeur Road, Ann Arbor, MI 48108 (Second Property), that belongs to the Plaintiffs in anticipation of sale of the property located at 341 Corrie Road, Ann Arbor, MI 48108 (First Property). R&J redeemed the First Property post-wrongful foreclosure by Wells Fargo, then mortgaged the Second Property and took the proceeds of the Mortgage and paid for the Property Taxes, Homeowners' Insurance, and other fees of the First Property. R&J charged $52,000 interest within a year (Unjust Enrichment) on a $200,000 loan; Chapter 438 of the Michigan Compiled Laws MCL 428.41, and against the Federal Racketeering Influenced and Corrupt Organization Act (RICO) 18 U.S.C. §§ 1961 to 1967, and extortion. Criminal Usury: A person is guilty of criminal usury when they knowingly charge, take, or receive interest on a loan or forbearance at a rate exceeding 25% simple interest per annum, or the equivalent for a different time period, unless authorized by law. Therefore, the statute definition makes the Defendants loan sharks and predatory lenders, against Michigan Consumer Mortgage Protection Act and Usuary Law. Michigan law prohibits lending for more than 25% interest on the loan and it is considered Criminal Usuary. The Defendants took a majority of the proceeds away from Plaintiff to pay for homeowners' insurance and taxes on a different property owned by Defendants which purchase by release of redemption by Plaintiffs, to secure a sales contract the Defendants breached that contract which was fraud in inducement and never sold the property to Plaintiff. Now, by forcing a foreclosure sale, Defendants intend to deprive Plaintiff of their primary residence maliciously, intentionally, and illegally. Plaintiff was never served a 30-day notice as required by mortgage document (Exhibit "A" – Payeur Mortgage) and is pushing straight through foreclosure. R&J is

contemplating purchasing the Second Property that they are attempting to foreclose in the Sheriffs' Sale on August 27, 2025, is yet another act of defrauding the Plaintiffs from another Property.

## ELEMENTS OF FRAUD

R&J, with full knowledge falsely represented and deceived , two Senior Citizens; Karl and Azar Staffeld (Staffelds), and induced reliance with having signed multiple contracts with Plaintiff to secure the sales of the other property. Then, took proceeds of this Second Property and spent it on the First Property and breached three contracts; Mortgage (Exhibit "A" – Payeur Mortgage) , a Lease with Option to Purchase (Exhibit "B" – Lease Agreement), and a Purchase Agreement (Exhibit "C" – Purchase Agreement). Staffelds suffered severe damages as a result of reliance on the false representation by the Defendants collectively. R&J is a Criminal Enterprise that practices Predatory Lending and sabotages our economy and families' residences. R&J have committed several acts of Fraud, breached every contract they signed, and now, are trying to take away Plaintiffs' Primary Residence, away from the Plaintiffs and their entire family that consists of a disabled parent, and grandchildren.

Defendants failed to notify the Plaintiffs according to Page 5 of Payeur Mortgage and are already taking steps to foreclose and sell this property in violation of mortgage agreement. The Sheriff's Sale is scheduled for August 27, 2025. The Plaintiff is asking this Honorable Court Grant this Ex Parte Emergency Motion and Temporary Restraing Order and STOP THE SHERIFFS' SALE until pendency of this case is resolved (Exhibit "D" – Foreclosure Notice).

## **ANALYSIS OF IRREPARABLE HARM**
## **TO PLAINTIFF**

1) Irreparable Harm: plaintiff and her household members will suffer irreparable harm if property is sold at Sheriffs' Sale and they will lose their Primary Residence for the second time and Defendant yet defrauded Plaintiff from another property (Exhibit "B" – Foreclosure Notice)

2) Loss of unique property: The property is unique by nature and tailored to the special needs of disabled residents.

3) Deprivation of constitutional rights: Lak of notice by Defendants and their Attorney is in violation of Plaintiffs constitutional law due to Due Process and violates Adjudication entitlement of this case.

4) Loss of business opportunities: Loss of residence will cause loss of potential income for Plaintiff and residents.

5) Ongoing harm during litigation: If the Temporary Restraining Order is not issued during this litigation, Plaintiff and her household will suffer loss of residence and cannot secure another one within such short period of time.

4

## **ANALYSIS OF NECESSITY OF INJUNCTION**

This Injunctive Order is necessary to stop Defendant's illegal actions by conducting Sheriffs' Sale according to MCL 290.632 and MCL 600.2938. Also, according to Federal Rule 9013-1 and Rule 11 U.S.C. § 102(1) if this Emergency Order is not Granted, the Plaintiffs would lose the Second Property to R&J, a Criminal Enterprise, and their last resort of having a residence:

1) Irreparable Harm: If the Sheriffs' Sale is not stopped, Plaintiff and their household members will not have a place to live.

2) Inadequacy Of Legal Remedies: A monetary judgment will not be sufficient to compensate Plaintiffs' loss of residence.

3) Balance Of Hardships: By issuing the Temporary Restraining Order Defendants will not suffer any harm but Plaintiff will suffer dire consequences of loss of Primary Residence.

4) Public Interest: it is according to Public Interest Policy to save seniors, disabled individuals, and children from Criminal Enterprise, Frauds, and Loan Sharks; R&J.

5) Likelihood Of Success On The Merits (for preliminary injunctions): Plaintiffs will supplement additional Brief, and Proofs, and Exhibits and will prove Mortgage Fraud, and Predatory Lending Practices, and Fraud committed by the Defendant; R&J if necessary.

## **CONCLUSION AND PRAYER**

WHEREFORE, Plaintiffs, Karl Staffeld and Azar Staffeld, respectfully requests that this Honorable Court to Grant their Emergency Ex Parte Motion and enter an Order to stop the Sheriffs' Sale on the Property located at 341 Payeur Road, Ann Arbor, MI 48108, scheduled for August 27, 2025.

Respectfully submitted,

By: /s/ *Karl Staffeld*
Karl Staffeld, Pro Se

By: /s/ *Azar Staffeld*
Azar Staffeld, Pro Se

Dated: August 4, 2025

**CERTIFICATE OF SERVICE**

Plaintiffs hereby certify that on August 4, 2025, they caused a copy of the foregoing Emergency Ex-Parte Motion Against R&J Group Holdings, LLC To Stop The Sheriff Sale Of Second Property On August 27, 2025, to be electronically filed with the United States District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. Plaintiffs further certify that a copy has also been sent via U.S. Mail to the following addresses:

SOBLE PLC
David Soble (P49662)
31800 Northwestern Hwy #350
Farmington Hills, MI 48334

Plaintiffs further certify that on August 4, 2025, a courtesy copy was sent via U.S. Mail to Magistrate David R. Grand, 200 E. Liberty Street, Suite 400, Ann Arbor, MI 48104.

Respectfully submitted,

By: /s/ *Karl Staffeld*
Karl Staffeld
Plaintiff, Pro Se

By: /s/Azar *Staffeld*
Azar Staffeld
Plaintiff, Pro Se