## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KARL STAFFELD AND
AZAR SADEGHI-STAFFELD,

        Plaintiffs,

      -v-

WELLS FARGO BANK, N.A., a subsidiary
of WELLS FARGO & COMPANY, and
R & J Group Holdings, LLC, a Michigan
limited liability Company,

        Defendants.

Case No: 4:24-cv-12811
Hon. Shalina D. Kumar

---

Karl Staffeld and Azar Staffeld
Plaintiffs, *Pro Se*
341 Corrie Road Ann Arbor, MI 48105
(734) 929-6969
karlstaffeld@gmail.com

Mark D. Kundmueller, Esq. (P66306)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virgina 23462
(757) 687-7564
mark.kundmueller@troutman.com

David Sobel (P49662)
George Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48224
(888) 789-1715
dsoble@provenresource.com

---

## <u>PLAINTIFFS' ANSWER TO DEFENDANT'S MOTION TO COMPEL</u>
## <u>AND</u>
## <u>PLAINTIFFS' CROSS-MOTION TO COMPEL BOTH DEFENDANTS;</u>
## <u>WELLS FARGO, N. A. AND R&J GROUP HOLDINGS, LLC TO ANSWER TO</u>
## <u>DISCOVERY AND INTERROGATORIES</u>
## <u>AND</u>
## <u>PLAINTIFFS' MOTION TO SANCTION AGAINST BOTH DEFENDANTS</u>
## <u>FOR WITHHOLDING INFORMATION</u>

NOW COMES Plaintiffs, KARL and AZAR STAFFELD, appearing in this matter *Pro Se*, and for their Response to Defendant Wells Fargo Bank's Motion to Compel Discovery, to Deem the Requests for Admission to Plaintiffs Admitted, and for an Award of Expenses, respectfully states: have answered and complied to Defendant Wells Fargo and its Attorneys ("Wells Fargo") in compliance with Fed. R. Civ. P. 26, 33, 34, 36 and 37. Wells Fargo failed to answer Plaintiffs' request for Discovery and acted in bad faith in their response by asserting Attorney/client privilege <u>nineteen</u> times and refusing to provide documents that are dispositive to their defense intentionally. The Plaintiffs have the right to supplement the responses at the trial. Due to deliberate, malicious, deduction and withholding of documents at the possession of Defendant and engaging in combative strategies against Plaintiffs, they are entitled to Sanctions against both Defendants. Therefore, it necessitates the Sanction by Plaintiffs pursuant to E.D. Mich. L.R. 7.1 and L.R. 37.1;

1) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeks to compel responses to discovery requests served in March 2025 and to have its Requests for Admission ("RFAs") deemed admitted under Fed. R. Civ. P. 36(a)(3). Plaintiffs do not dispute that all responses were not served to all pleadings by the deadlines set forth in the Federal Court Rules. However, Plaintiffs respectfully request the Court's leniency in light of their current *pro se* status and good faith intent to comply. Plaintiffs are also filing a simultaneous Motion for Protective Order.

2) Wherefore Staffelds request that the Honorable Court deny Defendants Motion to Compel, Motion to object, and Motion to deny Injunction, and to not award any expenses to Second Defendant, but to order the Defendant, with almost unlimited funds, to pay $250,000 in

damages for wrongfully evicting Staffelds from the property they purchased and lived in for eight years. BUT FOR Wells Fargo's breach of their mortgage contract at least three times, none of this conflict would have ever happened.

3) The instances of Wells Fargo's breach of contract and violation of the presidential executive order that forbids any foreclosures; a cause for class action, up to <u>March 2025,</u> in compliance with stop foreclosure order against primary residence, pandemic and post-pandemic, and several exhibitions of bad faith. Therefore, Plaintiffs Staffelds who are protected by statute, case laws, and presidential executive order; as presented in brief and exhibits, are requesting this Honorable Court to Sanction Wells Fargo according to Fed. R. Civ. P. 11(b).

4) Deeming Staffelds have replied in good faith, and in light of duration of eviction process caused by Defendants, considering their seniorities, disabilities, and stressful situation that is a direct result of Wells Fargo's wrongdoings, breach of mortgage contract, and selling the property in Sheriffs sale exactly one day after expiration of pandemic international disaster (on May 31, 2023, sold on June 1, 2023); and answered all the questions and presented all the documents they had. Anything beyond that, they either did not have, did not remember, and as Defendant admitted, was timely presented to them. It is in fact the Defendant Wells Fargo that has not produced answers to Discovery and Interrogatories and need to be Sanctioned for non-compliance with Fed. R. Civ. P. 33.1. The questions of Discovery by Defendants were excessive in numbers, ambiguous, unduly burdensome, and oppressive.

5) Awarding the Sanctions according to Fed. R. Civ. P. 11(b).

6) Awarding the deeming Staffelds for moving expenses for $250,000 which dispositioned several children, disabled individuals, elderly senior citizens, students, and residents from several ethnic, national origin, and religions against the American with Disability Act of 1964. Those deeming residents who lived on the property were subject to this conflict and in the course of the move, which had to happen within 72-hours, deeming Staffelds lost over $250,000 of chattels, personal effects, appliances, and moveable fixtures; sauna, generator, hot tub, all-terrain vehicle, etc., which deeming Staffelds never got a chance to move due to severity of the time restraint of 72-hours. Therefore, we are requesting this Honorable Court to Sanction both defendants Wells Fargo and R&J Group Holdings for each to pay $250,000 immediately to the Plaintiffs. This Court decided not to intervene despite the emergency Motion to stop a District Judge from evicting the Staffelds against the first breach rule which applies to their case. But for Defendant Wells Fargo's breach of contract, violation of executive orders, and acting against the laws that Wells Fargo's Attorneys should have advised Wells Fargo and its Executive who signed the foreclosure order, that they are violating such laws and executive orders; a clear Attorneys' violation of ABA codes of professional conduct, none of this would have happened.

7) Awarding the Plaintiffs Staffelds' Motion for Injunction and emergency Motions as this Court, the eviction which is an irreparable harm would have never happened. Therefore, Staffelds are asking this Honorable Court to grant their Motion for TRO and Injunction and other emergency reliefs as they were asked since October 24, 2024, the date of filing the complaint. Staffelds still are trying to figure out why despite the unlimited funds Defendants possess, and their ability to respond to Plaintiffs' several emergency motions, this Court has not scheduled any hearing to defend their Motions that were filed with the

complaint against these wrongdoers and first breachers; Wells Fargo N.A. and R&J Group Holdings, LLC?

8)   Plaintiffs are asking this Honorable Court for award of Sanctions against both Defendants, Wells Fargo, N.A. and R&J Group Holdings, LLC according to Fed. R. Civ. P. 16(a).

9)   Awarding the Plaintiffs the Motion for Injunction, subsequent to Temporary Restraining Order and all expenses that is associated with that Motion for the amount of $1,500,000.

## STATEMENT OF ISSUES PRESENTED

1.   Whether Wells Fargo Bank, N.A., is entitled to an order compelling Discovery responses from Plaintiffs?

| | |
|---|---|
| Wells Fargo Answers: | Yes. |
| Plaintiffs Answer: | No. |
| The Court Should Answer: | No. |

2.   Whether Wells Fargo's Requests for Admissions to Plaintiffs should be deemed admitted by Plaintiffs, where Plaintiffs were specifically warned of their failure to answer in a timely manner?

| | |
|---|---|
| Wells Fargo Answers: | Yes. |
| Plaintiffs Answer: | No. |
| The Court Should Answer: | No. |

3.   Whether Wells Fargo is entitled to its costs and Attorney's fees necessitated in

filing this Motion pursuant to Fed. R. Civ. P. 37(a)?

|  |  |
|---|---|
| Wells Fargo Answers: | Yes. |
| Plaintiffs Answer: | No. |
| The Court Should Answer: | No. |

4.      Whether Staffelds are entitled to an order compelling Discovery responses from Defendant?

|  |  |
|---|---|
| Plaintiffs Answer: | Yes. |
| Wells Fargo Answers: | No. |
| The Court Should Answer: | Yes. |

5.      Whether Staffelds Requests for Admissions to Defendant should be deemed admitted by Defendant, where Defendant should have answered all the questions but they refused to do so.?

|  |  |
|---|---|
| Plaintiffs Answer: | Yes. |
| Wells Fargo Answers: | No. |
| The Court Should Answer: | Yes. |

6.      Whether Staffelds are entitled to its costs of moving necessitated in filing to Motion according to Fed. R. Civ. P. 37(a) and their request to answer the questions in Discovery and Interrogatories?

|  |  |
|---|---|
| Plaintiffs Answer: | Yes. |
| Wells Fargo Answers: | No. |

The Court Should Answer:        Yes.

7.      Whether Plaintiffs are entitled to Sanctions on Attorneys and Wells Fargo for lack

of good faith and abuse of litigation practices according to Rule 11?

Plaintiffs Answer:          Yes.

Wells Fargo Answers:        No.

The Court Should Answer:    Yes.

## <u>TABLE OF CONTENTS</u>

INTRODUCTION

STATEMENT OF FACTS

STANDARD REVIEW

    A.  The Court Should Order Plaintiffs Not To Respond To Wells Fargo's Discovery Requests Because They Already Have

    B.  The Court Should Deem Plaintiff's Request For Admission To Defendant Admitted

    C.  Plaintiff Is Entitled To Its Costs And Fees Necessitated By This Answer And Motion

    D.  The Court Should Deem Staffelds Are Entitled To An Order Compelling Discovery Responses From Defendant

    E.  The Court Should Compel The Defendant To Answer All Questions In Discovery And Interrogatories Presented By Plaintiffs

    F.  The Court Should Order Defendant To Pay All The Fees And Costs Associated With Their Move

    G.  The Court Should Order Sanctions Against The Defendants And Their Attorneys

## TABLE OF AUTHORITIES

**Cases**

*Badalamenti  v. Dunham's Inc.,* 118F.3d437 (E.D.Mich.1985)

*In re Bankers Trust Co.,* 61 F.3d 465 (6th Cir1995)

*Bell v. Kontech,* 253 F.R.D. 413 (N.D. Ohio 2008)

*Compton v. Laing,* No. 1:21-cv-00104, 2022  WL  2252597  (W.D. Ky. June 21, 2022)

*Inre Ford Motor Co. Spark Plug& 3-Valve Engine Prods. Liab., Litig.,* 98 F.Supp.3d 919 (N.D.Ohio 2014)

*Gilliam v. Ordiway,* No.15-cv-11833,2016WL6803135 (E.D.Mich Oct.16,2016)

*Lewis v. ACE Bus. Servs. Inc.,* 135.F.Jd 389 (6th Cir. 1998)

*Horton v. Tex. Fed'nfor Child Pac., Inc.* (2004)

*Aceco Valves, LLC v. Neal* (2004)

*Mills v. Zeichner* (2004)

*DIRECTV, Inc. v. Puccinelli* (2004)

*W.Pico Furniture v. Superior Court* (1961)

*Walker v. Donovan*, No. 19-3784, 2003 WL 2734216 (D.D.C. Mar. 31, 2023) (Chutkan, J.)

## **OTHER AUTHORITIES**

Fed. R.Evid. 401

L.R.7.1

L.R. 37.1

Fed. R. Civ. P 11(a)

Fed. R. Civ. P 11(b)

Fed. R. Civ. P 26

Fed. R. Civ. P 26(c)

Fed. R. Civ. P 30

Fed. R. Civ. P 33

Fed. R. Civ. P 34

Fed. R. Civ. P 36

Fed. R. Civ. P 37

**INTRODUCTION**

On March 17, 2025, Wells Fargo served Plaintiffs a Discovery request. On April 16, 2025, Plaintiffs responded and certified mailed their response to Mark D. Kundmueller Esq. (P66306), 222 Central Park Ave., Suite 200, Virgina Beach, VA 23462, Attorney of the record at the time. On April 16, 2025, Plaintiffs certified mailed their set of Discoveries and Interrogatories and did not receive an answer until July 14, 2025; 88 days later as Defendants Attorney admits in pleadings. On April 16, 2025, The Plaintiffs also certified mailed the Second Defendant , R&J's Attorney, David Soble (P49662), SOBLE PLC, 31800 Northwestern Hwy #350, Farmington Hills, MI 48334, a set of Discoveries and Interrogatories. R&J has not yet answered Defendant Wells Fargo sent multiple deficiency on April 28 and June 3, 2025extending the deadline for Plaintiffs to June 18, 2025 and beyond. Plaintiffs acknowledge that due to conducting litigation without consul they are putting forward their good faith and best efforts forward and trying hard to comply with all rules. However, Both Defendants have hired most aggressive, presumptively most expensive, and local and nationwide Attorneys with unlimited resources to fight the Plaintiffs' rightful claim of title to the property. Plaintiffs are asking this Honorable Court to Sanction both Defendants due to their delay in response and their willful actions and inactions in bad faith. Both Defendants are attempting to evade Discovery obligations and block Plaintiffs from preparation for the trial. While the Plaintiffs are trying quite candidly and lacking legal experience to answer all Motions, Objections, and other pleadings, it is FACT the Defendants that are ignoring their Discovery obligations.

## STATEMENT OF FACTS

The **FACTS** of this Motion are self-explanatory and documented as a matter of records. On March 17, 2025, Wells Fargo served Staffelds with several Discovery and Interrogatory questions and requests. On April 1, 2025 (within the 30-day statutory requirement period) the Plaintiffs served their all and complete answers to the only known Attorney of the record and filed a certificate of service with the Court (Exhibit "A" – Register of actions). The timely answers were sent to the only Attorney of record known to Plaintiffs at the time.

Wells Fargo only had one Attorney, Mark D. Kundmueller, Esq., (P66306) Troutman Pepper Locke LLP, 222 Central Park Avenue, Suite 2000, Virginia Beach, Virginia 23462, who received the answers to Discovery and Interrogatories by certified mail 28 days after it was asked. In June 2025, Staffelds were contacted by phone by the Pepper Troutman Law Firm. The Second Attorney, who did not introduce herself, demanded an answer to the Interrogatories and Discoveries on the phone. When Staffelds **INFORMED** the Second Attorney that the Plaintiffs' answers to Interrogatories and Discoveries were certified-mailed to the First Attorney, and the certificate of service has been filed with the Court, the caller claimed having no knowledge of that **FACT**. Staffelds instructed the Second Attorney to communicate with her colleague.

**1) Pursuant to the conversation with the Second Attorney, any reasonable person can assume that there is a lack of communication between Wells Fargo's' First Attorney and Second Attorney.**

While the First Attorney was keeping quiet, the Second Attorney filed three consecutive Motions: 1.) Motion to Compel; 2.) Motion to Reject Temporary Restraining Order and Relief;

3.) Objection to Plaintiffs' Responses, (abuse of process), the main issue of this Motion to Compel Wells Fargo filed remains;

## 2) Did the Second Attorney receive the answer to the Interrogatories and questions from the plaintiffs on time, or not?

In the Motion to Compel Proceedings, page 1, last paragraph, the Second Attorney, Miranda M. Boulahanis (P86222), 4000 Town Center, Suite 1800, Southfield, Michigan 48075, claimed that Wells Fargo did not receive timely answers to Interrogatories and Discoveries which the purpose of the Motion to Compel by Defendant is to distract this Court. In June 2025, Staffelds received the second phone call from Wells Fargo's Second Attorney. During the conversation, the Second Attorney claimed that they did have the answers, but she did not like them. Staffelds explained to the Second Attorney that the Second Defendant R&J Group Holdings, LLC ("R&J") are evicting them and everything they own is in boxes and that everything accessible and available to the Plaintiffs had been filed with the Court and sent to the First Attorney to his Virgina address. Then the caller said yes, we have the answers but she did not like them (page 2, paragraph 2 - the Second Deficiency Letter) (misuse of process and evidence of bad faith). Plaintiffs informed Wells Fargo that burdening Plaintiffs to answer such extensive rounds of questions about the information that is in Wells Fargo's possession is creating a burden disproportionate to the needs of the case and Plaintiffs have not received Defendants answers to their Interrogatory and Discovery.

The Staffelds received the third phone call from the Second Attorney in July 2025. The Second Attorney was insulating, combative, and rude. She told Staffelds that she did not like their answers to the Interrogatories. She threatened Staffelds that she will file a Motion to Compel

along with several other Motions, and that the Staffelds "are no match to her" because she can make things hard for them. Staffelds informed the Second Attorney that both Wells Fargo and R&J (both Defendants), have not responded to Plaintiffs Discoveries and Interrogatories and they intend to file for Sanctions and hung up the phone. The telephone harassments, insults, and threats are grounds for Rule 11 Sanctions against both Defendants; Wells Fargo and R&J.

3) **Therefore, due to three simultaneous petitioning (Motion to Compel, Motion to Deny Injunction Relief and, Motion to Response to Objection Raised Against Staffelds' Answers) is evidence of bad faith, abuse of process, and implementation of Wells Fargo's Attorney's threat. They are right to assume that Staffelds are no match considering the resources of several Law Firms with almost unlimited funds of both Defendants.**

This is the Cross-Motion to Compel both Defendants and to Sanction both Defendants for not answering Plaintiffs' Discovery and Interrogatories on time, Staffelds pray to this Honorable Court to; 1.) Deny all Wells Fargo's Motions which were filed in violation of Rule 37 Federal Civil Procedures; 2.) Grant Staffelds Cross-Motion to Compel to full and complete disclosures and answers to their Discovery requests, and 3.) Grant Staffelds' Motion to Sanction against both Defendants accordingly.

The Staffelds confirmed the **FACT** that Wells Fargo is the source of information and the Plaintiffs have not received any answers to Plaintiffs Discovery and Interrogatories and Discovery requests filed, requested. and certified mailed to both Defendants, Wells Fargo and R&J since April 16, 2024.

4) **Defendant Wells Fargo admits their responses to that Discovery was filed on <u>July 14,</u>**

**2025, 88 days after the demand for Discovery and Interrogatories, by Plaintiffs;**

**which are extremely late, insufficient, incomplete, and with deliberate omissions.**

Therefore, Staffelds are asking this Honorable Court to hear and entertain the Plaintiffs' Cross-Motion to Compel against Defendant Wells Fargo, Motion to Compel against Defendants R&J, and Motion to Sanction both Defendants, to each pay to Staffelds the amount of $250,000 in penalties and fees immediately. The First Attorney filed their answer 88 days from the time of request (Page 3 of pleadings electronic time stamp "Case 4:24-cv-12811-SDK-DRG ECF No. 43, PageID.885 Filed 07/14/25 Page 10 of 15"). Despite the **FACT** that both Defendants; Wells Fargo and R&J have almost unlimited funds, and several Attorneys at their disposition, and have not responded to deeming Staffelds' timely answers and timely requests for Discoveries and Interrogatories in violation of Fed. R. Civ. P. 33.1.

Therefore, the Plaintiffs, Staffelds seek an order from this Honorable Court to deny Wells Fargo's Motion to Compel based on Defendant's abuse of process because not only Plaintiffs responded timely to the Discovery request and answered all Interrogatories timely and fully, it is in FACT Wells Fargo that responded to Plaintiffs Discovery and Interrogatory 88 days and the Second Defendant, R&J, has not answered them yet; therefore, the Plaintiffs urges this Court to grant Plaintiffs' Motion to Sanction both Defendants. Additionally, the Plaintiffs are urging this Honorable Court to implement Fed. R. Civ. P. 36 and consider all the FACTS Plaintiffs presented before this Court, finding both Defendants the RFAs admitted by Defendants; and awarding the Staffelds all the costs Plaintiffs incurred as a result of both Defendants late response, non-response, deliberate, and malicious omission in their answers which is dispositive of their claims. The burden in objection is Wells Fargo's because they are objecting; which poses undue burden according to Fed. R. Civ. P.33(b) which has posed

severe burden on Plaintiffs, vague ambiguities, and several questions about Staffelds

background are not questions relevant to the case in hand. Also, Plaintiffs suffered

irreparable harm as a result of Attorneys' ethical violations, lack of communication between

the Attorneys for Wells Fargo, and caused Plaintiffs damages beyond repair and restitution.

Staffelds want this Honorable Court to Sanction both Defendants immediately.

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 30(c)(2) in situations where a Defendant orders Attorneys deliberately to

avoid s answering questions and vice versa or engaging in otherwise inappropriate conduct;

this rule specifies the very limited circumstances under which an Attorney and Defendant can

be instructed not to answer the questions, otherwise they should. Wells Fargo's Attorneys

inserted privilege in answering every question that proves Plaintiffs' complaint and case

beyond preponderance of evidence; inserting an Attorney /client privilege. Wells Fargo and its'

Attorneys deliberately did not provide all the documents including internal memorandums

Plaintiffs requested which were not produced and shall not be considered subject to

Attorney/client privileges. The rule provides termination of limitations in answering the

questions; when improper conduct of the Attorneys and Defendants. Here, First Attorneys

accused the Plaintiffs that they did not respond to their Discovery timely. Plaintiffs' answers

and documents were submitted by certified mail to the First Attorney April 16, 2025 within 28

days of their request. Despite the FACT that Staffelds were simultaneously fighting the

eviction order by the Second Defendant. Wells Fargo and its' Attorneys admittedly filed their

answer (computerized time stamped) to Plaintiffs 88 days later. Therefore, Staffelds are

entitled to a full Discovery and Interrogatory and disposition according to Fed. Civ. P.

30(d)(3).

According to Fed. R. Civ. P. 37(a)(4) evasive or incomplete answers are considered a failure to answer. It is an undeniable FACT that Wells Fargo has full access to all the documents that they are requesting from Staffelds. The production of documents Wells Fargo provided has been limited to less than 25% of what Staffelds asked. There is also an Attorney ethical violation subject to Fed. R. Civ.  P. 31(b) that prohibits Attorneys from assisting to delay, false and incomplete testimony, and conduct intended to embarrass the Pro Se Plaintiffs.

In Walker v. Donovan, No. 19-3784, 2003 WL 2734216 (D.D.C. Mar. 31, 2023) (Chutkan, J.), emphasizing the party's right to the information in the possession of adverse party and the obligation under the FOIA that consists with the Court's finding; consists with requirement that Wells Fargo should have provided ALL information requested even if it means admission of fraud, waste, abuse, and misconduct. According to exemption 7(c) of the rule, the questions Wells Fargo claims Staffelds did not answer were in fact unwarranted invasion of their privacy. The deliberate withholding of information privy requirement and Defendants Wells Fargo's refusal to submit the information is inextricably intertwined with deliberative omission of information provided against rule 33, 34, 37(a), and 26(b)(1). Because, on one hand, Wells Fargo is asking character evidence in their Discovery. On the other hand, they are withholding information that should be subject to FOIA disclosure and contractual mortgage agreement the Defendants signed and agreed to. Another example of such, were letters Wells Fargo refused to provide in their answers prior to foreclosure. Wells Fargo also did not produce requested documents and dictation of several calls Staffelds made and assurances they were given for loan modification. The issue remains whether Wells Fargo was right in foreclosing the loan on a deceased person? The defendant cannot prove that they served a deceased person or her estate. The Defendant, Wells Fargo did not produce answers to 75% of the questions nor did

they produce requested documents against Fed. R. Evid. 401, not only the information requested by Plaintiffs was relevant and unprivileged according Fed. R. Evid. 403, the exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time, and late by 88 days are several examples of bad faith by Wells Fargo and presented and expected to the late answers presented and they impose tremendous amount of hardship by expecting the Plaintiffs to analyze, respond, and present oral arguments, and prepare for them in less than two weeks, shows flawed and unethical character of Wells Fargo's Attorneys and prejudicial, unduly burdensome, expensive, and oppressive to Staffelds. Therefore, for being late 88 days to answer discoveries and answering the complaint.

## A. This Honorable Court should order Defendant Wells Fargo to respond to Staffelds Discovery requests.

It is ironic that Wells Fargo answers the Discovery and Interrogatory 88 days later (page 1 of Motion to Compel by Defendant) and sends two deficiency letters including claiming that the answers were sent late. The deficiencies Wells Fargo is claiming in Plaintiffs' answers, in their objection are already asked and answered and are excessive Discovery for the purpose of sabotaging. However, Wells Fargo never provided the Plaintiffs and the Court with the names, addresses, phone numbers, and email addresses as requested by Plaintiffs of all people in Wells Fargo chain of command in violation Fed. R. Civ. P. 33(b)(3), 33(b)(5), 34(a)(1) nor can claim such information is an attorney/client privilege. Despite Wells Fargo's erroneous claim "In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)" it is the FACT that Wells Fargo cannot assert the privacy of information because it's a publicly registered Company doing business in the State of Michigan, relevant questions to the case, and they refused to answer to questions that were harmful to their

defense. Wells Fargo shall provide full disclosure with regard to the documents and electronic files that are clearly in their possession of because they are the source of this information. This answer serves as Plaintiffs' request for Protective Order for the information Plaintiffs did not or were not able to provide due to their exigent circumstances of living conditions during the moving process. As exhibit "A" proves while the Attorneys were so adamant to provide this Honorable Court with proof of service of their deficiency letters they could not provide; proof of service or 1) foreclosure letter to Dorothea Staffeld because she was deceased. 2) proof of service or answer to loan modification application. 3) proof of service for notification of Sheriff Sale.

Here, when Plaintiffs asserting that the Defendants are invading the Plaintiffs' privacy by asking personal questions and have disclosed the answerers and all documents in compliance with rule 37, , the Defendants cannot and did not present any justifiable reason for; 1.) responding 88 days late to Plaintiffs Discovery; 2.) Seeking information already known to the Defendant. 3.) It has not complied with Rule 31. 4.) Have knowledge of consequences of late and incomplete responses against Rule 37(a). 5.) and deliberately evade answering questions and engaging in inappropriate conduct. 6.) Plaintiffs is filing Cross-Motion to Compel under Rule 37(a). 7.) Plaintiffs are seeking monetary Sanctions according to Rules 30(d)(2) and 37(b).

**B) Deeming RFAs Admitted Would Be Unjust and Prejudicial**

Under Fed. R. Civ. P. 36(b), the Court may permit withdrawal or amendment of admissions if it would promote the presentation of the merits and not prejudice the requesting party. Deeming the RFAs admitted would effectively resolve key factual issues in Defendant's

favor without a trial, which would be especially harsh given Plaintiffs' pro se status and willingness to comply.

Courts in the Sixth Circuit have recognized that default admissions should not be used as a procedural trap, particularly where the responding party is unrepresented and the delay does not cause undue prejudice. See *Kasper v. AAC Fleet Footwear, Inc.*, No. 1:04-CV-005, 2005 WL 8155117 (S.D. Ohio Mar. 31, 2005).

Further, Courts in the Sixth Circuit have recognized that pro se litigants are entitled to some leniency, particularly where there is no showing of bad faith or prejudice to the opposing party. See *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010).

Granting Defendant's request to deem all admissions admitted would effectively result in a default judgment on key issues. This would be inconsistent with the preference for resolving cases on their merits, especially where Plaintiffs are pro se and the delay has not caused material prejudice.

The Court should deem Plaintiffs' request for admission to both Defendants; admitted because Defendants failed to timely respond, despite being warned of the consequences for failure to do so. Fed. R. Civ. P. 36(a)(3). Therefore, Plaintiffs are requesting this Honorable Court to Sanction both Defendants from submitting further evidence according to Fed. R. Civ. P. 16 of civil procedures. The rules justify Sanctions because it specifies a party responding to a request for admission must do so within 30 days. Because the Plaintiffs answered Discovery within 28 days of service and Defendant answered Discovery within 88 days of service. So, who is late? Plaintiffs or Defendant? The answer is Defendant is late and according to Fed. R. Civ. P. 36(a)(3) and "Bell v. Kontech, 253 F.R.D. 413, 415 (N.D. Ohio 2008)". It is the FACT that Wells Fargo did not answer Discoveries on time

nor completely should be demanding extension nor inserting Attorney/client privileges as they are in violation of the Rules. According to Cf. Compton v. Laing, No. 1:21-cv-00104, 2022 WL 2252597, at *2 (W.D. Ky. June 21, 2022) (quoting Jones-Bey v. Conrad, No. 3:16-cv-723, 2020 WL 2736436, at *4 (W.D. Ky. May 26, 2020) and pursuant to Plaintiffs Cross-Motion to Compel, even if Staffelds as a Pro Se litigant admitted by default; which Staffelds refuse to do so, Defendants cannot request Summary Judgment because; in FACT it is the Defendant that is late in answering and not the Plaintiffs. Therefore, Plaintiffs are entitled to Sanctions and grant of Cross-Motion to Compel against the Defendant and so they are requesting the Honorable Court to Deny Motion to Compel by Defendant, and grant Cross-Motion to Compel by the Plaintiffs. Wells Fargo did not respond to Plaintiffs RFA's within 30 days as required under Fed. R. Civ. P. 36(a)(3). Subsequently, Wells Fargo are engaging in abuse Discovery process by objecting to Staffelds answers to be complete response to the best of their abilities and Defendant refuse to provide complete answers; including the letters that were sent to Staffelds were not produced. Proof of service to Dorothea Vermillion Staffeld and Karl Staffeld was never produced and nor was the proof of service; one for addressing Karl and Azar Staffeld as rightful heirs of Dorothea Staffeld. Wells Fargo admitted being notified of Dorothea's death, recording the title in Karl and Azar Staffeld's names, but refuses to validate recording before Washtenaw County Register of Deeds. 2.) Serving either one of them with notice of foreclosure (Defendant failed to do as the Discovery documents clearly indicates). 3.) Clearly Wells Fargo could not have served a deceased person (Dorothea Staffeld). 4.) Wells Fargo failed to provide letter of denial of loan modification application and service thereof. 5.) Wells Fargo failed to provide notices to Staffelds that their property is being sold on June 1, 2023

in Sheriff's Sale. 7.) As a result of Wells Fargo not complying with the requirements of law and the inability to produce several notices of adverse actions against Staffelds and Dorothea Staffeld, that was due to them, so they could be able to defend themselves, or to be able to rectify, appeal, or file for Court proceedings, Wells Fargo took away and violated Staffelds' constitutional right to due process and put them in such disadvantage that their home was sold in Sheriff's sale and later they have to deal with a loan shark; the Second Defendant; R&J, that took away their most valuable possession (from them and their family members) in gross violation of statutes and case laws both Defendants, Wells Fargo and R&J, should have known or been advised by their expensive Attorneys against their better judgment, whether Staffelds are entitled to service, notification, and fair treatment whether they are dead or alive.

**C) 1) Wells Fargo's Motion to Compel shall be denied; 2) Staffelds are entitled to its costs and fees necessitated by the Cross-Motion, and; 3) Motion to Sanction.**

According to Fed. R. Civ. P. 37(a) and 37(a)(5)(A) that mandates the Courts to grant costs and fees and penalties when a Defendant manipulates the justice system while they are themselves wrongdoers to intimidate, harass, and compel with unjust cause to adhere to their requests; here, Wells Fargo has unlimited access to ALL information, documents, and electronic file but is asking the Plaintiffs to produce them which is grossly prejudicial, improper, and unfair to Staffelds and beyond their abilities to produce. Wells Fargo's assertion of unjust privileges, ambiguous, and incomplete answers, and over broad objections is attestation of their combative strategy and makes Staffelds entitled to receive the amount of $250,000 which was their reasonable expenses and costs for the damages as a result of breach of contract and judicial remedy of expectation interest reliance interest

12

and restitution; because it is in FACT Staffelds that suffered incidental and consequential damages caused by the breach and not Wells Fargo. § 347 Topic 2. Enforcement by Award of Damages; measure of damages.

## CONCLUSION

The First Defendant, Wells Fargo, has called, threatened, and frivolously claims that the Plaintiffs did not provide the Defendant answers to Discovery and Interrogatories in their pleadings, while the First Attorney received them by certified mail within the 28-day statutory period. Plaintiffs respectfully request that the Court grant leave to serve responses to the RFAs and other discovery requests within 14 days or another reasonable period. Plaintiffs are committed to participating in discovery in good faith going forward and will avail themselves of those resources that are available to guide them in navigating the Federal Rules of Civil Procedure. Therefore;

1.) Plaintiffs are praying before this Honorable Court to deny the Defendants' Motion to Compel for the reason of misrepresentation of FACTS.

2.) To grant Cross-Motion to Compel Wells Fargo to provide the Plaintiffs with full and complete responses to all questions and produce ALL documents in their possession without omission of Plaintiffs Discovery and Interrogatory that was certified mailed to the First Defendant and compel the Defendant to produce complete answers to all questions and produce all the documents electronic and otherwise without omissions. Especially the call log reports that by not producing them Defendant disproves their own defense. Therefore, deny the Defendants objection to Plaintiffs' Answer and grant Plaintiffs' Motion to Compel to produce the ENTIRE RECORD within five days.

3.) Grant Plaintiffs' Motion to Compel the Second Defendant, R&J, to produce answers to

Plaintiffs Discovery and Interrogatories and impose Fed. R. Civ. P. 11 Sanctions for the amount of $250,000 for fees and penalties and Sanction R&J; that their lack of response is admission to all of Plaintiffs' claims in Complaint.

4.) Deny Defendants Motion to Compel Plaintiffs from further providing additional answers and grant Plaintiffs Motion to Compel against Defendants grossly insufficient and incomplete and deliberately omitted material in their possession.

5.) Grant the Sanction to Plaintiffs' Motion to Sanction Wells Fargo by immediate payment of $250,000 to Plaintiffs and further treating their violations of Fed. R. Civ. P. 11(a), 11(b), and 37, as admissions to the Plaintiffs' claims in Complaint for answering with deliberate omission and 88 days late.

6.) Awarding Plaintiffs the reasonable costs of their time especially during loss of residence caused by both Defendants; Wells Fargo and R&J. Plaintiffs are navigating this litigation without legal counsel and request the Court's leniency in allowing them to cure any deficiencies. Based on the foregoing reasons, Plaintiffs respectfully request that the Court :

    A.    Deny Defendant's motion to deem the RFAs admitted;

    B.    Deny or limit the motion to compel to the extent Plaintiffs are now prepared to respond;

    C.    Grant Plaintiffs leave to serve full written responses within 14 days; and

    D.    Deny Defendant's request for costs and fees, as Plaintiffs' conduct was not in bad faith.

    E.    Grant Plaintiffs Motion for Protective Order.

7.) Ordering the parties to reconvene in pre-trial conference within a month.

8.) Granting Plaintiffs' Motion for emergency Injunctive Relief that has been outstanding before this Honorable Court since October 24, 2024. In light of suffering irreparable harm due to R&J's eviction of Plaintiffs within 72-hours, the Plaintiffs petition before this Court;

A) Sanction R&J.

B) Sanction Wells Fargo.

Respectfully submitted,

By: /s/ *Karl Staffeld*

Karl Staffeld

Plaintiff, Pro Se

By: /s/*Azar Staffeld*

Azar Staffeld

Plaintiff, Pro Se

Dated: July 31, 2025

15

## CERTIFICATE OF SERVICE

Plaintiffs hereby certify that on July 31, 2025, they caused a copy of the foregoing Response and Cross-Motion to Defendant Wells Fargo Bank's Motion to Compel Discovery, to Deem the Requests for Admission to Plaintiffs Admitted, and for an Award of Expenses, to be electronically filed with the United States District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. Plaintiffs further certify that a copy has also been sent via U.S. Mail to the following addresses:

TROUTMAN PEPPER LOCKE LLP
Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, MI 48075

TROUTMAN PEPPER LOCKE LLP
Mark D. Kundmueller (P66306)
222 Central Park Avenue, Ste 2000
Virginia Beach, Virginia 23462

SOBLE PLC
David Soble (P49662)
31800 Northwestern Hwy #350
Farmington Hills, MI 48334

Plaintiffs further certify that on July 31, 2025, a courtesy copy was sent via U.S. Mail to Magistrate David R. Grand, 200 E. Liberty Street, Suite 400, Ann Arbor, MI 48104.

*Karl Staffeld*

Karl Staffeld
Plaintiff, Pro Se

*Azar Staffeld*

Azar Staffeld
Plaintiff, Pro Se