## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD and AZAR STAFFELD, | Civil Action No. 24-12811 |
| Plaintiffs, | Shalina D. Kumar |
| v. | United States District Judge |
| WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, *et al*. | David R. Grand United States Magistrate Judge |
| Defendants. _____/ | |

## ORDER STRIKING DOCUMENT (ECF No. 49)

The Court has reviewed "Plaintiffs' Answer to Defendant's Motion to Compel and Plaintiff's Cross-Motion to Compel Both Defendants [] to Answer to Discovery and Interrogatories and Plaintiffs' Motion to Sanction both Defendants for Withholding Information" (ECF No. 49). The Court **STRIKES** this document for the following reason(s):

☐ Missing statement of concurrence. *See* Local Rule ("LR") 7.1(a).

☐ Missing required information (e.g., table of contents, concise statement of issues, controlling or most appropriate authority, index of authorities, index of exhibits, etc.). *See* LR 7.1(d)(2).

☐ Wrong font size or improperly formatted (e.g., single-spaced, improper margins, missing page numbers, etc.). *See* LR 5.1(a)(2), (3).

☐ Does not comply with Rule 19(b) of the Electronic Filing Policies and Procedures, regarding filing exhibits electronically. *See* LR 5.1.1(a).

☐ Does not comply with Local Rule 5.3, regarding filing an item under seal in a civil case.

1

☐  Over-length.  *See* LR 7.1(d)(3).

☐  Motion to dismiss/response to motion to dismiss relies primarily on summary judgment cases.

☒  Other: <u>Plaintiffs' filing, which purports to respond to Wells Fargo's motion to compel and moves to compel discovery responses and for sanctions, violates E.D. Mich. LR 7.1(i), which provides, "Motions must not be combined with any other stand-alone document.  For example, a motion for preliminary injunctive relief must not be combined with a complaint, a counter-motion must not be combined with a response or reply, and a motion for downward departure must not be combined with a sentencing memorandum.  Papers filed in violation of this rule will be stricken."  Moreover, even taking into account Plaintiffs' *pro se* status, their filing is frivolous and vexatious as it makes sweeping assertions of wrongdoing by Defendants and their counsel and of compliance by Plaintiffs without attaching any proof.  If Plaintiffs wish to move in the future for an order compelling Defendants to produce certain information, Plaintiffs must attach a copy of the salient discovery requests and Defendants' responses so that the Court can evaluate the merits of Plaintiffs' contentions.  Similarly, whereas Plaintiffs contend that they timely and properly answered Wells Fargo's discovery requests, without a copy of their purported answers (and certificate of service of same), the Court cannot determine that contention's merits.  Finally, the Staffelds' filing is rife with rhetoric and conclusory accusations of wrongdoing by Defendants and their counsel, none of which is substantiated by any evidence whatsoever.  While the Staffelds have every right to vigorously advocate for the relief they seek, they would be well-served to do so by focusing on any *evidence* that supports their claims, and refraining from the type of vague, conclusory, and unsupported assertions that permeate their instant filing.  The Staffelds are warned that the Court may strike or summarily resolve future filings in which they seek relief without providing an evidentiary basis.</u>

**IT IS SO ORDERED**.

Dated: August 5, 2025              s/ David R. Grand
                                   DAVID R. GRAND
                                   UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2025.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager