# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 16. Circuit Rule 27-3 Certificate for Emergency Motion

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form16instructions.pdf*

| 9th Cir. Case Number(s) | 4:24-cv-12811 |
|---|---|

| Case Name | Emergency Motion for Expedited Hearing |
|---|---|

I certify the following:

The relief I request in the emergency motion that accompanies this certificate is:

Temporary Restraining Order "STOPPING" Defendant R&J Group Holdings, LLC (R&J) from selling the First Property.
Temporary Restraining Order "STOPPING" Defendants R&J from foreclosure sale of Second Property Immediately.

Relief is needed no later than *(date)*: 08/20/2025

The following will happen if relief is not granted within the requested time:

If the foreclosure sale of the Second Property is not STOPPED, The Plaintiffs and their household members will lose their home forever and the damages will be immediate, severe, irrepairable, and permanent.

If the sale of the First Property is not STOPPED,

If the Corporate veil is not PIERCED,

I could not have filed this motion earlier because:

The Defendant served the foreclosure sale notice on 07/31/2025. This is the only service done by Defendants since 2/5/2025. They recorded the mortgage without notice to the Plaintiffs.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

I requested this relief in the district court or other lower court: ⦿ Yes ○ No

If not, why not:

> Circuit Court of Washtenaw County on 7/1/2025 a hearing has not been scheduled.

I notified 9th Circuit court staff via voicemail or email about the filing of this motion: ○ Yes ⦿ No

If not, why not:

> Because the case is pending in the United States District Court Eastern District of Michigan.

I have notified all counsel and any unrepresented party of the filing of this motion:

On *(date)*: 08/11/2025

By *(method)*: Certified mail, e-serve pacer system , and email.

Position of other parties: Defendants

Name and best contact information for each counsel/party notified:

> David Soble (P49662)
> George Blackmore (P76942)
> SOBLE PLC
> 31800 Northwestern Hwy #350
> Farmington Hills, MI 48224
> 888-789-1715
> dsoble@provenresource.com

I declare under penalty of perjury that the foregoing is true.

**Signature** /s/Karl Staffeld /s/Azar Staffeld     **Date** 08/12/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 16**                    2                    *Rev. 11/21/2019*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KARL STAFFELD AND
AZAR SADEGHI-STAFFELD,

      Plaintiffs,

     -v-

WELLS FARGO BANK, N.A., a subsidiary
of WELLS FARGO & COMPANY, and
R & J Group Holdings, LLC, a Michigan
limited liability Company,

      Defendants.

Case No: 4:24-cv-12811
Hon. Shalina D. Kumar

_____/

Karl Staffeld and Azar Staffeld
Plaintiffs, *Pro Se*
341 Corrie Road Ann Arbor, MI 48105
(734) 929-6969
karlstaffeld@gmail.com

Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, MI 48075
248-469-4749
miranda.boulahanis@troutman.com

David Sobel (P49662)
George Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48224
(888) 789-1715
dsoble@provenresource.com

_____/

## EMERGENCY MOTION FOR EXPEDITED HEARING

## AND IMMEDIATE INJUNCTION

### INDEX OF AUTHORITIES

**<u>Cases</u>**

ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987)

National Business Services, Inc. v. Wright, <u>2 F. Supp. 2d 701</u>, 709 (E.D.Pa.1998)

Fed. R. Civ. P. 65

Fed. R. Civ. P. 11

United States v. Bestfoods, 524 U.S. 51 (1998)

Ado Finance, AG v. McDonnell Douglas Corp., 931 F. Supp. 711 (C.D. Cal. 1996)

Perpetual Real Estate Services, Inc. v. Michaelson Properties, Inc., 974 F.2d 545 (4th Cir. 1992)

Foodland Distributors v. Al-Naimi, 220 Mich App 453, 456; 559 NW2d 379 (1996)

Gallagher v. Persia, 315 Mich. App. 647,891 N.W.2d 505

Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co., 510 N.W.2d 153 at 158 (1993)

Presto-X-Co., 442 N.W.2d at 89

## INDEX OF EXHIBITS

Exhibit "A" – Certificate of Redemption

Exhibit "B" – Washtenaw County Parcel Summary

Exhibit "C" – List of Improvements 2017 to 2023

Exhibit "D" – R&J Expenses Spreadsheet

Exhibit "E" – R&J profit Accounting Spreadsheet

Exhibit "F" – 341 Payeur Mortgage

Exhibit "G" – 341 Payeur Proof of Payment

Exhibit "H" – List of Improvements 2023 to 2025

Exhibit "I" – 341 Payeur Foreclosure Notice

Exhibit "J" – 341 Corrie Lease Agreement

Exhibit "K" – 341 Purchase Agreement

Exhibit "L" – List of Illegal Federal Acts by R&J

Exhibit "M" – Motion to Expedite

## STATEMENT OF FACTS

1.    R&J Group Holdings, LLC (R&J) is trying to sell the property located at 341 Corrie Road, Ann Arbor, MI 48105 (First Property)  and is trying to sell the foreclosed property located at 341 Payeur Road, Ann Arbor, MI 48108 (Second Property) in the Sheriffs' Sale on August 27, 2025.

2.    R&J redeemed the First Property during the redemption period for $532,072.90 (Exhibit "A" – Certificate of Redemption).

3.    R&J reported the purchase at $800,000 to the Internal Revenue Service and Washtenaw County Record of Deeds (Exhibit "B" – Washtenaw County Parcel Summary).

4.    R&J is selling the First Property and claims to have a Purchase Agreement for $1,275,000. It is the updates the Staffelds have done on the First Property that has raised the value (Exhibit "C" – Improvements from 2017 to 2025).

5.    R&J is either selling the First Property to one of their Chaldean Mafia members or to an innocent purchaser. In either case, R&J is disregarding the authority of this Honorable Court to intervene and trying to defeat their collectability.

6.    If R&J sells the First Property they "will" file bankruptcy or dissolve the R&J Corporation and make themselves "uncollectable."

7.    R&J paid $535,072.90 for the First Property during the redemption period; and is selling it within a year-and-a-half for 2.5 times the price they purchased (Unjust Enrichment as a result of Breach of Contract) with Plaintiffs; Staffelds.

8.    R&J reported the purchase of the First Property for $800,000 fraudulently to Washtenaw County Register of Deeds..

9.  R&J unfairly, unjustly, and maliciously did not remove the Barton Hills Lien, Breached the Purchase Agreement Contract by making it IMPOSSIBLE for Staffelds to obtain a mortgage.

10. R&J charged the Plaintiffs, Karl Staffeld and Azar Staffeld (Staffelds) interest on the Lease Agreement purchase price of $1,050,000. (Exhibit "D" – R&J Rent, Interest, and Expenses sheet)

11. R&J changed the price three times because they never intended to sell from the beginning (fraud inception and predatory lending by charging more than 25%.)

12. R&J made $1,538,437.10 Total amount of Unjust Enrichment within one year ($728,322.90 Out-of-pocket + 811,677.10 Total amount received), collected $60,000 in rent, plus $10,000 Security Deposit, plus $20,000 bond release from District Court (Exhibit "E" – R&J Profit Accounting)

13. R&J put $250,000 mortgage on the Second Property (Exhibit "F" – Payeur Mortgage).

14. R&J only paid Staffelds $193,295.98 for Second Property (Exhibit "G" – Payeur Proof of Payment Receipt). R&J then forced Plaintiffs to withdraw their Federal Complaint against Barton Hills Village and use the funds to remodel and repair the property to remediate the Lien in order to sell the property to Staffelds.

15. R&J put $250,000 mortgage on the Second Property and committed mortgage fraud.

16. R&J did not send notice to Staffelds of their intent to foreclose and now are trying to selling the Second Property in the Sheriffs' Sale on August 27, 2025, to Recover $252,000.

17. R&J's Attorney, David Soble, violated the attorneys' ethical rules by NOT SENDING Staffelds notice of intentions of his clients to collect and foreclose the Second Property.

2

18.     R&J charged Staffelds for Property Taxes, Homeowners' Insurance, Fees, and Interest on
an Agreement that they breached an expense sheet that they collected (Exhibit "D" – R&J
Expenses sheet).

19.     R&J defrauded Staffelds, with assistance of their Attorney, from the beginning and did
not want to sell the First Property back to them against the agreement made during the
redemption and later they Breached the Sales Contract. In reliance of R&J's Contract,
Staffelds spent the entire $193,250 on renovation of the First Property so that it would
appraise higher in order to obtain a favorable mortgage (Exhibit "H" – List of
expenditures after R&J's redemption). Defendants by submission of Attorney Soble are
asking for $265,000 to release the Second Property.

20.     During their ownership and tenancy, Staffelds spent thousands of dollars on: Remodeling,
Repairs, Materials Labor, Equipment Rental, Appliances, and Sub-contractors to upgrade
and make the First Property ready for appraisal to obtain a mortgage. Staffelds had no
choice but to correct problems associated with the First Property to rectify the Lien:
enriched Defendants R&J further by not reimbursing them for their out-of-pocket
expenses and trying to remove the lien.

21.     R&J committed FRAUD in inducement because not only they wanted to defraud
Staffelds by Breaching their Contract to sell, they compelled Staffelds to spend thousands
of dollars to remediate the problems with water retention, backyard, etc., and all Village
requirements to empower R&J to remove the Lien that was assessed during R&J's
ownership which made it IMPOSSIBLE for Staffelds to obtain a mortgage.

22.     R&J are selling the First Property without removing the Barton Hills Village (BHV) Lien;
so their Attorney claims, to one of their cronies or Mafia members in an attempt to further

3

DEFRAUD Staffelds so they can make themselves uncollectable later even if this Honorable Court finds against them.

23.    R&J forced the Staffelds to correct the First Property's violations to remove the BHV Lien.

24.    The sale of the Second Property is scheduled by R&J attorney to AGAIN defraud and evict Staffeld from their Second Property and their place of residence.

25.    R&J's motivation is not just obtaining "Dirty Money" by committing FRAUD and TAX EVASION with their Attorneys David Soble and Anthony Mammina's assistance; but also, to make Staffelds, their Senior citizens, minor grandchildren, and all other members of their family homeless, deliberately, maliciously, and illegally.

26.    R&J did not answer to previous Emergency Motion; therefore, admitting to all Plaintiffs claims, facts, and occurrences in this case; so Staffelds are asking this Honorable Court to Order.

## PRAYER

Plaintiffs pray before this Honorable Court for Justice for Plaintiffs, Justice is not vengeance, it is the Truth which Plaintiffs are establishing by Undeniable Facts.

1. Enjoin R&J from Sheriffs Foreclosure Sale of <u>Second Property</u> on <u>August 27, 2025</u>.

2. Enjoining R&J from Sale of the <u>First Property</u>.

3. Sanction the Attorneys for R&J, Anthony G. Mammina (P37684) and David Soble (P49662), for not sending Staffelds a notice of recording and intent to foreclose mortgage according to mortgage documents.

4

4. PIERCING THE CORPORATE VEIL so that R&J cannot make themselves uncollectable and include Jerry Watha and Rana Matar as Defendants.

5. Enjoining R&J from Sheriffs Sale of the Second Property.

6. Sanction R&J to pay Staffelds $252,000 immediately before they make themselves uncollectable and Release and Expunge the mortgage on the Second Property for Mortgage Fraud, Unjust Enrichment, and Grant Staffelds Quiet Title of the Second Property.

7. Order R&J to pay Staffelds the costs of repair, remodeling and upgrades done after their "ownership of record" of $252,000.

8. Refer R&J to United States Attorney's Office for Fraud Investigation, Tax Evasion, Criminal Enterprise, Extortion, Racketeering, Criminal Usury, and Predatory Lending.

9. Order Jerry Watha and Rana Matar to be personally entered in this litigation for protection of Staffelds rights to Future Recovery.

10. Staffelds are praying before this Honorable Court to Sanction both Attorneys for unethical conduct, assisting R&J with Tax Evasion, assisting with Wrongful Eviction and Foreclosure, Unlawful Sheriffs Sale of Second Property, and instructing R&J to Breach their Contracts with Staffelds.

11. It is easier to stop the Foreclosure Sale, and Sheriffs Sale, than to undo a Foreclosure later because the harm to the Staffelds will be irreparable again.

12. Enjoin R&J to STOP selling the First Property and Second Property because there is a danger that Staffelds' recovery will be lost forever and harm will be Irreparable AGAIN. Just like they lost possession of the First Property.

Unless the Temporary Restraining Order is ordered, R&J will be Unjustly Enriched from product of Staffelds labor and investment and pursue Sheriffs' Sale and take away Staffelds residence from them AGAIN on 08/27/2025 and another victim; the new buyer of the Second Property, will be added to the list of their victims.

**Introduction and Analysis**

This is a Motion for an Emergency Temporary Restraining Order and Petition before this Honorable Court to issue an Immediate Injunction against Defendant, R&J Group Holdings, LLC ("R&J") to Stop the Sheriffs Sale on Plaintiffs Second Property scheduled on August 27, 2025. Plaintiffs are petitioning before this Honorable Court to Sanction R&J and their Attorneys from evicting Plaintiffs from their Second Home as they did in their First Home and Property. But for Granting this Motion by this Honorable Court, the Plaintiffs, Karl Staffeld and Azar Sadeghi-Staffeld ("Staffelds"), will suffer <u>immediate, severe</u>, <u>irreversible</u>, and <u>irreparable harm</u>. If this Motion is not Granted, Staffelds, their grandchildren and their several senior citizens and disabled household members will immediately lose their place of residence. If the Sheriffs' Sale happens another three situations may happen:

1) R&J buys Staffelds Second Property.

2) One of R&J's Mafia or cronies buy the Second Property.

3) An innocent person will buy the Second Property.

It is not against Public Policy to Grant this Motion because R&J will not suffer any harm that cannot be compensated; because they paid $193,250 and are collecting $265,000. (Exhibit "I" –

6

Foreclosure Sales Notice). Attorney Soble; while refused to negotiate with plaintiffs, is asking for $265,000 before Sheriffs Sale.

The justification for the Emergency Motion is that R&J Breached Two Contracts; Exclusive Lease with Option to Purchase (Exhibit "J" – Lease Agreement), and Purchase Agreement (Exhibit "K" – Purchase Agreement) by waiting out for both their expiration, refused to renew the lease for another thirteen months against Section 3.1 of the First Contract and refusing to remove the Lien in Breach of the Second Contract which was the only obstacle for Plaintiffs, Staffelds, to repurchase the property, and refused to sign a new purchase agreement.

R& J intentionally, maliciously, and illegally uses legal tactics and Attorneys (Soble and Mammina) at their disposition  to contemplate their illegal actions (Exhibit "L" – List of Illegal Actions). Their attempts to sell both properties; First Property by Sales Contract and Second Property in Sheriffs Sale, makes this case subject to Expedited Review, but the Court did not intervene on time the first time the Plaintiffs filed an Emergency Motion. They are now using yet another tactic by illegal actions and use of their Attorneys to evict Staffels against Rule 11(b). Either way, the Sheriffs Sale will subject deeming Staffelds to loss of residence AGAIN and encourage criminal frauds and criminal organizations to get away with several commission of Criminal Acts, Mortgage Fraud, Predatory Lending, and Unjust Enrichment.

Irreparable harm as a result of Breach of Contract has happened and will further result Plaintiffs, Staffelds, to suffer immediate loss of residence. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987) (emphasis added) (citations omitted). See also National Business Services, Inc. v. Wright, 2 F. Supp. 2d 701, 709 (E.D.Pa.1998)

7

This Emergency Motion addresses the Emergency situation the Plaintiffs are facing and calls to HALT the Defendant's illegal, retaliatory and reckless disregard to Rule 27-3 <u>where Injunctive Relief is absolutely necessary and essential</u> to prevent immediate and irreparable everlasting harms and irreversible damages to the Plaintiffs and their family members for the second time in one year; including several children, senior citizens and disabled individuals to protect them against serious harm and ending up in the street despite the fact that Staffelds were and are the legitimate owners of the First and Second Properties.

The Motion for Temporary Restraining Order was filed previously but in light of Defendants R&J's most recent petition in Lower Court, it necessitates the Honorable Court's immediate attention (Exhibit "M" – Motion To Expedite). There is no perceived threat, financial loss, nor harm to Defendant, but the Defendant is subjecting the Plaintiffs and their immediate family members to permanent harm, irreparable harm, in a legal context, refers to a type of injury or damage that cannot be adequately compensated for, <u>with money</u>, or that <u>cannot be fixed or undone</u>; it the case here. It is a crucial concept in cases where a party seeks Immediate Relief from the Courts to prevent lasting damages. Essentially, it is harm that is not easily remedied by monetary compensation or other actions. This means the Plaintiffs harm must be serious and cannot be adequately compensated by monetary damages alone. While Breach of Contract claims are generally governed by state law, Federal Courts apply Federal law when determining whether to Grant Preliminary Injunctions; or TROs to Breach of Contract that the Plaintiffs have acted in good faith; Staffelds have everything to lose and Defendants R&J have nothing to lose.

<u>The purpose of an Injunction is to prevent harm before it occurs,</u> and once harm has occurred, it may be too late to fully compensate the injured party. The purpose of Injunctive Relief is to prevent future wrong or harm by one party to another and can be issued before or after a <u>Final</u>

Judgment . Irreparable Injury in the absence of such an order; That the threatened injury to the moving party outweighs the harm to the opposing party resulting from the order .

In considering the facts of this case and these factors, Courts apply a "sliding scale" approach where the more likely a movant will succeed on the merits, the less irreparable harm (to the Movant ) needs to be shown in Granting the Injunction. Here, R&J's Real Estate Investment Company benefits are secured even though they are the Breaching Party to several contracts. The Sheriffs Sale will literally terminate Staffelds ownership and put the family on the street. R&J with false pretenses, now is the Title Owner of the First Property and Mortgage Owner of the Second Property. R&J, by usurious acts, obtained the Title to both Properties which is worth twice as much as they spent in redeeming the First Property. R&J mortgaged the Staffelds' Second Property, took most of the proceeds, and spent it on the cost of maintenance of the First Property. Staffelds agreed to it but only for contemplation of the sale of the First Property by R&J. Then, R&J refused to sell and evicted Staffelds and still refuses to negotiate with Staffelds because they think by hiring expensive Attorneys they are automatically above the law. R&J's intention from inception was to DEFRAUD Staffelds out of both Properties; an act of Racketeering. R&J and their Attorneys' malicious actions are guaranteeing violations of several Federal Acts and State and Federal Laws.

Rule 65 of the Federal Rules of Civil Procedure codifies the requirements for Injunctive Relief; permanent loss of unique property and residency status and living arrangements are covered by Rule 65. The core difference lies in the inability to adequately compensate for the harm with money which is not the case here for R&J but it is for Staffelds. Synonyms for "irreparable harm" include "irreversible damage," "irremediable harm," "unrecoverable damage," and "beyond repair." Staffelds claim if this Order is not Granted their damages would be Irreparable,

irreversible, Irremediable, uncoverable, and beyond repair. These terms all indicate a type of harm that cannot be fixed or reversed, cannot be measured or compensated with money or other actions that cannot be undone. R&J, in bad faith, maliciously with aforethought and intentionally is putting Staffelds through the same experience twice in less than a year; to lose their residence which shocks the conscious of any reasonable person. R&J, Jerry Watha, Rana Matar, and their Attorneys lied, cheated, stole, and defrauded Staffelds and are continuing to do so.

Causes of actual harm; actual harm refers to the real and demonstrable injury or damage that a person experiences as a result of another's wrongful act here being R&J. R&J attempted several actions to evict Staffelds; now that the sale of Plaintiffs Second Property in Sherifs Sale for a Fraudulent Debt Claim calls for an immediate intervention by this Honorable Court and qualifies to receive Injunctive Relief according to Rule 65.

Here is a more detailed breakdown:

- Irreversible damage: This emphasizes the lasting nature of the harm, meaning it cannot be undone or changed. If R&J shows to Staffelds' door with Sheriff and puts the rightful owner in the street, their damages, and the extent of the harm will be irreversible on both properties. If R&J is enabled to get away with their illegal and Piracy Actions, as honest taxpaying citizens, what is our recourse?

- Irremediable harm: This highlights the fact that the harm cannot be cured or made better. If Staffelds lose their residence again, they will suffer irremediable harm because the Breaching Party and the Predatory Lender will win. Thinking that the wrongdoer will have satisfaction and the means to harm Staffelds' grandchildren, senior parent, and

10

disabled occupants of their household ONLY IF this Honorable Court does not Grant this Injunctive Relief, <u>shocks anyone's conscience</u>.

- <u>Unrecoverable damage</u>: This focuses on the inability to regain what was lost or damaged. If Staffelds lose their residence, not only they cannot immediately find a suitable house for their residents, the extent of their dilemma and suffering will be unrecoverable damages by the definition of law.

- <u>Beyond repair:</u> This is a more general term that suggests the damage is so extensive it cannot be fixed. The nexus of facts in Wrongful Foreclosure and being subjected to a criminal enterprises' actions of R&J acquiring Staffelds' <u>two properties</u>, under False Pretenses, with intention to DEFRAUD them by R&J; cannot be fixed UNLESS this Injunctive Relief is Granted. Therefore, for Staffelds, the future Grant of money or even success in case will be inadequate and immaterial.

The Plaintiffs pray before this Honorable Court to schedule an Immediate Hearing and submission priority due to immensity of the circumstances of this case. Staffelds are asking this Honorable Court and the Government to intervene by stopping the Defendant to further impede on Plaintiffs' Constitutional Rights and of Ownership to both Properties, being heard before the Court by stopping the foreclosure sale of the Second Property, stopping the sale of the First Property, and by piercing the corporate veil, because R&J is the party with "unclean hands" and the First Breaching party, and not the Plaintiffs.

Plaintiffs are requesting <u>Immediate Injunctive Relief</u> during the course of this proceeding; with anticipation of success in the merits of the case pending before this Honorable Court. The Federal District Court has jurisdiction over issuing Temporary Restraining Order and Injunctive

11

Relief because the facts of the case has same nexus with Defendant Wells Fargo in diversity of citizenship and nucleus parallel of facts and matter in dispute; Ownership of the two Properties; making the Court's jurisdiction Supplemental with regard to R&J and their wrongdoings.

The balance of hardship and liability in litigation is still to Defendant's favor even by Granting the Motion and Relief. If the Motion is not Granted and Relief is not issued, Plaintiffs will never get the opportunity to be heard in violation of their Constitutional Rights and Due Process Protection.

Granting the Motion and Relief serves Public Interest and insert Sanctions to the First Breaching Party. Prayer of the Relief is requesting the Honorable Court to Grant the Motion because it is irreparable harm to lose the primary residence for the family, especially twice in one year. Staffelds are facing a Legal Emergency and bringing the issue before this Honorable Court because they proved and showed the Harm is Certain, Great, Actual, and not Theoretical.

• <u>Balancing of Equities:</u>  Even if irreparable harm is shown, Courts will also consider the balance of equities, weighing the potential harm to the party seeking the Injunction against the potential harm to the other party if the Injunction is Granted. The Staffelds are pleading and asserting their rights to be able to live in their Primary Residence. R&J is pleading for over $1,000,000 profit margin in one year at the expense of the Plaintiffs; Staffelds (Exhibit "E" – Profit Accounting by R&J). By Granting this Injunctive Relief, R&J neither will go out of business, would not lose their principle place of business or residence, the officers of R&J would not lose their primary place of business, nor they would lose the Title to the First Property, Lien on the Second Property, and they are claiming entitlement that was obtained by FRAUD. If the Injunctive Relief is not Granted to Staffelds the consequences will be irreversible and devastating to them and their household members. And no matter what kind of success they attain in this

Court or another Court, R&J is litigating against them; the damages to Staffelds will be irreversible if Foreclosure Sheriffs Sale takes place on 8/27/2025. Therefore, Injunctive Relief should be Awarded.

Irreparable harm is a critical component of any Emergency Motion. The Movant must show that the harm cannot be remedied by monetary damages or a later Court order. To seek a Permanent Injunction, the Plaintiff must pass the four-step test: (1) that the Plaintiff has suffered an Irreparable Injury; (2) that Remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that the Remedy in Equity is warranted upon consideration of the balancing of equities. (4) Injunctive Relief is sought when a Breach of Contract threatens to cause Irreparable Harm that cannot be adequately compensated by monetary damages. Injunctive Relief can help safeguard the interests of the non-breaching party and prevent additional harm; here Staffelds.

### Analysis Of Necessity Of Defendant R&J's Piercing Of The Corporate Veil

Federal Common Law may apply, especially when a federal statute or policy is at issue. For example, in cases involving environmental cleanup under CERCLA, federal courts might develop their own rules for Piercing the Corporate Veil to ensure responsible parties are held accountable. Here; by consideration of criminal enterprise; R&J and its main members several commissions of fraud and breach of several contracts not only they intentionally defrauded the Plaintiffs, unless the corporate veil is pierced it is highly probable Defendants will make themselves uncollectable in the near future.

13

Federal courts, like state courts, consider factors such as undercapitalization, commingling of funds, failure to observe corporate formalities, and <u>fraudulent</u> or <u>inequitable conduct</u> when deciding whether to Pierce the Veil.

A key element in piercing the corporate veil is demonstrating that maintaining the corporate separateness would lead to an injustice, inequity, or fraud. Here, R&J and its members already have committed several acts of fraud and it is foreseeable that they are contemplating to defraud Plaintiffs even further in the near future with assistance, empowerment, and facilitation of their Attorneys; Soble and Mammina.

**Analysis of Cases**

<u>United States v. Bestfoods</u>: This Supreme Court case dealt with the issue of piercing the corporate veil in the context of CERCLA liability. The Court emphasized that a parent corporation could be held liable for a subsidiary's environmental contamination if it directly controlled the subsidiary's operations, but it also clarified that mere ownership of a subsidiary was not enough to justify piercing the veil. Here, the Defendant R&J's several wrongdoings; Fraud, Conspiracy to Defraud, Predatory Lending, Mortgage Fraud, etc., is directly as a "result of conduct of its officers" Jerry Watha and Rana Matar. These two individuals approached Staffelds when they were surprised by the First Sheriff Sale by Wells Fargo and committed theft and fraud in inception; when convinced Staffelds they will sell the First Property to them. Later, they defrauded Staffelds from their Second Property by a fraudulent mortgage and forcing them to spend the proceeds of the mortgage to remediate the Lien removal requirements.

<u>Ado Finance, AG v. McDonnell Douglas Corp.</u>: This case involved a dispute over the sale of aircraft and addressed the application of California law in piercing the corporate veil.

<u>Perpetual Real Estate Services, Inc. v. Michaelson Properties, Inc.</u>: This case involved a dispute over real estate transactions and the application of Virginia law regarding piercing the corporate veil. In <u>Foodland Distributors v. Al-Naimi</u>: the Court Pierced the Corporate Veil when the shareholders committed fraud leading to an unpaid debt by contemplation of making themselves uncollectible.

Piercing the veil is the only equitable remedy that would prevent RJ from unjustifiably, illegally, and fraudulently; Defraud Staffelds from ownership of two properties; both primary residences, damages that they suffered as a result of defendants breach of several contracts, funds spent in anticipation of sale and removal of the lien, and being victims of several acts of fraud by R&J, with further assistance of their attorneys, in contemplation of fraud. Staffelds are praying before this Honorable Court to impose sanctions to RJ and their attorneys for the tremendous amount of grief, humiliation, and heartache.

Now, R&J wants to sell Staffelds First Property under suspicious circumstances with an existing lien. R&J wants to sell Staffelds Second Property in Sheriff's Sale a mortgage was imposed reported with wrong amount and fraudulently obtained in anticipation of sale and repair to remove the lien. It is foreseeable that if the corporate veil is not pierced, Jerry Watha and Rana Matar, with the unethical assistance of their lawyers, will dissolve or bankrupt their corporation, grab the funds, and make RJ uncollectible. Even if this court later found for Plaintiffs and made these two individuals liable for RJ's wrongful foreclosure.

According to Michigan law; When the corporate structure is used to commit fraud, perpetuate a wrong, or cause an unjust loss to a third party, the corporate veil needs to be pierced. Which means the owners of corporation lose their limited liability that corporation provides for them in Gallagher v. Persia; Piercing the veil is an equitable remedy and not a separate cause of action particularly when individuals using corporate protection to commit fraud.

Therefore, Plaintiffs Staffelds are requesting a judgment to be granted to Pierce R&J's Corporate Veil due to a viable claim of fraud, misrepresentation of facts, violation of statute of fraud, and breach of contract by its officers; Jerry Watha and Rana Matar. This is an attempt to impose potential liability to these individuals who lied, cheated, and broke the law to gain access to Staffelds both properties and now they are attempting to sell both of the properties to make themselves richer in an expense of Staffelds by Commission of fraud and want to avoid legal obligations; with assistance of their Attorney Soble.

**Conclusion**

In conclusion, The finding of irreparable harm is only one of three factors required to be demonstrated for Court to Grant preliminary Injunction, the other two being a reasonable probability of success on the merits at a final hearing and a balance of the equities that tips in favor of issuance of the requested relief. Nuttz.com, supra, at 20.

In Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co., 510 N.W.2d 153 at 158 (1993), where the Supreme Court of Iowa held generally that "[w]hen Injunctive Relief is part of the remedy that whether or not the parties stipulated in their agreement, the district Court should issue the Injunction." Citing Presto-X-Co., 442 N.W.2d at 89. Therefore, the case clearly

16

warrants when BREACH and FRAUD causes immediate and irreparable harm, for the Courts to Grant Injunctive Relief.

R&J is fighting to put Staffelds in the street because:

1. They are foreclosing on the Second Property on Sheriffs Sale on 08/27/2025.
2. They imposed a mortgage for $250,000 and TOOK all the proceeds for rent, fees, and property taxes and repairs.
3. They are selling the First Property for $1,275,000 while they are getting unjustly enriched by the labor and materials and updates Staffelds have done on the First Property that raised the value.
4. They refuse to honor the Lease Agreement Section 3.1 for 13 months extension.
5. They are pursuing in Federal Court, Circuit Court, Michigan Court of Appeals, and District Court for intimidation and eviction and foreclosure.
6. They are real estate investors and will not suffer irreparable harm because they have already received over $200,000 profit on their investment within a year.
7. It is against public policy to allow the wrongdoers and breaching parties to win and let the non-breaching party to be irreparable, irreversibly, irremediably, immediately, and beyond repair, harmed by the aggressor even in future success.

Therefore, Staffelds are praying before this Honorable Court to issue an immediate Injunctive Relief and Temporary Restraining Order against R&J to STOP them from pursuing Foreclosure Sheriffs Sale on 08/27/2025 until this Court or The Appeals Court decide on their ownership rights.

Respectfully submitted,


By /s/: *Karl Staffeld*
       Karl Staffeld,
       Plaintiff, *Pro Se*


By /s/: *Azar Staffeld*
       Azar Staffeld,
       Plaintiff, *Pro Se*


Dated: August 12, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2025, I served the foregoing *Emergency Motion for*

*Expedited Consideration and Immediate Injunction,* via USPS first-class mail to the

attorneys of record for the parties to this matter and upon:

Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, MI 48075
248-469-4749
miranda.boulahanis@troutman.com

David Sobel (P49662)
George Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48224
(888) 789-1715
dsoble@provenresource.com

Respectfully submitted,

By /s/: *Karl Staffeld*
Karl Staffeld
Plaintiff, *Pro Se*

Dated: August 12, 2025