UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD and AZAR
STAFFELD,

              Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

              Defendant.

Case No. 4:24-cv-12811

    Hon. Shalina D. Kumar
    Hon. David R. Grand

**DEFENDANT WELLS FARGO BANK, N.A.'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR PROTECTIVE ORDER**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................1

II.  FACTUAL BACKGROUND............................................................1
    A.  Plaintiffs' Claims................................................................1
    B.  Plaintiffs' Motion ...............................................................3
        1.  Wells Fargo's Discovery Requests to Plaintiffs .......................4

III.  ARGUMENT.................................................................................5
    A.  Plaintiffs' Motion is Premature Under L.R. 7.1(a) Because
        Plaintiffs Failed to Seek Concurrence.................................5
    B.  The Rule 26 Standard .........................................................6
        1.  Plaintiffs' Motion Should Be Denied Because Wells
            Fargo has a right to probe Plaintiffs as to their physical
            and mental states as they put them at issue.............................7

IV.  CONCLUSION..............................................................................8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Davis v. Caruso*,
  2009 WL 931165 (E.D. Mich. Mar. 31, 2009) ....................................................7

*Jones v. Caruso*,
  2008 WL 544952 (W.D. Mich. Feb. 25, 2008) ..................................................7

*Lewis v. ACB Bus. Servs. Inc.*,
  135 F.3d 389 (6th Cir. 1998) ..............................................................................6

*Mikko v. Smock*,
  2012 WL 8963809 (E.D. Mich. Sept. 19, 2012) ............................................7, 8

*Nix v. Sword*,
  11 Fed. Appx. 498 (6th Cir. 2001)......................................................................6

*Vartinelli v. Caruso*,
  2008 WL 2397666 (E.D. Mich. June 10, 2008) ..................................................7

**Statutes**

Fair Debt Collection Practices Act ............................................................................2

**Other Authorities**

Fed. R. Civ. P. 26 ...............................................................................................1, 6, 7

L.R. 7.1(a) ..............................................................................................................1, 5

# **CONTROLLING AUTHORITIES**

Fed. R. Civ. P. 26 ................................................................................1, 6, 7

*Mikko v. Smock*,
    2012 WL 8963809 (E.D. Mich. Sept. 19, 2012) .............................................7, 8

## <u>ISSUE PRESENTED</u>

1. Whether the Court should deny Plaintiffs' Motion for Protective Order that seeks to prevent Wells Fargo Bank N.A. ("Wells Fargo") from obtaining any discovery in this matter, including discovery related to Plaintiffs' medical statuses where Plaintiffs put them squarely at issue by, *inter alia*, asserting a negligent infliction of emotional distress claim?

  Wells Fargo Answers:   Yes.

  Plaintiffs Answer:    No.

  The Court Should Answer:  Yes.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by its counsel, submits its Response in Opposition to Plaintiffs' Motion for Protective Order (the "Motion") filed by Plaintiffs Karl Staffeld and Azar Staffeld ("Plaintiffs").

## I.      INTRODUCTION

Plaintiffs' Motion seeks to prevent Wells Fargo from obtaining *any* discovery related to this matter. Specifically, Plaintiffs request to be relieved from their obligation to provide discovery related to their medical statuses, despite putting their medical conditions squarely at issue by, *inter alia*, asserting a negligent infliction of emotional distress claim. Plaintiffs' Motion should be squarely rejected. *First*, Plaintiffs failed to seek concurrence in this Motion as required under L.R. 7.1(a), for this reason alone their Motion should be denied. *Second*, it goes without saying that under Fed. R. Civ. P. 26, Wells Fargo is entitled to obtain discovery in this matter. *Lastly*, as this Court has recognized, Wells Fargo is permitted to obtain discovery related to Plaintiffs' medical conditions as they put them at issue. For these reasons, and those discussed more fully below, Plaintiffs' Motion should be denied.

## II.      FACTUAL BACKGROUND

### A.      Plaintiffs' Claims

On October 24, 2024, Plaintiffs initiated legal proceedings against Wells Fargo, asserting their rightful ownership of real property located at 341 Corrie Road, Ann Arbor, Michigan (the "Property"), which was previously encumbered by a mortgage held by Wells Fargo that has since been foreclosed. (ECF No. 1) As part

of the foreclosure process, the Staffelds purportedly struck a deal with Defendant "R&J Holdings, LLC ("R&J") whereby R&J would redeem the Property, becoming its owner. The Staffelds and R&J also entered into a lease agreement with an option for the Staffelds to buy the Property at the end of the lease for a pre-determined price of $1,050,000." (ECF No. 40-2, PageID.854-64).

The Staffelds assert that they were ready to finalize the purchase of the Property from R&J at the conclusion of the lease, but the transaction could not be completed due to certain liens that were placed on the Property. Following the unsuccessful purchase, the Staffelds got into a dispute with R&J regarding their continued occupancy of the Property as tenants. Consequently, R&J initiated a state court eviction proceeding against them, which ultimately concluded in R&J's favor. The Staffelds no longer reside at the Property.

In their operative amended complaint, the Staffelds assert claims against both Defendants for: Quiet Title (Count I); Injunctive Relief (Count II); Breach of Contract (Count III); Violation of the Fair Debt Collection Practices Act ("FDCPA") (Count IV); Fraudulent Misrepresentation (Count V); Unjust Enrichment (Count VI); and _Negligent Infliction of Emotional Distress_ ("NIED") (Count VII). (ECF No. 19).

Specifically, in their NIED claim (Count VII) the Staffelds allege damages for "emotional distress suffered by Plaintiffs [that] ha[ve] physically manifested . . . in

symptoms including, but not limited to: a) sleeplessness; b) increased anxiety; c) headaches; d) nausea; e) nightmares; f) cold sweats; g) loss of appetite; h) loss of consortium; i) shaking hands; j) two heart attacks; k) several anxiety attacks; l) child endangerment; and m) such <u>other injuries and physical manifestations as may appear during the course of discovery and trial in this matter</u>." (ECF No. 19, PageID.128) (emphasis added). Moreover, Plaintiffs various other claims allege damages related to "emotional and physical damages[.]" *See e.g.*, (ECF No. 19, PageID.122 at ¶60). In short, the Staffelds put their physical and mental health at issue by asserting, *inter alia*, their NIED claim.

### B.   **Plaintiffs' Motion**

Plaintiffs now seek a protective order "based on the FACTS that Plaintiffs are self-representing without [] coun[sel] and both Defendants' aggressive and combative strategies are posing specific risks to Plaintiffs' personal safety, privacy violations, and threats to the integrity of the trial." (ECF No. 48, PageID.1337). Further, that the Staffelds would be subject to "embarrassment, undue burden of expenses, and providing confidential and personal; particularly medical documentation relating to their disabilities and their personnel files." *Id*. Apart from these conclusory and baseless statements, Plaintiffs' Motion asserts no facts to which the Court could conclude that they are entitled to a protective order.

-3-

### 1.    Wells Fargo's Discovery Requests to Plaintiffs

In March of 2025, Wells Fargo served Plaintiffs the following discovery requests: (1) Wells Fargo's First Set of Requests for Admission to Karl Staffeld with Exhibits A through E; (2) Wells Fargo's First Set of Requests for Admission to Azar Staffeld with Exhibits A through E (collectively the "RFAs"); (3) Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Karl Staffeld; and (4) Wells Fargo's First Set of Requests for Production and Interrogatories to Plaintiff Azar Staffeld (collectively the "Discovery Requests").[1]

Plaintiffs' responses are currently due on September 17, 2025.[2] In any event, Wells Fargo concedes that its Discovery Requests probe Plaintiffs as to their physical and mental states because they put them at issue and seek to recover

---

[1] The Discovery Requests were previously attached to Wells Fargo's Motion to Compel. *See* (ECF No. 43, PageID.892-.963).

[2] Despite numerous deficiency letters, Plaintiffs failed to respond to any of Wells Fargo's Discovery Requests. To that end, Wells Fargo filed a Motion to Compel Plaintiffs' Discovery Responses (ECF No. 43 the "Motion to Compel"), which the Court held an in-person hearing on August 4, 2025 (the "Hearing"). Plaintiffs failed to file a timely response to the Motion to Compel, but instead handed the undersigned their response five minutes before the Hearing. At the Hearing, the Court determined that Plaintiffs had until September 17, 2025 to respond to Wells Fargo's Discovery Requests, in part, based on Plaintiffs' representations that they had in fact sent Wells Fargo their responses via mail. In direct contradiction to their representations made at the Hearing, Plaintiffs' response which has since been stricken (ECF No. 50), admitted that they "do not dispute that all responses were not served to all pleadings by the deadlines set forth in the Federal Court Rules." (ECF No. 49, PageID.1341). It is clear from the preceding sentence that "pleadings" refers to the Discovery Requests.

damages for them. *See, e.g*, Section II(A), *supra*; (ECF No. 43-2, PageID.904-905) (Whether you "assert a claim for damages related to mental distress or emotional anguish as a result of any act or omission on the part of Wells Fargo?"). As discussed below, this Court has rejected a similar request for a protective order where a plaintiff put his mental and physical state at issue, therefore Plaintiffs' Motion should be denied.[3]

### III. ARGUMENT

**A.**     **Plaintiffs' Motion is Premature Under L.R. 7.1(a) Because Plaintiffs Failed to Seek Concurrence**

Plaintiffs' Motion is premature and improper under L.R. 7.1(a) and should be rejected for this reason alone. L.R. 7.1(a) provides that:

> [T]he movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, <u>the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows a process aimed at reaching agreement on that matter</u> or those aspects of that matter that can be resolved without court intervention, given the nature of the contemplated motion. <u>The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter</u> (emphasis added).

---

[3] Wells Fargo would be obliged to withdraw its Discovery Requests related to Plaintiffs' physical and mental health if Plaintiffs withdraw their NIED claim, and/or any damages in other counts related to the same.

Plaintiffs did not attempt to seek concurrence from the undersigned, had they done so, the undersigned would have directed them to the relevant authority, which clearly establishes that Wells Fargo is entitled to discovery, including of Plaintiffs' medical statuses.

### B.     The Rule 26 Standard

As the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Indeed, discovery is more liberal than the trial setting, as Rule 26(b) permits any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id* (internal citations omitted). Therefore, it is axiomatic that Wells Fargo is entitled to discovery in this matter.

To that end, to obtain a protective order under Fed. R. Civ. P. 26(c), the movant must establish good cause. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001). Good cause is only established with "specific facts showing clearly defined and serious injury resulting from the discovery sought" and the party seeking the protective order "cannot rely on mere conclusory statements." *Id*. at 500. Plaintiffs bear the burden of establishing good cause. *Id*. Plaintiffs fail to meet that burden here.

-6-

     **1.**    **Plaintiffs' Motion Should Be Denied Because Wells Fargo has a right to probe Plaintiffs as to their physical and mental states as they put them at issue.**

Numerous courts in this district, including this Court, have held that discovery of a plaintiff's medical condition is appropriate where a plaintiff has put it at issue. For example, in *Mikko v. Smock,* 2012 WL 8963809 (E.D. Mich. Sept. 19, 2012), plaintiff filed a motion to seal his medical records or for a protective order governing their use and dissemination. *Id*. at *1. Plaintiff's complaint alleged that he suffered physical injuries due to the defendant's deliberate indifference when the prison guards sprayed chemical agents into a cell next to his and sought damages for pain, suffering, and emotional distress. *Id*. This Court rejected plaintiff's argument and stated "[h]ere, where [p]laintiff has placed his medical condition at issue, his medical records clearly are relevant and, thus, subject to discovery under Fed. R. Civ. P. 26(b)(1)." *Id*. at *2.

This Court further recognized that other courts addressing this issue have reached the same conclusion and ordered production of plaintiff's medical records. *Id*. *See e.g*., *Jones v. Caruso*, 2008 WL 544952, at *1 (W.D. Mich. Feb. 25, 2008) (ordering discovery of plaintiff's medical condition at issue); *Vartinelli v. Caruso*, 2008 WL 2397666, at *1 (E.D. Mich. June 10, 2008) (ordering discovery of plaintiff's medical records where plaintiff had put his medical condition at issue); *Davis v. Caruso*, 2009 WL 931165, at *4 (E.D. Mich. Mar. 31, 2009) (granting

defendant's motion to compel production of plaintiff's medical records where plaintiff put medical condition at issue). The *Mikko* Court concluded that "[w]here [p]laintiff has put his medical condition at issue, [d]efendants are entitled to access all of [p]laintiff's medical records during discovery and to use and disclose these records as necessary for purposes of defending against [p]laintiff's allegations." *Id.* at *2. Similarly, here, Wells Fargo is entitled to discovery related to Plaintiffs' medical conditions as they put them at issue, therefore, the Court should deny Plaintiffs' Motion.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court deny Plaintiffs' Motion for Protective Order in its entirety.

Dated:  August 18, 2025

Respectfully submitted,

/s/ Miranda M. Boulahanis
TROUTMAN PEPPER LOCKE LLP
Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, Michigan 48075
(248) 469-4749
miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutman.com

Counsel for Defendant Wells Fargo
Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I caused a copy of the foregoing Defendant Wells Fargo Bank, N.A.'s Response in Opposition to Plaintiffs' Motion for Protective Order, to be electronically filed with the U.S. District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. I further certify that a copy will be sent via Federal Express to the following address:

Mr. and Ms. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
Plaintiffs, Pro Se

/s/*Miranda M. Boulahanis* (P86222)
Miranda M. Boulahanis