UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD, et al., | Case No. 4:24-cv-12811-SDK-DRG |
| Plaintiffs, | Hon. Shalina D. Kumar |
| v. | Magistrate Judge David R. Grand |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |
| _____/ | |

## DEFENDANT R & J HOLDINGS, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant R & J Holdings, LLC ("R & J"), by and through counsel, submits this response in opposition to Plaintiffs' Motion for Protective Order (ECF No. 48). The motion must be denied for several independent reasons.

Plaintiffs' motion generally makes reference to "both Defendants' aggressive and combative strategies" as a basis for obtaining a protective order, R & J has only filed a motion to dismiss under Fed R. Civ. P. 12(b). Unlike Defendant Wells Fargo, R & J has not served Plaintiffs with any discovery requests, and therefore Plaintiffs face no risk of harassment, embarrassment, or undue burden from R & J. A protective order cannot be justified in the absence of pending discovery, and Plaintiffs have not identified any specific conduct by R & J that would warrant any other extraordinary relief. Accordingly, while R & J

1

concurs with Wells Fargo's analysis, the motion should be denied as to R & J on the independent ground that no discovery has been propounded by R & J to date.

For these reasons, and as more fully set forth in the accompanying brief in support, R & J respectfully requests that Plaintiffs' motion for Protective Order (ECF No. 48) be denied.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore
By: George T. Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
Phone: (888) 789-1715
dsoble@provenresource.com
*Counsel for R & J Holdings, LLC*

Dated: August 18, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD, et al.,                        Case No. 4:24-cv-12811-SDK-DRG

    Plaintiffs,                                      Hon. Shalina D. Kumar

v.                                                               Magistrate Judge David R. Grand

WELLS FARGO BANK, N.A., et al.,

    Defendants.
_____/

**<u>BRIEF IN SUPPORT OF DEFENDANT R & J HOLDINGS, LLC'S
RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>**

## STATEMENT OF THE ISSUES PRESENTED

1. Whether Plaintiffs are entitled to a protective order against R & J Holdings, LLC when R & J has not served any discovery requests, and Plaintiffs have not identified any conduct by R & J that could support such relief?

R & J Holdings answers: No.

Plaintiffs Answer: Yes

The Court Should Answer: No

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 26(c)

L.R. 7.1(a)

## INTRODUCTION

Plaintiffs' Motion for Protective Order should be denied as to Defendant R & J Holdings, LLC. The motion rests on generalized and conclusory allegations of burden and harassment, but it is undisputed that R & J has not propounded any discovery to Plaintiffs. Without any discovery requests pending from R & J, there is nothing for the Court to shield Plaintiffs from, and thus no good cause for a protective order.

## ARGUMENT

**1.   R & J has not sought discovery from Plaintiffs at this time.**

Protective orders under Rule 26(c) require specific factual showings of good cause. Fed. R. Civ. P. 26(c)(1). Plaintiffs' motion makes no such showing as to R & J. Their assertions of burden and privacy concerns relate, if at all, to Wells Fargo's discovery requests, not to R & J. Because R & J has not served written discovery, Plaintiffs face no discovery obligations from R & J and no possible prejudice that a protective order could redress.

Granting relief against R & J in these circumstances would be purely advisory and unnecessary. Courts routinely deny protective orders where no discovery has been served because no clearly defined and serious injury can be shown. See *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001). Plaintiffs cannot carry their burden here.

**2.  Plaintiffs have failed to seek concurrence pursuant to the local rules and federal rules.**

The motion should also be denied because Plaintiffs failed to comply with Local Rule 7.1(a), which requires a movant to ascertain whether a contemplated motion will be opposed and to engage in a good-faith conference aimed at resolving the matter without court intervention. This requirement is also present in Fed. R. Civ. P. 26(c)(1) which requires that the motion "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Plaintiffs made no attempt to confer with R & J before filing their motion. Had they done so, they would have learned that R & J has not served any discovery requests, and that no protective order is necessary. Plaintiffs' failure to comply with these rules is, by itself, sufficient grounds for denial.

## CONCLUSION

For these reasons, Defendant R & J Holdings, LLC respectfully requests that the Court deny Plaintiffs' Motion for Protective Order (ECF No. 48) in its entirety.

                                        Respectfully Submitted,

                                        SOBLE PLC

                                        /s/ George T. Blackmore
                                        By: George T. Blackmore (P76942)
                                        SOBLE PLC
                                        31800 Northwestern Hwy, Ste 350
                                        Farmington Hills, MI 48334
                                        Phone: (888) 789-1715
                                        dsoble@provenresource.com
                                        *Counsel for R & J Holdings, LLC*

Dated: August 18, 2025

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2025, I electronically filed Defendant R & J Holdings, LLC's Response to Plaintiff's Motion for Protective Order and Brief in Support with the Court's CM/ECF system, which will provide notice of this document's filing on all registered parties, and I served the following parties not registered on the Court's CM/ECF system by first-class mail:

Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108


/s/ George T. Blackmore
George T. Blackmore (P76942)