UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD
and AZAR STAFFELD,                           Civil Action No. 24-12811

                Plaintiffs,        Shalina D. Kumar
v.                                                         United States District Judge

WELLS FARGO BANK, N.A.                       David R. Grand
and R & J HOLDINGS LLC,                      United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY AS MOOT PLAINTIFFS' EMERGENCY *EX PARTE* MOTION TO STOP SHERIFF'S SALE (ECF No. 47)

**I.  REPORT**

In a Report and Recommendation issued on July 18, 2025, the Court provided a comprehensive discussion of this case's procedural and factual background, which is incorporated herein by reference. (ECF No. 44, PageID.1281-87).[1] In short, plaintiffs Karl Staffeld and Azar Staffeld (the "Staffelds") commenced this action on October 24, 2024, against Wells Fargo Bank, N.A. ("Wells Fargo"), claiming to be the rightful owners of real property located at 341 Corrie Road, in Ann Arbor, Michigan (the "Corrie Property"), over which Wells Fargo held a mortgage on which it has since foreclosed. As part of the foreclosure process, the Staffelds struck a deal with "R & J Holdings, LLC" ("R&J")[2]

---

[1] Pursuant to 28 U.S.C. § 636(b), this case has been referred to the undersigned for all pretrial matters. (ECF No. 8).

[2] On February 28, 2025, the Staffelds filed an amended complaint, adding R&J as a defendant in this matter. (ECF No. 19).

whereby R&J would redeem the Corrie Property, becoming its owner. The Staffelds and R&J also entered into a lease agreement with an option for the Staffelds to buy the Corrie Property at the end of the lease for a pre-determined price of $1,050,000. (ECF No. 40-2, PageID.854-64).

Presently before the Court is the Staffelds' "Emergency Ex Parte Motion against R&J [] to Stop the Sheriff Sale of Second Property on August 27, 2025," which they filed on August 4, 2025. (ECF No. 47). In this motion, the Staffelds assert that R&J "deliberately engaged in Mortgage Fraud and Predatory Lending by assessing a mortgage" on other property that they own, which they refer to as "the paid off property located at 341 Payeur Road, Ann Arbor MI 48108" (the "Payeur Property"). (ECF No. 47, PageID.1300). The Staffelds further assert that R&J is in the process of foreclosing on the Payeur Property and that a Sheriff's Sale is scheduled for August 27, 2025. Thus, the Staffelds ask the Court to "Grant this Ex Parte Emergency Motion [for] Temporary Restraining Order and STOP THE SHERIFFS' SALE until pendency of this case is resolved …." (*Id.*, PageID.1301) (emphasis in original).

On August 12, 2025, the Staffelds filed two more "Emergency Motions," both of which sought to stop the foreclosure/sheriff's sale of the Payeur Property, as well as the sale by R&J – presumably to a third party – of the Corrie Property. (ECF Nos. 52, 53). On August 18, 2025, however, the Staffelds withdrew these two motions. (ECF No. 55). In that notice of withdrawal, the Staffelds indicated as follows:

> Plaintiffs, Staffelds, and R&J Group Holdings, LLC's Attorney agreed to negotiate within a month the conditions to withdraw the Sheriff's Sale of the [Payeur] Property. R&J agreed to postpone the

2

> Sheriffs Sale for 30 days. Plaintiffs agreed to go to mediation with R&J within 30 days. Plaintiffs will inform the Court of the result of the negotiation and mediators' findings.

(*Id.*, PageID.1476).

Thus, it appears that the relief sought in the instant motion – namely, entry of an order halting the Sheriff's Sale of the Payeur Property, which was scheduled for August 27, 2025 – is no longer necessary, as the Staffelds have withdrawn two motions seeking this very relief. The Staffelds' earlier-filed motion for injunctive relief pertaining to the Payeur Property (ECF No. 47) should therefore be denied as moot without prejudice.

## II.  RECOMMENDATION

In summary, **IT IS RECOMMENDED** that the Staffelds' Emergency *Ex Parte* Motion to Stop the Sheriff's Sale of the Payeur Property **(ECF No. 47)** be **DENIED AS MOOT WITHOUT PREJUDICE**.

Dated: August 21, 2025            s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2025.

> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager

4