UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD et al.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A. et al.,

Defendants.

Case No. 24-12811
Honorable Shalina D. Kumar
Magistrate Judge David R. Grand

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 44)

Plaintiffs Karl and Azar Staffeld (together "the Staffelds"), proceeding

*pro se*, initiated this case against defendant Wells Fargo Bank, N.A. ("Wells

Fargo") bringing claims of quiet title, breach of contract, violation of the Fair

Debt Collection Practices Act ("FDCPA"), fraudulent misrepresentation,

unjust enrichment, and negligent infliction of emotional distress arising out

of the foreclosure of real property located at 341 Corrie Road, in Ann Arbor,

Michigan ("the Property").[1] ECF No. 1. This case was referred to the

assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. §

---

[1] The Staffelds filed an amended complaint on February 28, 2025 adding
R&J Holdings as a defendant. ECF No. 19.

636(b). ECF No. 8. The Staffelds filed a motion for injunctive relief as to

Wells Fargo. ECF No. 10.

The Report and Recommendation ("R&R") issued by the magistrate

judge recommended the Staffelds' motion for injuctive relief as to Wells

Fargo be denied because: (1) the Court cannot enjoin Wells Fargo from

completing the foreclosure process because the foreclosure sale has

already been consummated; (2) the Staffelds have failed to show any

likelihood of success on the merits; (3) they have not presented any

evidence to support their claim that eviction is likely to actually lead to their

homelessness; (4) granting the relief will harm Wells Fargo; and (5)

granting the requested injunctive relief would not be in the public interest."

*See* ECF No. 44*.*

The Staffelds did not file an objection to the R&R, and the time to do

so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely

objection to an R&R constitutes a waiver of the right for further judicial

review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear

that Congress intended to require district court review of a magistrate's

factual or legal conclusion, under a *de novo* or any other standard, when

neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*,

829 F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R

"waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp.

2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and

recommendation to which no party has objected, the Court need not

conduct a review by any standard."). However, there is some authority that

a district court is required to review the R&R for clear error. *See* Fed. R.

Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.").

Accordingly, the Court has reviewed the R&R for clear error and finds

none.

The Court therefore **ADOPTS** the R&R (ECF No. 44) and **DENIES**

the Staffelds' motion for injunctive relief as to Wells Fargo. ECF No. 10.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
Dated: September 4, 2025          United States District Judge