UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD and AZAR
STAFFELD,

                    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

                    Defendant.

Case No. 4:24-cv-12811

     Hon. Shalina D. Kumar
     Hon. David R. Grand

## DEFENDANT WELLS FARGO BANK, N.A.'S
## MOTION FOR JUDGMENT ON THE PLEADINGS
## <u>PURSUANT TO FED. R. CIV. P. 12(c)</u>

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") by its counsel Troutman Pepper Locke LLP and pursuant to Fed. R. Civ. P. 12(c), moves for judgment on Plaintiffs Karl Staffeld and Azar Staffelds' ("Plaintiffs") First Amended Complaint, for failure to state a claim upon which relief can be granted. (ECF No. 19).

In support of its Motion, Wells Fargo relies upon the attached Brief in Support. Pursuant to L.R. 7.1(a), counsel for Wells Fargo sought concurrence via telephone on November 24, 2025, at 2:34 p.m., where counsel explained the basis of the Motion, but did not receive concurrence to its Motion.

WHEREFORE, for the reasons set forth in the accompanying Brief in Support, Wells Fargo respectfully requests that the Court grant its Motion for

Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and award any further relief that the Court deems just and reasonable under the circumstances.

Dated:          November 24, 2025          Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP


By:/s/*Mark D. Kundmueller*
Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, Michigan 48075
(248) 469-4749
Miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite 2000
Virgina Beach, Virginia 23462
(757) 687-7564
Mark.kundmueller@troutman.com
*Counsel for Defendant Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2025, I caused a copy of the foregoing Defendant Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) to be  electronically filed with the U.S. District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. I further certify that a copy will be sent via Federal Express to the following address:

Mr. and Mrs. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
*Plaintiffs, Pro Se*

/s/*Mark D. Kundmueller*
Mark D. Kundmueller

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD and AZAR
STAFFELD,

                Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

                Defendant.

Case No. 4:24-cv-12811

    Hon. Shalina D. Kumar
    Hon. David R. Grand

**DEFENDANT WELLS FARGO BANK, N.A.'S
BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..........................................................................1

II.  RELEVANT FACTUAL BACKGROUND AS ALLEGED BY
     PLAINTIFFS ............................................................................2

III.  PROCEDURAL HISTORY ..........................................................4

IV.  STANDARD OF REVIEW ..........................................................5

V.  LEGAL ARGUMENT ..................................................................6

    A.  Plaintiffs' Breach of Contract Claim (Count 3) Should Be
        Dismissed Pursuant to Rule 12(c). ......................................6

    B.  Plaintiffs' FDCPA Claim (Count 4) Should Be Dismissed
        Pursuant to Rule 12(c). ........................................................8

    C.  Plaintiffs' Fraudulent Misrepresentation Claim (Count 5)
        Should Be Dismissed Pursuant to Rule 12(c). ...................10

    D.  Plaintiffs' Unjust Enrichment Claim (Count 6) Should Be
        Dismissed Pursuant to Rule 12(c). ....................................11

    E.  Plaintiffs' Negligent Infliction of Emotional Distress Claim
        (Count 7) Should Be Dismissed Pursuant to Rule 12(c)....12

    F.  Plaintiffs' Quiet Title Claim (Count 1) Should Be Dismissed
        Pursuant to Rule 12(c). ......................................................13

VI.  CONCLUSION ..........................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amersbach v. City of Cleveland*,
   598 F.2d 1033 (6th Cir. 1979) ...............................................................5

*Ashcroft v. Iqbal*,
   556 S. Ct. 1937 (2009)...........................................................................5

*Barry-Snyder v. Weiner*,
   539 F.3d 327 (6th Cir. 2008) .................................................................5

*Berrylane Trading, Inc. v. Transp. Ins. Co.*,
   754 F. App'x 370 (6th Cir. 2018) ..........................................................2

*Dumas v. Auto Club Ins. Ass'n*,
   437 Mich. 521, 473 N.W.2d 652 (1991)...............................................11

*Garner v. Select Portfolio*,
   No. 17-1303, 2017 WL 8294293 (6th Cir. Oct. 27, 2017) .....................9

*Harris v. American Postal Workers Union*,
   198 F.3d 245 .....................................................................................iv, 7

*Henson v. Santander Consumer USA, Inc.*,
   137 S. Ct. 1718 (2017)...........................................................................9

*Johnson v. Trueaccord Corp.*,
   No. 1:21-cv-629, 2022 WL 16923889 (N.D. Ohio Nov. 14, 2022) .....................9

*Kevelighan v. Trott & Trott, P.C.*,
   771 F.Supp.2d 763 (E.D. Mich. 2010) ...................................................9

*M&D, Inc. v. WB McConkey*,
   231 Mich. App. 22, 585 N.W.2d 33 (1998)..........................................10

*McKee v. General Motors, LLC*,
   376 F.Supp.3d 751 (E.D. Mich. 2019) .................................................10

*Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*,
   492 Fed.Appx. 518 (6th Cir. 2012)....................................................iv, 7

*Plastics v. E.F. Hutton & Co., Inc.*,
  829 F.2d 13 (6th Cir. 1987) ................................................................8

*Smith v. Litton Loan Servicing*,
  LP, 517 Fed. Appx. 395 (2013) ....................................................11, 12

*Steinberg v. Federal Home Loan Mortg. Corp.*,
  901 F.Supp.2d 945 (E.D. Mich. 2012) .............................................13

*Stoken v. JET Electronics & Technology, Inc.*,
  174 Mich. App. 457, 436 N.W.2d 389 (1988)....................................6

*Teadt v. Lutheran Church Missouri Synod*,
  237 Mich. App. 567, 603 N.W.2d 816 (1999)...................................12

*Vickers v. Fairfield Medical Center*,
  453 F.3d 757 (6th Cir. 2006) ..........................................................5, 6

*Wadlington v. Credit Acceptance*,
  76 F.3d 103 (6th Cir. 1996) ...............................................................9

*Wallace v. Washington Mut. Bank*,
  683 F.3d 323 (6th Cir. 2012) .............................................................9

## Statutes

15 U.S.C. § 1692a(6) ..............................................................................9

Fair Debt Collection Practices Act ......................................................... 4

FDCPA...........................................................................................*passim*

Plaintiffs' Fair Debt Collection Practices Act ........................................1

## Other Authorities

Fed. R. Civ. P. 9(b) .........................................................................1, 10

Fed. R. Civ. P. 12(c)....................................................................*passim*

Rule 12(b)................................................................................................5

## <u>CONTROLLING AUTHORITIES</u>

- *Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed.Appx. 518, 522 (6th Cir. 2012)

- *Harris v. American Postal Workers Union*, 198 F.3d 245, ----, 1999 WL 993882, at *4-5 (6th Cir. Oct. 19, 1999) (per curiam) (table)

## ISSUES PRESENTED

1.     Whether Plaintiffs Karl Staffeld and Azar Staffeld ("Plaintiffs") failed to state a claim for breach of contract (Count 3), where they do not allege a valid contractual relationship with Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Plaintiffs failed to attach or cite specific provisions of the purported insurance agreement.

    Plaintiffs Answer:              No.

    Wells Fargo Answers:            Yes.

    The Court Should Answer:        Yes.

2.     Whether Plaintiffs failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA") (Count 4) where Wells Fargo is not a debt collector to whom the FDCPA applies.

    Plaintiffs Answer:              No.

    Wells Fargo Answers:            Yes.

    The Court Should Answer:        Yes.

3.     Whether Plaintiffs failed to state a claim for fraudulent misrepresentation (Count 5), where they failed to meet the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b).

    Plaintiffs Answer:              No.

    Wells Fargo Answers:            Yes.

The Court Should Answer:          Yes.

4.      Whether Plaintiffs failed to state a claim for unjust enrichment (Count 6) where there is nothing inequitable about a bank exercising its standard, statutory foreclosure remedy when a purported owner fails to make payments.

Plaintiffs Answer:                No.

Wells Fargo Answers:              Yes.

The Court Should Answer:          Yes.

5.      Whether Plaintiffs failed to state a claim for negligent infliction of emotional distress (Count 7) where they have not claimed to have witnessed any injury to a third party or suffered any mental disturbances as a result.

Plaintiffs Answer:                No.

Wells Fargo Answers:              Yes.

The Court Should Answer:          Yes.

6.      Whether Plaintiffs failed to state a claim for quiet title (Count 1) where quiet title is a remedy, not an independent cause of action.

Plaintiffs Answer:                No.

Wells Fargo Answers:              Yes.

The Court Should Answer:          Yes.

## I.    <u>**INTRODUCTION**</u>

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), seeking dismissal of all claims asserted by Plaintiffs Karl Staffeld ("Karl") and Azar Staffeld ("Azar") (collectively "Plaintiffs") in their First Amended Complaint. (ECF No. 19).

This case arises from the foreclosure of residential property located at 341 Corrie Road, Ann Arbor, Michigan, which was purchased by Dorothea Vermillion Staffeld ("Dorothea") pursuant to a mortgage loan agreement with Wells Fargo. Following Dorothea's passing, Plaintiffs contend they are entitled to proceeds from a purported mortgage-insurance agreement between Wells Fargo and Dorothea. Plaintiffs' claims fail as a matter of law for the following reasons.

*First*, Plaintiffs' breach of contract claim (Count 3) fails because Plaintiffs have not plead a contractual relationship with Wells Fargo, and they omit the purported mortgage-insurance agreement from their Complaint against Wells Fargo. *Second*, Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim (Count 4) fails because Wells Fargo is not a debt collector to whom the FDCPA applies. *Third*, Plaintiffs' fraudulent misrepresentation claim (Count 5) fails because Plaintiffs have not met the heightened pleading standard under Fed. R. Civ. P. 9(b). *Fourth*, Plaintiffs' unjust enrichment claim (Count 6) fails because there is nothing inequitable about a bank exercising its standard, statutory foreclosure remedy when

Plaintiffs failed to make payments. *Fifth*, Plaintiffs' negligent infliction of emotional distress claim (Count 7) fails because they do not claim to have witnessed any injury to a third party or suffered mental disturbance as a result. *Lastly*, Plaintiffs' quiet title claim (Count 1) should be dismissed because quiet title is a remedy, not an independent cause of action.

## II.    RELEVANT FACTUAL BACKGROUND AS ALLEGED BY PLAINTIFFS

This lawsuit arises out of a dispute over the foreclosure of real property located at 341 Corrie Road, Ann Arbor, Michigan (the "Property"). (ECF No. 19, PageID.122 at ¶1). Plaintiffs allege that, in November 2017, the Property was purchased by Dorothea Vermillion Staffeld ("Dorothea"), the mother of Plaintiff Karl Staffeld and the mother-in-law of Plaintiff Azar Staffeld pursuant to a written mortgage loan agreement with Wells Fargo (ECF No. 19, PageID.113 at ¶9). The Mortgage and Note on the Property were actually executed on December 15, 2017.[1]

Plaintiffs contend that, at the time of purchase, Dorothea obtained mortgage insurance through Wells Fargo that allegedly would satisfy the outstanding principal and interest loan balance if the purchaser died within one year (the "Insurance

---

[1] The Note and Mortgage (ECF No. 17-1, PageID.85-.89; ECF No. 17-2, PageID.90-.100) are incorporated by reference. The Sixth Circuit has liberally construed the incorporation-by-reference doctrine. The Sixth Circuit has gone so far as to hold that even an indirect reference to a document is sufficient. *See Berrylane Trading, Inc. v. Transp. Ins. Co.*, 754 F. App'x 370, 378 n. 2 (6th Cir. 2018).

Agreement"). (ECF No. 19, PageID.113 at ¶10). No copy of any policy, endorsement, or terms reflecting such coverage was attached. (*See generally* ECF No. 19). They further allege that: (a) Dorothea passed away 11 months after execution of the loan agreement; and (b) prior to passing, she transferred ownership of the Property to Plaintiffs via quitclaim deed. (ECF No. 19, PageID.114 at ¶¶11-12).

Although Plaintiffs are not parties to the Note or Mortgage, they allege that they were unemployed and unable to make payments on the loan during the COVID-19 pandemic. *Id.* at ¶13. They claim to have reached out to Wells Fargo and were assured that the Property would not be foreclosed upon while they brought the loan account current and sought approval for a loan modification. *Id.* at ¶14. Despite this purported agreement, Plaintiffs allege that Wells Fargo initiated foreclosure proceedings without providing them with proper notice or written denial of their application for loan modification. (ECF No. 19, PageID.114-.115 at ¶¶16-18).

Plaintiffs contend that because they are title owners of the Property they are "entitled to the full payment of the mortgage [insurance] amount according to mortgage insurance guidelines." (ECF No. 19, PageID.114 at ¶11). They claim that Wells Fargo has refused to acknowledge the purported Insurance Agreement's effectiveness. *Id.* Rather, Wells Fargo proceeded with a foreclosure and sold the Property to a third party. (ECF No. 19, PageID.116 at ¶¶26-28). Subsequently, Co-

defendant R&J Holdings, LLC ("R&J") obtained title to the Property, and Plaintiffs entered into a lease agreement for it with R&J. (ECF No. 19, PageID.116-117 at ¶¶28-29).

### III.   **PROCEDURAL HISTORY**

On October 24, 2024, Plaintiffs filed a Complaint against Wells Fargo. (ECF No. 1).  On February 28, 2025, Plaintiffs filed an Amended Complaint, adding R&J as a defendant and asserting the following claims against both Defendants: (1) Quiet Title (Count I); (2) Injunctive Relief (Count II); (3) Breach of Contract (Count III); (4) Violation of Fair Debt Collection Practices Act (Count IV); (5) Fraudulent Misrepresentation (Count V); Unjust Enrichment (Count VI); and Negligent Infliction of Emotional Distress (Count VII). (ECF No. 19).[2]

On July 14, 2025, Wells Fargo filed a motion to compel Plaintiffs' outstanding discovery responses that were due on April 16, 2025. (ECF No. 43). On August 4, 2025, the Court held a hearing on Wells Fargo's motion to compel. At the hearing, Plaintiffs requested leave to amend their First Amended Complaint. The Court granted the request and ordered that any amended pleading be filed by September 17, 2025. Plaintiffs did not file an amended complaint by that deadline and have not done so to date.

---

[2] The Court previously denied Plaintiffs request for injunctive relief. (*See* ECF Nos. 44, 58).

## IV.   <u>STANDARD OF REVIEW</u>

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Rule 12(c) may be employed as a vehicle for raising several of the defenses enumerated in Rule 12(b) . . . ." *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979) (overruled in part on other grounds) (internal citations omitted). The defenses enumerated in Rule 12(b) include "failure to state a claim upon which relief can be granted . . . ." *Id*. The mere fact that the motion was couched in terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than by judgment. *Id*.

A court considering a motion under Rule 12(c) "must construe the complaint in the light most favorable to plaintiff . . . [and] accept all of the complaint's factual allegations as true . . . ." *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006) (internal quotations and citations omitted). However, legal conclusions should not be accepted as true:

> A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 S. Ct. 1937, 1940 (2009). In addition to matters alleged in "the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [] also may be taken into account." *Barry-*

*Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (citation and internal quotation marks omitted).

A motion for judgment on the pleadings should be granted if "the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Vickers*, 453 F.3d at 761 (internal citations omitted).

## V.      <u>LEGAL ARGUMENT</u>

### A.      **Plaintiffs' Breach of Contract Claim (Count 3) Should Be Dismissed Pursuant to Rule 12(c).**

Plaintiffs' breach of contract claim (Count 3) fails for two distinct reasons. First, Plaintiffs have not alleged a valid contractual relationship with Wells Fargo. Second, they failed to provide the Insurance Agreement or cite specific provisions allegedly breached by Wells Fargo, thus failing to present a plausible breach of contract claim.

To prevail on a breach of contract claim, a plaintiff must establish: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from that breach. *Stoken v. JET Electronics & Technology, Inc*., 174 Mich. App. 457, 463, 436 N.W.2d 389 (1988). Here, the only contractual relationship Plaintiffs allege is between Wells Fargo and Dorothea, not Plaintiffs. (ECF No. 19, PageID.113 at ¶9). While Plaintiffs claim to be the successors in interest to the Property, they neither allege nor can they establish a valid assignment of the Note and Mortgage. For this reason alone, Plaintiffs' breach of contract claim should be dismissed.

Plaintiffs' claim likewise fails because they did not attach the Insurance Agreement or cite specific language from the agreement which Wells Fargo purportedly breached. Therefore, they have not plausibly stated a claim for breach of contract.

For example, in *Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A*., 492 Fed.Appx. 518, 522 (6th Cir. 2012) the plaintiff brought suit on behalf of itself and a putative class, and alleging, in relevant part, that the bank breached its contracts with customers when it resequenced their deposit accounts. *Id*. at *1. Defendant argued that plaintiff's breach of contract claim failed to state a claim because it did not attach the at-issue contract or cite specific provisions from the contract. *Id*. at *3. The Sixth Circuit affirmed the district court's decision to dismiss plaintiff's complaint because plaintiff "was required to allege facts sufficient to make its breach-of-contract claim plausible on its face, and *without the contracts or reference to specific language* [defendant] has failed to put forth a plausible claim for relief" (emphasis added).[3]

Indeed, the Sixth Circuit has repeatedly held that a plaintiff's failure to attach the relevant contract or cite specific provisions from the contract defeats the claim. *See Harris v. American Postal Workers Union*, 198 F.3d 245, ----, 1999 WL 993882,

---

[3] Moreover, any assertion by Plaintiffs that discovery would reveal the alleged contract, and thus their claim should proceed has been squarely rejected by the Sixth Circuit. *See Northampton*, 492 Fed. Appx. at 522.

at *4-5 (6th Cir. Oct. 19, 1999) (per curiam) (table) (citing *Plastics v. E.F. Hutton & Co., Inc*., 829 F.2d 13 (6th Cir. 1987)) (stating "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."). Plaintiffs fail to do either.

Again, the underlying basis for Plaintiffs' claim is that, in conjunction with the Mortgage, Dorothea obtained the Insurance Agreement from Wells Fargo, which purportedly provided that if she passed away within one year, the then-outstanding principal and loan balance would be satisfied by the mortgage insurance. (ECF No. 19, PageID.113-114 at ¶¶10,11). Despite these assertions, Plaintiffs did not attach the purported Insurance Agreement to their Complaint, let alone identify any specific provisions of the agreement Wells Fargo purportedly breached.

Accordingly, Plaintiffs' breach of contract claim fails and should be dismissed.

### B.    Plaintiffs' FDCPA Claim (Count 4) Should Be Dismissed Pursuant to Rule 12(c).

Plaintiffs' FDCPA claim (Count 4) fails because Wells Fargo is not a debt collector to whom the FDCPA applies. To prevail on a FDCPA claim, a plaintiff must establish: (1) plaintiff was a "consumer" as defined by the statute; (2) the debt arose out of transactions which are "primarily for personal, family or household purposes[;]" (3) defendant was a "debt collector" as defined by the statute; and (4)

defendant violated the prohibitions set forth in the FDCPA. *See Johnson v. Trueaccord Corp.*, No. 1:21-cv-629, 2022 WL 16923889, at * 5 (N.D. Ohio Nov. 14, 2022) (citing *Wallace v. Washington Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012)).

Plaintiffs cannot satisfy the third prong because Wells Fargo is not a "debt collector" under the FDCPA. *See Garner v. Select Portfolio*, No. 17-1303, 2017 WL 8294293 (6th Cir. Oct. 27, 2017) (affirming the district court's dismissal of plaintiff's FDCPA claim because "Wells Fargo [was] not a 'debt collector' . . . because it was attempting to collect its own debt.") Indeed, under the definition set forth in 15 U.S.C. § 1692a(6), an entity has "to attempt to collect debts owed to **another** before [it] can ever qualify as a debt collector." *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017) (emphasis in original).

Creditors who collect in their own name and whose principal business is not debt collection are not subject to the FDCPA. *See Wadlington v. Credit Acceptance*, 76 F.3d 103, 104 (6th Cir. 1996) ("A debt collector does not include the consumer's creditors…."); *see also Kevelighan v. Trott & Trott, P.C.*, 771 F.Supp.2d 763, 772 (E.D. Mich. 2010) ("courts have concluded that mortgagees and mortgage servicing companies 'are not debt collectors and are statutorily exempt from liability under the FDCPA.'") Because Plaintiffs' allegations concern the collection of the Mortgage held by Wells Fargo, it is clear that Wells Fargo is not a debt collector to whom the statute applies. (ECF No. 19, PageID.113 at ¶9).

9

Consequently, Plaintiffs' FDCPA claim fails as a matter of law.

**C.    Plaintiffs' Fraudulent Misrepresentation Claim (Count 5) Should Be Dismissed Pursuant to Rule 12(c).**

Plaintiffs' fraudulent misrepresentation claim (Count 5) fails because they have not met the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b) or alleged the requisite elements to establish a fraud claim. For affirmative misrepresentations, Rule 9(b) requires a plaintiff to allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *McKee v. General Motors, LLC*, 376 F.Supp.3d 751, 760 (E.D. Mich. 2019) (internal citation omitted).

Under Michigan law, a claim for fraud requires the following elements: (1) defendant made a material misrepresentation; (2) the representation was false; (3) when defendant made the misrepresentation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) defendant made the misrepresentation with the intention that plaintiff would act upon it; (5) plaintiff acted in reliance upon it; and (6) plaintiff suffered damages. *See M&D, Inc. v. WB McConkey*, 231 Mich. App. 22, 27, 585 N.W.2d 33 (1998).

Here, Plaintiffs merely assert that Wells Fargo's agent made false representations regarding the amount due on the loan, the existence of a lien, and Wells Fargo's right to pursue foreclosure proceedings. (ECF No. 19, PageID.125 at

¶81). Plaintiffs fail to: (a) specify the time, place, and content of the alleged misrepresentation; (b) plead facts showing intent on the part of Wells Fargo; or (c) allege any acts by Plaintiffs in reliance on the purported misrepresentations.

Therefore, Plaintiffs' fraudulent misrepresentation claim fails as a matter of law.

### D. Plaintiffs' Unjust Enrichment Claim (Count 6) Should Be Dismissed Pursuant to Rule 12(c).

Plaintiffs' unjust enrichment claim (Count 6) fails because there is nothing inequitable about a bank exercising its standard, statutory foreclosure remedy when a purported owner fails to make payments. To state a claim under Michigan law, the plaintiff must show (1) receipt of a benefit by the defendant from the plaintiff; and (2) an inequity resulting to plaintiff from defendant's retention of the benefit. *See Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546, 473 N.W.2d 652 (1991).

Indeed, a mortgagee of a property cannot be unjustly enriched for collecting funds it is owed. For example, *Smith v. Litton Loan Servicing*, LP, 517 Fed. Appx. 395 (2013) (applying Michigan law), involved a purported owner of real property who brought action against a mortgagee and its loan servicer, challenging the foreclosure of the property and asserting an unjust enrichment claim, despite his failure to make mortgage payments. *Id.* at 395. The Sixth Circuit affirmed the district court and squarely rejected the purported owner's claim, holding:

> [the purported owner] may have lost his property and may be forced to go through the hardship of moving, but he received a $200,000 loan and then failed to make his promised payments under the note. <u>There is nothing inequitable about a bank's decision to exercise a standard, statutory foreclosure remedy when a borrower stops making payments on a loan secured by a mortgage. Economic stress can produce lamentable situations, but these situations are anticipated by mortgage agreements and are not the sort of inequity that unjust enrichment is meant to address.</u> *Id*. at 398 (emphasis added).

*Smith* is on all fours with the instant matter. Plaintiffs, the purported owners of the Property, contend that Wells Fargo was somehow unjustly enriched by exercising its statutory right to foreclose on the Property, even though it is undisputed that Plaintiffs failed to make mortgage payments. (ECF No. 19, PageID.114 at ¶11-14). But the *Smith* Court decisively dismissed this argument.

Accordingly, Plaintiffs' unjust enrichment claim fails as a matter of law.

### E. Plaintiffs' Negligent Infliction of Emotional Distress Claim (Count 7) Should Be Dismissed Pursuant to Rule 12(c).

Plaintiffs' negligent infliction of emotional distress claim (Count 7) should be dismissed because Plaintiffs do not claim to have witnessed any injury to a third party or suffered any mental disturbance as a result.

"Michigan recognizes the tort of negligent infliction of emotional distress only when a plaintiff witnesses' negligent injury to a third party and suffers mental disturbance as a result." *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567, 589 n. 6, 603 N.W.2d 816 (1999).

12

Here, the Complaint is devoid of any allegations regarding negligent injury to a third party. Rather, Plaintiffs merely assert that Wells Fargo's negligent actions in connection with the foreclosure caused them emotional distress, among other things. (ECF No. 19, PageID.127-.128 at ¶¶102-104). This is insufficient to state a claim under Michigan law. Consequently, Plaintiffs' negligent infliction of emotional distress claim fails as a matter of law.

**F.    Plaintiffs' Quiet Title Claim (Count 1) Should Be Dismissed Pursuant to Rule 12(c).**

Finally, Plaintiffs' quiet title claim (Count 1) should be dismissed because quiet title is a remedy, not an independent cause of action. It is well-established that "quiet title is a remedy and not a separate cause of action." *Steinberg v. Federal Home Loan Mortg. Corp*., 901 F.Supp.2d 945, 954-55 (E.D. Mich. 2012) (applying Michigan law). In any event, by executing the "Assignment of Redemption Rights and Purchase Agreement," Plaintiffs assigned their redemption rights to R&J and voluntarily extinguished any right to redemption. (*See* ECF No. 22-1, PageID.200-.204).

Therefore, Plaintiffs' quiet title claim fails as a matter of law.

**VI.    <u>CONCLUSION</u>**

WHEREFORE, for the reasons set forth in the accompanying Brief in Support, Wells Fargo respectfully requests that the Court grant this Motion for

Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and award any further

relief that the Court deems just and reasonable under the circumstances.

Dated:          November 24, 2025          Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

By:/s/*Mark D. Kundmueller*
Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, Michigan 48075
(248) 469-4749
Miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite
2000
Virginia Beach, Virginia 23462
(757) 687-7564
Mark.kundmueller@troutman.com
*Counsel for Defendant Wells Fargo
Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2025, I caused a copy of the foregoing Defendant Wells Fargo Bank, N.A.'s Brief in Support of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) to be electronically filed with the U.S. District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. I further certify that a copy will be sent via Federal Express to the following address:

Mr. and Mrs. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
Plaintiffs, Pro Se

/s/*Mark D. Kundmueller*
Mark D. Kundmueller

318644896