UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD, et al.,                         Case No. 4:24-cv-12811-SDK-DRG

    Plaintiffs,                               Hon. Shalina D. Kumar

v.                                             Magistrate Judge David R. Grand

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

## JOINT MOTION TO DISMISS DEFENDANT R & J HOLDINGS, LLC PURSUANT TO FED. R. CIV. P. 21

Plaintiffs Karl and Azar Staffeld ("Plaintiffs") and Defendant R & J Holdings, LLC ("R & J"), by and through their undersigned counsel, jointly move this Court for an order dismissing all claims and counterclaims between Plaintiffs and R & J, with prejudice, pursuant to Federal Rule of Civil Procedure 21. In support of this Motion, the Parties state as follows:

1.    Plaintiffs commenced this action on October 24, 2024, asserting claims against Defendant Wells Fargo Bank, N.A.

2.    On February 28, 2025, Plaintiffs filed an Amended Complaint adding R & J Holdings, LLC as a Defendant. Plaintiffs alleged that R & J redeemed the Corrie Property, entered into a lease and option to purchase with Plaintiffs, and later obtained a mortgage secured by the Payeur Property.

3.     R & J moved to dismiss the claims asserted against it. On July 18, 2025, the Court issued a Report and Recommendation recommending dismissal of Plaintiffs' federal Fair Debt Collection Practices Act ("FDCPA") claims.

4.     On September 4, 2025, the Court adopted that recommendation in part, granting R & J's motion to dismiss as to the federal claims but allowing Plaintiffs the opportunity to amend their complaint to attempt to state viable claims.

5.     Plaintiffs were given until September 17, 2025 to amend their complaint. They did not amend within that time.

6.     As a result, the only remaining claims between Plaintiffs and R & J are state law claims that are unrelated to the claims still pending against Wells Fargo.

7.     During the pendency of these proceedings, Plaintiffs filed multiple emergency motions in August 2025 to enjoin foreclosure of the Payeur Property. After discussions with R & J, Plaintiffs withdrew those motions, and the Sheriff's Sale was postponed to allow for mediation.

8.     Following mediation and further negotiations, the parties have reached a comprehensive settlement resolving all disputes between Plaintiffs and R & J.

WHEREFORE, Plaintiffs Karl and Azar Staffeld and Defendant R & J Holdings, LLC respectfully request that this Court enter an order dismissing with

prejudice all claims and defenses between them pursuant to Fed. R. Civ. P. 21, with each party to bear its own fees and costs.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore

By: George T. Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
Phone: (888) 789-1715
dsoble@provenresource.com
*Counsel for R & J Holdings, LLC*

/s/ Karl Staffeld (w/permission)
Karl Staffeld
Pro Se Plaintiff

/s/ Azar Staffeld (w/permission)
Azar Staffeld
Pro Se Plaintiff

Dated: November 25, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD, et al.,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

      Defendants.

_____/

Case No. 4:24-cv-12811-SDK-DRG

Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS DEFENDANT R & J HOLDINGS, LLC PURSUANT TO FED. R. CIV. P. 21

**STATEMENT OF THE ISSUES PRESENTED**

1.      Whether the court should dismiss Defendant R & J Holdings, LLC

due to a settlement of Plaintiffs' remaining claims?

R & J Holdings answers: Yes.

Plaintiffs Answer: Yes

The Court Should Answer: Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 21

## INTRODUCTION

Plaintiffs' original action was brought solely against Wells Fargo Bank, N.A. in October 2024, and later expanded by amendment to include R & J Holdings, LLC as a defendant. As to R & J, Plaintiffs alleged claims arising out of R & J's redemption and purchase of the Corrie Property, followed by a lease and option to purchase agreement extended to Plaintiffs. Plaintiffs advanced a series of federal and state law claims, including alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), fraud, and usury.

Following R & J's motion to dismiss, the Court dismissed all federal FDCPA claims and allowed Plaintiffs until September 17, 2025, to amend their pleadings if they wished to pursue additional claims. Plaintiffs did not amend. Consequently, the only remaining claims against R & J are state law claims that are distinct from the claims still pending against Wells Fargo.

Since that time, Plaintiffs and R & J have engaged in settlement negotiations, including mediation. Those efforts were successful, and the parties have now resolved all disputes between them. They therefore jointly move for dismissal of all claims and defenses between Plaintiffs and R & J, with prejudice.

3

## ARGUMENT

**1.      Dismissal is Appropriate Under Fed. R. Civ. P. 21**

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." In this circuit, Rule 21 must be used for dismissal of a single party. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961).

The rule is broad and flexible, designed to allow courts to manage parties and claims efficiently and equitably. Where a settlement has resolved the dispute between certain parties, Rule 21 authorizes the dismissal of those parties from the case without disturbing claims that remain between other litigants.

Here, the Plaintiffs and R & J have reached a comprehensive settlement fully resolving their dispute. There is no prejudice to Wells Fargo or any other party because dismissal will affect only the claims between Plaintiffs and R & J. The claims against Wells Fargo remain intact.

**2.      Plaintiffs' Federal Claims Against R & J Have Already Been Dismissed**

This Court has already recommended that R & J's motion to dismiss be partially granted, dismissing Plaintiffs' federal FDCPA claims while granting leave to amend. Plaintiffs failed to amend by the September 17, 2025 deadline. Thus, the

federal claims against R & J are no longer at issue, and the only remaining claims are state law causes of action.

Because Plaintiffs' failure to amend left their federal claims dismissed, the Court's ongoing jurisdiction over state law claims against R & J was already in doubt under 28 U.S.C. § 1367(c). Settlement and dismissal now resolve that jurisdictional question entirely, narrowing the scope of the case to only those claims still pending between Plaintiffs and Wells Fargo.

**3.     Settlement Eliminates Any Need for Further Judicial Resources**

The public policy favoring settlement strongly supports dismissal in this case. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). Because Plaintiffs and R & J have reached agreement, there is no longer any case or controversy requiring adjudication between them. Dismissal conserves judicial resources, avoids unnecessary motion practice over state law claims, and allows the Court to focus solely on the remaining issues between Plaintiffs and Wells Fargo.

**4.     Dismissal With Prejudice is Appropriate**

The parties jointly request that dismissal be with prejudice. Plaintiffs and R & J's settlement fully resolves all claims, and both sides seek finality. Dismissal with prejudice ensures that neither party may relitigate these issues in the future and provides closure consistent with the terms of their settlement.

## CONCLUSION

For the foregoing reasons, Plaintiffs and R & J respectfully request that this Court dismiss with prejudice all claims asserted by Plaintiffs against R & J, and all defenses and counterclaims asserted or that could have been asserted by R & J against Plaintiffs. Each party shall bear its own attorneys' fees and costs.

This dismissal does not affect the claims, defenses, or proceedings as between Plaintiffs and Wells Fargo Bank, N.A.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore
By: George T. Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
Phone: (888) 789-1715
dsoble@provenresource.com
*Counsel for R & J Holdings, LLC*

/s/ Karl Staffeld (w/permission)
Karl Staffeld
Pro Se Plaintiff

/s/ Azar Staffeld (w/permission)
Azar Staffeld
Pro Se Plaintiff

Dated: November 25, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 25, 2025, I electronically filed the JOINT

MOTION TO DISMISS DEFENDANT R & J HOLDINGS, LLC PURSUANT TO

FED. R. CIV. P. 21 with the Court's CM/ECF system, which will provide notice of

this document's filing on all registered parties, and I served the following parties

not registered on the Court's CM/ECF system by first-class mail:

> Karl and Azar Staffeld
> 341 Payeur Road
> Ann Arbor, Michigan 48108

/s/ George T. Blackmore
George T. Blackmore (P76942)