UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD
and AZAR STAFFELD,                                Civil Action No. 24-12811

                        Plaintiffs,                 Shalina D. Kumar
v.                                                United States District Judge

WELLS FARGO BANK, N.A.                            David R. Grand
and R & J HOLDINGS LLC,                           United States Magistrate Judge

                        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' AND R & J HOLDINGS, LLC'S JOINT MOTION TO DISMISS (ECF No. 60)

**I.  REPORT**

In a Report and Recommendation issued on July 18, 2025, the Court provided a comprehensive discussion of this case's procedural and factual background, which is incorporated herein by reference. (ECF No. 44, PageID.1281-87).[1] In short, plaintiffs Karl Staffeld and Azar Staffeld (the "Staffelds") commenced this action on October 24, 2024, against Wells Fargo Bank, N.A. ("Wells Fargo"), claiming to be the rightful owners of real property located at 341 Corrie Road, in Ann Arbor, Michigan (the "Corrie Property"), over which Wells Fargo held a mortgage on which it has since foreclosed.  The Staffelds allege that as part of the foreclosure process, they struck a deal with R & J Holdings, LLC ("R & J") whereby R & J would redeem the Corrie Property, becoming its owner.  The Staffelds

---

[1] Pursuant to 28 U.S.C. § 636(b), this case has been referred to the undersigned for all pretrial matters.  (ECF No. 8).

and R & J allegedly also entered into a lease agreement with an option for the Staffelds to buy the Corrie Property at the end of the lease for a pre-determined price of $1,050,000. (ECF No. 40-2, PageID.854-64).

On February 28, 2025, the Staffelds filed an amended complaint, adding R & J as a defendant in this matter. (ECF No. 19). The case has moved forward, with this Court recommending dismissal of the Staffelds' federal claims against R & J, but affording the Staffelds until September 17, 2025, to file an amended complaint. (ECF No. 51). The Staffelds did not do so; thus, the only remaining claims between the Staffelds and R & J are state law claims that are unrelated to the claims still pending against Wells Fargo.

On November 25, 2025, the Staffelds and R & J filed the instant Joint Motion to Dismiss, indicating they had engaged in mediation and further negotiations, after which they "reached a comprehensive settlement resolving all disputes between [them]." (ECF No. 60, PageID.1521). Thus, the Staffelds and R & J jointly ask that the Court enter an order dismissing with prejudice all claims and defenses between them, with each party to bear its own fees and costs. (*Id.*, PageID.1521-22). The Court having reviewed this Joint Motion to Dismiss, and having considered the facts set forth therein, believes it appropriate to dismiss all claims between these parties.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Staffelds' and R & J's Joint Motion to Dismiss **(ECF No. 60)** be **GRANTED**.

Dated: November 26, 2025  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

2

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2025.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager