**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KARL STAFFELD AND
AZAR SADEGHI-STAFFELD,

    Plaintiffs,

    -v-

WELLS FARGO BANK, N.A., a subsidiary
of WELLS FARGO & COMPANY,
    Defendants.

Case No: 4:24-cv-12811
Hon. Shalina D. Kumar

_____/

Karl Staffeld and Azar Staffeld
Plaintiffs, *Pro Se*
341 Payeur Road Ann Arbor, MI 48108
(734) 929-6969
karlstaffeld@gmail.com

Miranda M. Boulahanis (P86222)
TROUTMAN PEPPER LOCKE LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 469-4749
miranda.boulahanis@troutman.com

David Sobel (P49662)
George Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48224
(888) 789-1715
dsoble@provenresource.com

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WELLS FARGO**
**BANK, N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COME Plaintiffs, KARL STAFFELD and AZAR STAFFELD, appearing in this matter *Pro Se*, and for their Response in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings, states the following:

1

## INTRODUCTION

This is an action for civil damages and equitable/injunctive relief concerning real property rightfully owned by Plaintiffs and commonly known as 341 Corrie Road, Ann Arbor, MI 48105 (hereafter, the "Subject Property"). Plaintiffs respectfully submit this Response in Opposition to Defendant Wells Fargo Bank's Motion for Summary Judgment. Defendant's motion for summary judgment should respectfully be **denied**, as genuine issues of material fact exist for the trier of fact concerning Wells Fargo Bank's conduct in foreclosing upon Plaintiffs' home. Furthermore, the nature of the underlying FHA mortgage loans' requirement of mortgage insurance policy (Exhibit A – Section 10 of mortgage contract) along with Defendant's violation of federal protections enacted during the COVID-19 global health pandemic (Order #13945) dictate that the motion for summary judgment be denied and Plaintiffs should be afforded a full and fair opportunity to present their various claims to a jury of their peers.

## LEGAL STANDARD

As this Honorable Court is aware, summary judgment is appropriate **only** where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)* (emphasis added). The Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2D 265 (1986), that the moving party bears the initial burden of showing the absence of a genuine issue of material fact. Further, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202 (1986), instructs that courts must view the evidence in the light most favorable to the **non-moving party** and draw all reasonable inferences **in that party's favor** (emphasis added). If reasonable minds could differ on the facts, summary judgment must be denied. See also *Tolan v. Cotton*, 572 U.S. 650, 656, 134 S. Ct. 1861 (2014).

## LAW AND ARGUMENT

**A. The Underlying Loan Was an FHA Mortgage Subject to Robust Federal Protections**

In this case, the mortgage securing the purchase of the Subject Property was insured and originated under terms consistent with FHA-backed loans, which are governed by the National Housing Act, 12 U.S.C. § 1701 et seq., and HUD regulations at 24 C.F.R. Part 203. FHA mortgages are not ordinary private loans; they are federally insured and subject to a comprehensive regulatory framework designed to protect homeowners, especially during periods of financial hardship. Courts have recognized that FHA lenders *must* comply with HUD servicing requirements before foreclosure. See *Wells Fargo Bank, N.A. v. Smith*, 2016 WL 8711207 (E.D. Mich. 2016); see also *Fleet Real Estate Funding Corp. v. Smith*, 366 N.W.2d 232 (Mich. Ct. App. 1985) (failure to comply with HUD servicing requirements may preclude foreclosure).

**1) Loss Mitigation Requirements**

HUD regulations require lenders to engage in loss mitigation efforts before initiating foreclosure. See 24 C.F.R. § 203.604(b). Specifically, lenders must make a reasonable effort to arrange a face-to-face interview with the borrower, assess the borrower's financial situation, and explore alternatives to foreclosure, such as forbearance, loan modification, or repayment plans. "Before initiating foreclosure, the mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting." *24 C.F.R. § 203.604(b).*

**2) Forbearance and Modification Options**

HUD's loss mitigation program requires mortgage lenders and servicers to evaluate borrowers for all available options, including special forbearance, FHA-HAMP loan modification, and partial claim relief. See HUD Handbook 4000.1, III.A.2.k. These options are designed to help borrowers retain their homes and avoid foreclosure.

3

### 3) Foreclosure Moratoria During the Global Health Pandemic

During the COVID-19 pandemic, HUD issued multiple Mortgagee Letters (including ML 2020-27) prohibiting foreclosure and eviction actions on FHA-insured mortgages except for vacant or abandoned properties. Servicers were required to offer forbearance to any borrower experiencing financial hardship due to COVID-19 and could not initiate or proceed with foreclosure while forbearance or loss mitigation was pending. "Mortgagees must not initiate or proceed with foreclosure or eviction for FHA-insured single-family mortgages, except for properties that are vacant or abandoned." *HUD Mortgagee Letter 2020-27*.

### 4) Notice and Due Process

FHA regulations and Michigan law require that borrowers receive adequate notice of default, the opportunity to cure, and clear communication regarding the status of any loss mitigation application. See *Dow v. State*, 396 Mich. 192, 240 NW 2d 450 (1976) (due process requires notice reasonably calculated to apprise interested parties of foreclosure).

### 5) Judicial Enforcement

Federal courts have recognized that HUD regulations incorporated into FHA mortgages are enforceable by borrowers. See *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297 (3d Cir. 1978); *Fleet Real Estate Funding Corp. v. Smith*, 366 N.W.2d 232 (Mich. Ct. App. 1985) (failure to comply with HUD servicing requirements may preclude foreclosure).

### 6) Summary as Applied to Wells Fargo Bank

In sum, Wells Fargo Bank, as the lender and servicer of an FHA-insured mortgage, was required to comply with all HUD loss mitigation and notice requirements, and to honor federal foreclosure moratoria during the COVID-19 national health emergency. Plaintiffs' allegations, supported by the record, show that Wells Fargo failed to comply with these protections, thereby rendering the

foreclosure improper and precluding summary judgment.

**B. Wells Fargo Bank's Foreclosure Violated Executive Order 13945 and HUD Guidance Issued During COVID-19**

1) **Executive Order 13945: "Fighting the Spread of COVID-19 by Providing Assistance to Renters and Homeowners**

On August 8, 2020, the President issued Executive Order 13945, which directed federal agencies to take all appropriate actions to prevent evictions and foreclosures for renters and homeowners affected by the COVID-19 pandemic. The Order specifically instructed the Secretary of Housing and Urban Development (HUD) to "take action, as appropriate and consistent with applicable law, to promote the ability of renters and homeowners to avoid eviction or foreclosure resulting from hardships caused by COVID-19." See Executive Order 13945, § 3(b), 85 Fed. Reg. 49935 (Aug. 11, 2020).

This Executive Order recognized the unprecedented financial hardship facing millions of Americans and mandated that federal agencies use their authority to protect those with federally-backed mortgages, including FHA loans.

2) **HUD Guidance and Mortgage Lender Letters**

In response to Executive Order 13945, HUD issued a series of Mortgagee Letters providing specific instructions to mortgage servicers regarding foreclosure and eviction moratoria for FHA-insured mortgages:

   a) HUD Mortgagee Letter 2020-27 (Dec. 17, 2020): Extended the foreclosure and eviction moratorium for FHA-insured single-family mortgages through July 31, 2021. "Mortgagees must not initiate or proceed with foreclosure or eviction for FHA-insured single-family mortgages, except for properties that are vacant or abandoned."

   b) HUD Mortgagee Letter 2021-05 (Feb. 16, 2021): Further extended the moratorium and clarified that servicers must offer forbearance to any borrower experiencing financial hardship due to COVID-19. "Borrowers with FHA-insured mortgages who are

    experiencing financial hardship due to COVID-19 are entitled to request and receive forbearance, regardless of delinquency status."

  c) HUD Mortgagee Letter 2021-15 (June 25, 2021): Provided additional loss mitigation options, including COVID-19 Recovery Modification and COVID-19 Recovery Standalone Partial Claim, to help borrowers retain their homes.

3) **Lender/Servicer Obligations Under Federal Guidance**

Under these federal directives, mortgage lenders and servicers were required to:

  a) Halt all foreclosure and eviction actions on FHA-insured mortgages except for vacant or abandoned properties.

  b) Offer forbearance to any borrower who requested assistance due to COVID-19 hardship.

  c) Evaluate borrowers for all available loss mitigation options before initiating foreclosure.

  d) Provide clear and timely notice to borrowers regarding their rights and the status of any loss mitigation application.

4) **Enforcement and Judicial Recognition**

Federal courts have recognized that these Executive Orders and HUD Mortgagee Letters are binding on mortgage servicers and provide enforceable rights to borrowers. See United States v. Premises Known as 608 Taylor Ave., 584 F.2d 1297 (3d Cir. 1978) (HUD regulations incorporated into FHA mortgages are enforceable by borrowers); Fleet Real Estate Funding Corp. v. Smith, 366 N.W.2d 232 (Mich. Ct. App. 1985) (failure to comply with HUD servicing requirements may preclude foreclosure.

5) **Application to Plaintiffs**

Plaintiffs lost employment due to the pandemic and promptly notified Wells Fargo, seeking forbearance and loan modification as permitted under federal law. Despite these protections, Wells

Fargo initiated foreclosure without providing the required forbearance, loss mitigation evaluation, or proper notice, and face to face evaluation, in direct violation of Executive Order 13945 and HUD guidance. Additionally, Wells Fargo Bank sold the Property in Sheriff's Sale while Plaintiffs application for loan modification was pending.

Executive Order 13945, "Fighting the Spread of COVID-19 by Providing Assistance to Renters and Homeowners," directed HUD to take action to prevent foreclosures on federally-backed mortgages, including FHA loans. HUD Mortgagee Letter 2020-27 extended foreclosure moratoria for FHA-insured mortgages and required servicers to offer forbearance and loss mitigation. Plaintiffs lost employment due to the pandemic and sought forbearance and modification, yet Wells Fargo initiated foreclosure contrary to these mandates and sold the Property without notice. Federal courts have held that HUD regulations incorporated into FHA mortgages are enforceable by borrowers. See United States v. Premises Known as 608 Taylor Ave., 584 F.2d 1297 (3d Cir. 1978). FHA guidelines applied to single family primary residents of mortgages and mandate Wells Fargo Bank to withhold 1.75% of the mortgage amount and secure this mortgage, not for the Plaintiffs' benefit, but for the Wells Fargo Banks' benefit in case of death or disability of mortgagor especially within one year. Such death occurred to the mortgagor, Dorothea V. Staffeld, within 11 months of the mortgage contract (Exhibit A - Section 10 of mortgage contract; mortgage insurance requirement by Wells Fargo Bank) (Exhibit B - Death certificate of Dorothea V. Staffeld) (Exhibit C – Property Transfer Affidavit).

## C. Genuine Issues of Material Fact Preclude Summary Judgment

Defendant's Motion for Summary Judgment ignores material facts regarding compliance with federal foreclosure moratoria and loss mitigation requirements. Whether Wells Fargo Bank complied with Executive Order 13945 and HUD guidance, whether Wells Fargo Bank complied to FHA requirements and secured a mortgage insurance to this loan, and whether Plaintiffs received adequate

notice, are disputed issues on material facts. Under *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, these factual disputes must be resolved by the trier of fact, precluding summary judgment.

### D.  Plaintiffs are Entitled to Relief Under State and Federal Law

Plaintiffs assert claims for quiet title, injunctive relief, breach of contract, FDCPA violations, fraudulent misrepresentation, unjust enrichment, and negligent infliction of emotional distress. Michigan law requires notice reasonably calculated to apprise interested parties of foreclosure. See *Dow v. State*, 396 Mich. 192, 240 N.W.2d 450 (1976). Further, courts have rejected arguments that economic hardship excuses failure to comply with statutory protections. See *Smith v. Litton Loan Servicing*, LP, 517 Fed. Appx. 395 (6th Cir. 2013).

### CONCLUSION

For the foregoing reasons, Plaintiffs, KARL STAFFELD and AZAR STAFFELD, respectfully request that this Honorable Court deny Defendant, Wells Fargo Bank's Motion for Judgment on the Pleadings, and further grant any other such relief to which Plaintiffs are found to be entitled based on principles of equity and fairness.

Respectfully submitted,

By: *s/ Karl Staffeld*
Karl Staffeld
*Plaintiff, Pro Se*

By: *s/ Azar Staffeld*
Azar Staffeld
*Plaintiff, Pro Se*

Dated: December 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I served the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS, via USPS first-class mail to the attorneys of record for the parties to this matter and upon:

Miranda M. Boulahanis (P86222)
4000 Town Center, Suite 1800
Southfield, MI 48075
248-469-4749
miranda.boulahanis@troutman.com

David Sobel (P49662)
George Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy #350
Farmington Hills, MI 48224
(888) 789-1715
dsoble@provenresource.com

                                                Respectfully submitted,

                                                By /s/: *Karl Staffeld*
                                                Karl Staffeld
                                                Plaintiff, *Pro Se*

Dated: December 4, 2025