UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD and AZAR STAFFELD,<br><br>       Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>       Defendant. | Case No. 4:24-cv-12811<br><br>   Hon. Shalina D. Kumar<br>   Hon. David R. Grand |

**DEFENDANT WELLS FARGO BANK, N.A.'S
REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT
<u>ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)</u>**

# ISSUES PRESENTED

1. Whether Plaintiffs Karl Staffeld and Azar Staffeld ("Plaintiffs") failed to state a claim for breach of contract (Count 3), where they do not allege a valid contractual relationship with Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Plaintiffs failed to attach or cite specific provisions of the purported insurance agreement.

    Plaintiffs Answer:   No.

    Wells Fargo Answers:  Yes.

    The Court Should Answer: Yes.

2. Whether Plaintiffs failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA") (Count 4) where Wells Fargo is not a debt collector to whom the FDCPA applies.

    Plaintiffs Answer:   No.

    Wells Fargo Answers:  Yes.

    The Court Should Answer: Yes.

3. Whether Plaintiffs failed to state a claim for fraudulent misrepresentation (Count 5), where they failed to meet the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b).

    Plaintiffs Answer:   No.

    Wells Fargo Answers:  Yes.

    The Court Should Answer:  Yes.

4. Whether Plaintiffs failed to state a claim for unjust enrichment (Count 6) where there is nothing inequitable about a bank exercising its standard, statutory foreclosure remedy when a purported owner fails to make payments.

    Plaintiffs Answer:  No.

    Wells Fargo Answers:  Yes.

    The Court Should Answer:  Yes.

5. Whether Plaintiffs failed to state a claim for negligent infliction of emotional distress (Count 7) where they have not claimed to have witnessed any injury to a third party or suffered any mental disturbances as a result.

    Plaintiffs Answer:  No.

    Wells Fargo Answers:  Yes.

    The Court Should Answer:  Yes.

6. Whether Plaintiffs failed to state a claim for quiet title (Count 1) where quiet title is a remedy, not an independent cause of action.

    Plaintiffs Answer:  No.

    Wells Fargo Answers:  Yes.

    The Court Should Answer:  Yes.

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470 (6th Cir. 2020)

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bates v. Green Farms Condo. Ass'n*,
  958 F.3d 470 (6th Cir. 2020) ................................................................................4

**Statutes**

Fair Debt Collection Practices Act ........................................................................3

**Other Authorities**

Fed. R. Civ. P. 9(b) ................................................................................................3

Fed. R. Civ. P. 12(c) ..........................................................................................1, 5

Fed. R. Civ. P. 15(a)(2) ..........................................................................................3

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by its counsel, Troutman Pepper Locke LLP hereby submits its Reply Brief in Support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).

Wells Fargo filed a comprehensive Motion for Judgment on the Pleadings (the "Motion"). *See* ECF No. 59. In response, Plaintiffs Azar Staffeld and Karl Staffeld ("Plaintiffs") filed two separate but identical responses, *see* ECF Nos. 63 and 64, as well as a Second Amended Complaint, *see* ECF No. 65.[1]

In any event, Plaintiffs' responses fail to address any of the arguments Wells Fargo advanced in its Motion. Plaintiffs' breach of contract claim (Count 3) fails because Plaintiffs have not plead a contractual relationship with Wells Fargo, and they omit the purported mortgage-insurance agreement from their Complaint against Wells Fargo. Plaintiffs' Fair Debt Collection Practices Act claim (Count 4) fails because Wells Fargo is not a "debt collector" within the meaning of the FDCPA. Plaintiffs' fraudulent misrepresentation claim (Count 5) fails because they have not satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiffs' unjust enrichment claim (Count 6) fails because there is nothing inequitable about a lender invoking its standard, statutory foreclosure remedy after Plaintiffs defaulted on their payment obligations. Plaintiffs' negligent infliction of emotional distress

---

[1] The Court properly struck Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) because they did not obtain the "opposing party's consent, or the court's leave." ECF No. 66, PageID.1585.

1

claim (Count 7) fails because they do not allege that they witnessed injury to a third party or suffered any qualifying mental disturbance as a result. Finally, Plaintiffs' quiet title claim (Count 1) should be dismissed because quiet title is a remedy, not a standalone cause of action.

Instead, their responses focus on various FHA regulations, HUD servicing requirements, and COVID-era Executive Orders. *See generally* ECF Nos. 63 and 64. But those arguments cannot salvage Plaintiffs' First Amended Complaint, because they may not use response briefs to introduce new claims or legal theories that do not appear in their operative pleading. As the Sixth Circuit has recently stated, "it is black-letter law that, with a few irrelevant exceptions, a court evaluating . . . a motion for judgment on the pleadings [] must focus solely only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases). Thus, "[p]laintiffs cannot . . . amend their compliant in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id*. (collecting cases). "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiffs cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Id*. at 484 (internal citation omitted). Regardless, Plaintiffs had ample opportunity to amend their First Amended Complaint but chose not to do so. Having failed to address any of the arguments set

forth by Wells Fargo in its Motion, Plaintiffs have conceded those points, and the Motion should therefore be granted.

WHEREFORE, for the reasons set forth in Wells Fargo's Motion and herein, Wells Fargo respectfully requests that the Court grant its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and award any further relief that the Court deems just and reasonable under the circumstances.

Dated:       January 2, 2026              Respectfully submitted,

                                          TROUTMAN PEPPER LOCKE LLP


                                          By:/s/*Mark D. Kundmueller*
                                             Miranda M. Boulahanis (P86222)
                                             500 Woodward Ave., Suite 2800
                                             Detroit, Michigan 48226
                                             (248) 469-4749
                                             Miranda.boulahanis@troutman.com

                                             Mark D. Kundmueller (P66306)
                                             222 Central Park Avenue, Suite 2000
                                             Virgina Beach, Virginia 23462
                                             (757) 687-7564
                                             Mark.kundmueller@troutman.com
                                             *Counsel for Defendant Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2026, I caused a copy of the foregoing Defendant Wells Fargo Bank, N.A.'s Reply in Support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) to be electronically filed with the U.S. District Court for the Eastern District of Michigan and notice will be sent by operation of the Court's electronic filing system to all ECF participants. I further certify that a copy will be sent via Federal Express to the following address:

Mr. and Mrs. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
*Plaintiffs Pro Se*

                                        /s/*Mark D. Kundmueller*
                                        Mark D. Kundmueller