UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD et al.,<br>       Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A. et al.,<br>       Defendants. | Case No. 24-12811<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 51), GRANTING IN PART R&J'S MOTION TO DISMISS (ECF NO. 22), DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF (ECF NO. 40), AND ALLOWING PLAINTIFFS TO FILE AN AMENDED COMPLAINT**

Plaintiffs Karl and Azar Staffeld (together "the Staffelds"), proceeding pro se, initiated this case against defendant Wells Fargo Bank, N.A. ("Wells Fargo") bringing claims of quiet title, breach of contract, violation of the Fair Debt Collection Practices Act ("FDCPA"), fraudulent misrepresentation, unjust enrichment, and negligent infliction of emotional distress arising out of the foreclosure of real property located at 341 Corrie Road, in Ann Arbor,

Michigan ("the Property").[1] ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF No. 8. R&J moved to dismiss on the basis that it is not a debt collector subject to the FDCPA (ECF No. 22), and the Staffelds filed an "Emergency Motion for Expedited Consideration and Immediate Injunction" (ECF No. 40), seeking an injunction against R&J "to withdraw its motion for writ of eviction" filed in the ongoing state court litigation between the parties.

The Report and Recommendation ("R&R") issued by the magistrate judge recommends that: (1) R&J's motion to dismiss be granted only as to the Staffelds' FDCPA claim and otherwise denied without prejudice; (2) the Staffelds' motion for injuctive relief be denied; and (3) the Staffelds should be permitted to file an amended complaint. *See* ECF No. 51.

Neither party filed an objection to the R&R and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that

---

[1] The Staffelds filed an amended complaint on February 28, 2025 adding R&J Holdings ("R&J") as a defendant. ECF No. 19.

Congress intended to require district court review of a magistrate's factual or legal conclusion, under a de novo or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Accordingly, the Court has reviewed the R&R for clear error and finds none.

The Court therefore **ADOPTS** the R&R (ECF No. 51). R&J's motion to dismiss (ECF No. 22) is **GRANTED IN PART** only as to the Staffelds' FDCPA claim and **DENIED WITHOUT PREJUDICE** in all other respects. The Staffelds' motion for injunctive relief (ECF No. 40) is **DENIED.** The Staffelds must file their amended complaint **on or before January 27, 2026.**

**IT IS SO ORDERED**.

Dated: January 6, 2026

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge