UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD
and AZAR STAFFELD,                          Civil Action No. 24-12811

                          Plaintiffs,       Shalina D. Kumar
v.                                          United States District Judge

WELLS FARGO BANK, N.A.                       David R. Grand
and R & J HOLDINGS LLC,                      United States Magistrate Judge

                          Defendants.
_____/

**ORDER STRIKING PLAINTIFFS'**
**SECOND AMENDED COMPLAINT (ECF No. 71)**

The Court has reviewed the Second Amended Complaint recently filed by Plaintiffs

Karl Staffeld and Azar Staffeld (collectively, "Plaintiffs").  (ECF No. 71).  The Court

**STRIKES** this document for the following reason(s):

☐ Missing statement of concurrence.  *See* Local Rule ("LR") 7.1(a).

☐ Missing required information (e.g., table of contents, concise statement of issues, controlling or most appropriate authority, index of authorities, index of exhibits, etc.).  *See* LR 7.1(d)(2).

☐ Wrong font size or improperly formatted (e.g., single-spaced, improper margins, missing page numbers, etc.).  *See* LR 5.1(a)(2), (3).

☐ Does not comply with Rule 19(b) of the Electronic Filing Policies and Procedures, regarding filing exhibits electronically.  *See* LR 5.1.1(a).

☐ Does not comply with Local Rule 5.3, regarding filing an item under seal in a civil case.

☐ Over-length.  *See* LR 7.1(d)(3).

☐ Motion to dismiss/response to motion to dismiss relies primarily on summary

1

judgment cases.

☒  Other: <u>On February 28, 2025, Plaintiffs filed an amended complaint in this case. (ECF No. 19).  On November 24, 2025, Defendant Wells Fargo ("Defendant") filed a Motion for Judgment on the Pleadings, seeking dismissal of Plaintiffs' amended complaint.  (ECF No. 59).  Rather than filing a response to Defendant's dispositive motion, on December 17, 2025, Plaintiffs filed a document titled "The Plaintiffs' Second Amended Complaint."  (ECF No. 65).  However, Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleading once as a matter of course within the earlier of 21 days after serving it, or 21 days after service of a responsive pleading or motion to dismiss.  Because neither of those applied, as Plaintiffs had already amended their complaint, Plaintiffs could "amend [their complaint] only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). Where there was no indication that Plaintiffs sought or obtained Defendant's consent to file a second amended complaint, nor did they seek leave of court to do so, the Court entered an Order Striking Plaintiffs' Second Amended Complaint on December 18, 2025.[1]  (ECF No. 66).  Now, nearly one month later, Plaintiffs have re-filed their purported Second Amended Complaint. (ECF No. 71).  This document is duplicative of Plaintiffs' previously filed (and stricken) Second Amended Complaint and will be stricken for the same reasons set forth in this Court's prior order (ECF No. 66).</u>

Because Plaintiffs' Second Amended Complaint (ECF No. 71) was filed in violation of Fed. R. Civ. P. 15(a)(2), it is hereby **STRICKEN** and is not part of the record.

**IT IS SO ORDERED**.

Dated: January 15, 2026                    s/ David R. Grand
                                           DAVID R. GRAND
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Court acknowledges that, in its August 11, 2025 Report and Recommendation on defendant R&J Holdings, LLC's Motion to Dismiss, it gave Plaintiffs until September 17, 2025 to file a second amended complaint asserting "other federal claims *against R&J* …."  (ECF No. 51, PageID.1374-75) (emphasis added).  However, Plaintiffs did not file a second amended complaint until three months after the deadline imposed by the Court, and said amended complaint purported to assert claims against Wells Fargo, not R&J.  Thus, it was properly stricken, and no objections were raised suggesting otherwise.

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

3