# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD and AZAR STAFFELD, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 4:24-cv-12811 <br><br> Hon. Shalina D. Kumar <br> Hon. David R. Grand |

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTION TO ORDER STRIKING PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 15(a)(2)**

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ...................................................................................... 1
II. PROCEDURAL HISTORY ....................................................................... 2
III. ARGUMENT ............................................................................................. 4
IV. CONCLUSION .......................................................................................... 6

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Leary v. Daeschner*,
   349 F.3d 888 (6th Cir. 2003) .............................................................................10

*In re NLO, Inc.*,
   5 F.3d 154 (6th Cir. 1993) ....................................................................................9

**Other Authorities**

Fed. R. Civ. P. 15(a)......................................................................................... 9, 10

Fed. R. Civ. P. 15(a)(1)...........................................................................6, 9, 10, 11

Fed. R. Civ. P. 15(a)(2)............................................................................................6, 10

Fed. R. Civ. P. 16 .................................................................................................10

## ISSUE PRESENTED

1. Whether the Court properly struck Plaintiffs Karl and Azar Staffeld's ("Plaintiffs") Second Amended Complaint under Fed. R. Civ. P. 15(a) where Plaintiffs had already amended once as of right, failed to amend by the Court-ordered deadline, and then filed a new pleading without obtaining either the opposing party's written consent or leave of Court.

# CONTROLLING AUTHORITIES

- Fed. R. Civ. P. 15

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by its counsel, Troutman Pepper Locke LLP, submits this Response in Opposition to Plaintiffs' Objections to the Order Striking Plaintiffs' Second Amended Complaint Under Fed. R. Civ. P. 15(a)(2) (the "Objection"), filed by Plaintiffs Karl Staffeld and Azar Staffeld (collectively "Plaintiffs").

## I.  INTRODUCTION

The Court correctly struck Plaintiffs' purported Second Amended Complaint, and Plaintiffs' Objection to the order doing so lacks legal or factual support. At a hearing held on August 4, 2025, the Court granted Plaintiffs leave to file a second amended complaint by September 17, 2025.  They did not do so. On November 24, 2025, Wells Fargo filed a Motion for Judgement on the Pleadings as to the operative pleading, Plaintiffs' First Amended Complaint. Plaintiffs filed a response to this motion on December 4, 2025.  Despite this – without seeking leave of the Court or requesting consent from Wells Fargo – Plaintiffs filed a purported Second Amended Complaint on December 17, 2025.  The Court then issued the Order at issue, which struck the Second Amended Complaint based on Plaintiffs' failure to comply with the requirements of Fed. R. Civ. P. 15(a)(1). Because this Order makes the correct decision based on the facts and procedural history, Plaintiffs' objection is wholly without merit and should be denied by the Court.

## II.     PROCEDURAL HISTORY

On October 24, 2024 – now nearly a year and a half ago – Plaintiffs filed a Complaint against Wells Fargo. (ECF No. 1). On February 28, 2025, Plaintiffs filed a First Amended Complaint ("FAC"), adding R&J Holdings, LLC ("R&J") as a defendant and asserting claims against both Defendants: (1) Quiet Title (Count I); Injunctive Relief (Count II); (3) Breach of Contract (Count III); (4) Violation of Fair Debt Collection Practices Act (Count IV); (5) Fraudulent Misrepresentation (Count V); Unjust Enrichment (Count VI); and Negligent Infliction of Emotional Distress (Count VII). (ECF No. 19).[1] In response, Wells Fargo filed an answer to the FAC, and R&J filed a motion to dismiss. (*See* ECF Nos. 21, 22).

On July 14, 2025, Wells Fargo filed a motion to compel Plaintiffs' outstanding discovery responses that were due on April 16, 2025. (ECF No. 43). On August 4, 2025, the Court held a hearing on Wells Fargo's motion to compel and R&J's motion to dismiss. At that hearing, Plaintiffs requested leave to amend their FAC. The Court granted the request and ordered that any amended pleading be filed on or before September 17, 2025.[2] (*See* ECF No. 62, PageID.1534). Plaintiffs did not file an amended complaint by that deadline, nor did they seek, or even attempt to seek an extension of time. A little over *two months* later, given Plaintiffs' failure to amend

---

[1] The Court previously denied Plaintiffs' request for injunctive relief. (*See* ECF Nos. 44, 58).

[2] Plaintiffs did not object to this timeframe.

2

their FAC, Wells Fargo filed a motion for judgment on the pleadings (the "Motion"), given that the pleadings had closed. (ECF No. 59). On November 26, 2025, the Court entered an order which required Plaintiffs to file a response to Wells Fargo's Motion "on or before December 20, 2025." (ECF No. 61). Plaintiffs filed two separate, but identical responses on December 4, 2025, and December 16, 2025, respectively. (*See* ECF Nos. 63, 64).

The next day, on December 17, 2025, Plaintiffs –without leave from the Court or consent by counsel – filed Plaintiffs' Second Amended Complaint. (*See* ECF No. 65; *see also* Ex. A, Affidavit of M. Boulahanis). Plaintiffs' Second Amended Complaint abandoned all their claims in their FAC and asserted a slew of entirely new claims. (*See generally* ECF No. 65). On December 18, 2025 the Court properly struck Plaintiffs' Second Amended Complaint:

> Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleading once as a matter of course within the earlier of 21 days after serving it, or 21 days after service of a responsive pleading or motion to dismiss. Because neither of those apply, as Plaintiffs have already amended their complaint, Plaintiffs "may amend [their complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here there is no indication that Plaintiffs sought or obtained [Wells Fargo's] consent to file a second amended complaint, nor did they seek leave of court to do so.

(ECF No. 66, PageID.1585). On January 2, 2026 Well's Fargo filed its reply in support of its Motion. (ECF No. 68). Ten days later, despite the Court's December

3

18, 2025 Order, Plaintiffs filed yet another Second Amended Complaint. (*See* ECF No. 71).

The next day, Plaintiffs filed their third response to Wells Fargo's Motion. (*See* ECF No. 72). On January 15, 2026, the Court entered an order striking Plaintiffs' third response in opposition to Wells Fargo's Motion because "briefing on that motion was closed." (ECF No. 73, PageID.1652). That same day, the Court entered another order striking Plaintiffs' re-filed Second Amended Complaint because "[t]his document is duplicative of Plaintiffs' previously filed (and stricken) Second Amended Complaint and will be stricken for the same reasons set forth in [the] Court's prior order (ECF No. 66)." (ECF No. 74, PageID.1656). On January 20, 2026, Plaintiffs filed the Objection.[3] (*See* ECF No. 78).

## III. ARGUMENT

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has

---

[3] Part of the basis for Plaintiffs' Objection is that the Court "instruct[ed] . . . Wells Fargo . . . to settle with Plaintiffs[,]" however, the Court cannot force Wells Fargo to settle with Plaintiffs. *See In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) (recognizing that "[a]lthough judges should encourage and aid early settlement . . . they should not attempt to coerce that settlement."). To be clear, Wells Fargo is not asserting that the Court tried to coerce a settlement.

expired, it must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).[4]

Fed. R. Civ. P. 15(a)(1) is inapplicable because Plaintiffs have already amended their complaint. (*See* ECF No. 19). Plaintiffs may only amend their complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs' assertion that "Wells Fargo[']s . . . [a]ttorney verbally agreed to the amendment[,]" is categorically false. (*See* ECF No. 79, PageID.1693; *see also* Ex. A, Affidavit of M. Boulahanis). Even if it were true (which it is not), any purported verbal agreement still would not satisfy the requirement under Fed. R. Civ. P. 15(a)(2) that Plaintiffs would need "the opposing party's <u>written consent</u> . . . ." (Emphasis added). Presumably the drafter's contemplated this exact situation.

In any event, the Court permitted Plaintiffs an opportunity to amend their FAC on or before September 17, 2025. Plaintiffs chose not to do so. To date, Plaintiffs have not sought further permission from the Court to file a second amended complaint.[5]

---

[4] Fed. R. Civ. P. 16 is inapplicable because the Court has not issued a written scheduling order. (*See e.g. Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (analyzing pleading amendment requests when scheduling order deadlines have passed, but this framework presupposes the existence of valid written scheduling orders)).

[5] Even if Plaintiffs had filed a motion, the granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court.

Based on Plaintiffs' failure to seek leave to amend in compliance with Fed. R. Civ. P. 15(a)(1), the Court properly struck the Second Amended Complaint. Consequently, Plaintiffs' objection to the Court's order is wholly without merit and should be denied by the Court.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court deny Plaintiffs' Objection to Order Striking Plaintiffs' Second Amended Complaint Under Fed. R. Civ. P. 15(a)(2).

Dated: February 3, 2026

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

By: /s/*Mark D. Kundmueller*
Miranda M. Boulahanis (P86222)
500 Woodward Ave, Suite 2800
Detroit, Michigan 48226
(248) 469-4749
miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Ave, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutman.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KARL STAFFELD and AZAR STAFFELD,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No. 4:24-cv-12811

Hon. Shalina D. Kumar
Hon. David R. Grand

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February, 2026, a true and correct copy of the foregoing Defendant Wells Fargo Bank, N.A.'S Response in Opposition to Plaintiffs' Objection to Order Striking Plaintiffs' Second Amended Complaint Under Fed. R. Civ. P. 15(a)(2)and this Certificate of Service was electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a copy will be sent via Federal Express to the following address:

Mr. and Mrs. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
*Plaintiffs Pro Se*

                                        */s/ Mark D. Kundmueller*
                                        MARK D. KUNDMUELLER