UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD and AZAR STAFFELD, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 4:24-cv-12811 <br><br> Hon. Shalina D. Kumar <br> Hon. David R. Grand |

**DEFENDANT WELLS FARGO BANK, N.A.'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
TO SANCTION DEFENDANT WELLS FARGO (ECF NO. 84)**

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT.......................................................................................2

     A.    Plaintiffs' Motion is Premature Under L.R. 7.1(a), Because Plaintiffs Failed to Seek Concurrence..................................................2

     B.    Plaintiffs Failed to Comply with Fed. R. Civ. P. 11's Procedural Requirements.................................................................................3

     C.    Plaintiffs' Motion is Frivolous ...........................................................4

III.  CONCLUSION....................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Katebian v. Missaghi*,
  No. 18-13379, 2019 WL 13102062 (E.D. Mich. Oct. 24, 2019) ........................2

*Mich. Dep't of Envtl. Quality v. City of Flint*,
  No. 17-12107, 2017 WL 8682365 (E.D. Mich. Nov. 9, 2017) ...........................2

*Ridder v. City of Springfield*,
  109 F.3d 288 (6th Cir. 1997) ...............................................................................3

*Staffeld et al. v. Wells Fargo Bank, N.A.*,
  No. 4:24-cv-12811 (E.D. Mich. Oct. 24, 2024).....................................................4

**Statutes and Rules**

Fed. R. Civ. P. 6(b)(1)(A) .........................................................................................2

Fed. R. Civ. P. 11 .............................................................................................1, 2, 3

Fed. R. Civ. P. 12(c).................................................................................................5

L.R. 7.1(a) .............................................................................................................1, 2

## CONTROLLING AUTHORITIES

- L.R. 7.1

- Fed. R. Civ. P. 11

- *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997)

## ISSUE PRESENTED

1.     Whether the Court should strike, or in the alternative deny, Plaintiffs Karl Staffeld and Azar Staffeld's ("Plaintiffs") Emergency Motion to Sanction Defendant Wells Fargo (the "Motion") because: (a) Plaintiffs failed to comply with L.R. 7.1(a); (b) Plaintiffs failed to comply with the procedural requirements of Fed. R. Civ. P. 11; and (c) Plaintiffs' Motion is factually and legally meritless.

Plaintiffs Answer:         No.

Wells Fargo Answers:         Yes.

The Court Should Answer:         Yes.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by its counsel Troutman Pepper Locke LLP, submits its Response in Opposition to Plaintiffs' Emergency Motion to Sanction Defendant Wells Fargo (the "Motion") filed by Plaintiffs Karl Staffeld and Azar Staffeld ("Plaintiffs").

## I.      <u>INTRODUCTION</u>

Plaintiffs' Motion is not a good-faith request for Fed. R. Civ. P. 11 relief; it is the latest in a series of improper, rhetoric-laden filings that disregard the Court's rules and prior warnings. The Motion is procedurally defective from the outset. Plaintiffs made no attempt to seek concurrence as required by Eastern District of Michigan L.R. 7.1(a). Worse still, Plaintiffs ignored Fed. R. Civ. P. 11's mandatory twenty-one-day safe-harbor procedure by filing their Motion without first serving it on Wells Fargo. On these grounds alone, the Motion should be stricken as improperly filed or denied. Regardless, Plaintiffs' Motion substantively lacks merit. This is especially true in light of the Magistrate Judge's recent Report and Recommendation recommending that the Court grant Wells Fargo's Motion for Judgment on the Pleadings. The Court should strike, or alternatively deny, Plaintiffs' Motion in its entirety for the reasons set forth below.

1

## II.     ARGUMENT

### A.     Plaintiffs' Motion is Premature Under L.R. 7.1(a), Because Plaintiffs Failed to Seek Concurrence

Plaintiffs' Motion is premature and improper under L.R. 7.1(a), and should be rejected for this reason alone. L.R. 7.1(a) provides that:

> [T]he movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, ***the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows a process aimed at reaching agreement on that matter*** or those aspects of that matter that can be resolved without court intervention, given the nature of the contemplated motion. ***The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter.*** (emphasis added).

Plaintiffs did not attempt to seek concurrence from the undersigned, for this reason alone their Motion should be stricken and/or denied. *See Katebian v. Missaghi*, No. 18-13379, 2019 WL 13102062, at \*1 (E.D. Mich. Oct. 24, 2019) (Grand, D.) (striking defendants' Emergency Motion to Dismiss and/or for Other Sanctions, because it was improperly filed in violation of the Eastern District of Michigan's L.R. 7.1(a)); *see also Mich. Dep't of Envtl. Quality v. City of Flint*, No. 17-12107, 2017 WL 8682365, at \*2 (E.D. Mich. Nov. 9, 2017) (denying a nonparty's motions to intervene and for reconsideration because, *inter alia*, "he did not seek concurrence pursuant to Eastern District of Michigan Local Rule 7.1(a)"). Because Plaintiffs' Motion violates L.R. 7.1(a), it should be stricken and/or denied.

## B.     Plaintiffs Failed to Comply with Fed. R. Civ. P. 11's Procedural Requirements

Plaintiffs failed to comply with the twenty-one-day safe-harbor provision of Fed. R. Civ. P. 11(c)(1)(A) because they did not serve the Motion on Wells Fargo before filing it with the Court. "[A] party seeking sanctions must follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one-days); and then file the motion with the court." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).  Indeed, the plain language of Rule 11 states that a motion:

> shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

*Id*., citing Fed. R. Civ. P. 11(c)(1)(A). The Advisory Committee Notes correspondingly state:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). Sixth Circuit precedent confirms that: "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one-day 'safe harbor' period before it is filed or presented to the court." *Ridder*, 109 F. 3d at 297.

3

Given that Plaintiffs have failed to comply with Fed. R. Civ. P. 11's mandatory safe-harbor provision, their Motion must be stricken and/or denied.

### C. Plaintiffs' Motion is Frivolous

In any event, Plaintiffs' Motion should be denied because it is factually and legally meritless. "Plaintiffs brings [sic] this motion to sanction the Defendant for arguing a meritless claim, abusive litigation conduct, discovery disobedience, filing frivolous papers, and violating the Court[']s orders." ECF No. 84, PageID.1751. To start, Wells Fargo has not asserted any claims in this action. *See generally Staffeld et al. v. Wells Fargo Bank, N.A.*, No. 4:24-cv-12811, ECF Nos. 1-84 (E.D. Mich. Oct. 24, 2024). Plaintiffs' bare assertion that Wells Fargo has engaged in "abusive litigation conduct, discovery disobedience . . . and violat[ed] the Court['s] orders," without any supporting evidence, itself violates the Court's August 5, 2025, Order Striking Document (ECF No. 49). *See* ECF No. 50. Plaintiffs have been previously warned to refrain from making allegations of wrongdoing without any evidentiary support:

> [T]he Staffelds' filing is rife with rhetoric and conclusory accusations of wrongdoing by Defendant[] and their counsel, none of which is substantiated by any evidence whatsoever. While the Staffelds have every right to vigorously advocate for the relief they seek, they would be well-served to do so by focusing on any *evidence* that supports their claims, and refraining from the type of vague, conclusory, and unsupported assertions that permeate their instant filing. The Staffelds are warned that the Court may strike or summarily resolve future filings in which they seek relief without providing an evidentiary basis.

4

*See* ECF No. 50, PageID.1367. Here, Plaintiffs failed to attach or cite to any evidence of (1) abusive litigation conduct, (2) discovery disobedience, or (3) any violation of the Court's orders by Wells Fargo.

Moreover, Plaintiffs' assertion that Wells Fargo filed "frivolous papers," presumably referring to Wells Fargo's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (ECF No. 59), likewise lacks merit. Contrary to any assertion that the arguments presented in Wells Fargo's Motion were frivolous, the Magistrate Judge recently issued a Report and Recommendation recommending that the Court grant the motion and enter judgment on the pleadings. *See* ECF No. 83. Because it has already been determined that the positions taken by Wells Fargo have merit and that its Motion for Judgment on the Pleadings should be granted, Plaintiffs' Motin for Sanctions is itself clearly frivolous.

Accordingly, the instant Motion should be stricken and, in any event, denied based on the aforementioned procedural and substantive defects.

## III.   CONCLUSION

For the foregoing reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court strike, or alternatively deny, Plaintiffs' Emergency Motion to Sanction Wells Fargo in its entirety, and grant such other relief as the Court deems just and appropriate.

5

Dated:  April 21, 2026

Respectfully submitted,

/s/ *Miranda M. Boulahanis*
TROUTMAN PEPPER LOCKE LLP
Miranda M. Boulahanis (P86222)
500 Woodward Ave, Suite 2800
Detroit, Michigan 48226
(248) 469-4749
miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutman.com
Counsel for Defendant Wells Fargo
Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, I caused a copy of the foregoing

Defendant Wells Fargo Bank, N.A.'s Response in Opposition to Plaintiffs'

Emergency Motion to Sanction Defendant Wells Fargo, to be electronically filed

with the U.S. District Court for the Eastern District of Michigan, and notice will be

sent by operation of the Court's electronic filing system to all ECF participants. I

further certify that a copy will be sent via Federal Express to the following address:

Mr. and Ms. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
Plaintiffs, Pro Se

/s/*Miranda M. Boulahanis* (P86222)
Miranda M. Boulahanis

6