UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STAFFELD and AZAR
STAFFELD,                                              Civil Action No. 24-12811

                                    Plaintiffs,        Shalina D. Kumar
v.                                                     United States District Judge

WELLS FARGO BANK, N.A.,                                David R. Grand
                                                       United States Magistrate Judge

                                    Defendant.
_____/

**NOTICE OF RE-SERVING REPORT AND RECOMMENDATION**
**(ECF No. 83) ON PLAINTIFFS AND ORDER REQUIRING**
**PLAINTIFFS TO PROVIDE CURRENT ADDRESS**

On October 24, 2024, plaintiffs Karl Staffeld and Azar Staffeld (collectively, "Plaintiffs") filed their complaint in this case against Wells Fargo Bank, N.A. ("Defendant").[1]  (ECF No. 1).  Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned.  (ECF No. 8).

On April 13, 2026, this Court issued a Report and Recommendation to Grant Defendant's Motion for Judgment on the Pleadings ("R&R").  (ECF No. 83).  On that same date, copies of the R&R were mailed separately to both Plaintiffs at their joint address of record – namely, 341 Corrie Road, Ann Arbor, MI 48105.  On April 24, 2026, however, both mailings were returned as undeliverable.  (ECF Nos. 86, 87).

---

[1] On February 28, 2025, Plaintiffs filed an amended complaint, adding claims against R & J Holdings, LLC.  (ECF No. 19).  On November 26, 2025, this Court issued a Report and Recommendation to Grant Plaintiffs' and R & J Holdings, LLC's Joint Motion to Dismiss.  (ECF No. 62).  R&J has since been dismissed from this action.

Plaintiffs have been advised of their obligation to notify the Court of any address changes on at least two occasions.  (*See* ECF No. 4; 2/10/2026 Text-Only Certificate of Service).  Although the Court is not required to do so, it is re-mailing a copy of the R&R to Plaintiffs at the address listed on their most recent filing – namely 341 Payeur Road, Ann Arbor, MI 48108.  (ECF No. 84).  It does so only as a courtesy, with the understanding that this is not the address listed on the docket for Plaintiffs and thus may or may not be a valid address for one or both of them.

Additionally, Plaintiffs are again reminded that it is the litigants who bear the burden of advising the other parties and the Court of any change of address.  *See, e.g., Snider v. Smallinskie*, No. 23-10304, 2023 WL 7095661, at *2, n. 2 (E.D. Mich. Oct. 4, 2023) (citing *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address.") and *Taylor v. Warren Cty. Regional Jail*, No. 91-5463, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same)). Indeed, E.D. Mich. LR 11.2 provides a court with the authority to dismiss a case for failure to keep it apprised of address changes.[2]  As this Court has previously held, "[Plaintiff] has the duty to inform the court of any address changes, and it is not incumbent upon this Court

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order …." Fed. R. Civ. P. 41(b).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Trotter v. Gonzalez*, No. 03-10096, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008) (quoting *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.  *See Trotter*, 2008 WL 2761019, at *2; *Ortiz v. Donnellon*, No. 11-14154, 2012 WL 1957313, at *1 (E.D. Mich. Apr. 18, 2012) (court may dismiss action *sua sponte* pursuant to Rule 41(b) for failure to prosecute).

or its staff to keep track of [Plaintiff's] current address." *Brown v. White*, No. 09-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (internal quotations omitted).

Accordingly, **IT IS ORDERED** that Plaintiffs provide the Court with updated mailing addresses for each of them by **May 8, 2026**.  **Plaintiffs' failure to do so may result in the imposition of an appropriate sanction, including dismissal of their case.**

IT IS SO ORDERED.

Dated: April 24, 2026                                s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                    United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2026.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager

3