**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KARL STAFFELD and AZAR
STAFFELD,

   Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

   Defendant.

Case No. 4:24-cv-12811

Hon. Shalina D. Kumar
Hon. David R. Grand

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE**
**IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT AND**
**RECOMMENDATION (ECF NO. 83) AND MOTION OF RELIEF**
**FROM THAT JUDGMENT ACCORDING TO RULE 60(B)**

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   ARGUMENT.........................................................................................1

    A.    The Court Should Adopt Magistrate Judge Grand's R&R in
        Full and Dismiss All of Plaintiffs' Claims..............................................1

    B.    Plaintiffs Cannot Amend Their Complaint Through Objections,
        and Their Proposed Claims Are Futile...................................................2

    C.    A Motion Under Fed. R. Civ. P. 60(b) Is Improper Where No
        Judgment Has Been Entered ................................................................4

III.  CONCLUSION......................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Garrow v. JPMorgan Chase Bank, N.A.*,
  No. 15-14058, 2016 WL 2894066 (E.D. Mich. Apr. 27, 2016) ..........................3

*Hunter v. Hamilton Cty.*,
  No. 1:15cv540, 2016 WL 4836810 (S.D. Ohio Sept. 15, 2016) .........................4

*Katebian v. Missaghi*,
  No. 18-13379, 2019 WL 13102062 (E.D. Mich. Oct. 24, 2019) ........................4

*Keen v. Helson*,
  930 F.3d 799 (6th Cir. 2019) ...................................................................................3

*Talton v. BAC Home Loans Servicing LP*,
  839 F.Supp.2d 896 (E.D. Mich. 2012) ...................................................................4

*Williams v. FirstPlus Home Loan Trust*
  *1996-2*, 209 F.R.D. 404 (W.D. Tenn. 2002)........................................................3

**Statutes**

The Fair Debt Collection Practices Act .......................................................................2

Home Ownership and Equity Protection Act .............................................................3

Real Estate Settlement Procedures Act......................................................................3

**Other Authorities**

Fed. R. Civ. P. 72(b)(2)..................................................................................................1

L.R. 7.1.............................................................................................................................4

Fed. R. Civ. P. 9(b) .......................................................................................................2

Fed. R. Civ. P. 60(b) ..................................................................................................1, 4

# CONTROLLING AUTHORITIES

- *Keen v. Helson*, 930 F.3d 799 (6th Cir. 2019)

- *Talton v. BAC Home Loans Servicing LP*, 839 F.Supp.2d 896 (E.D. Mich. 2012)

## ISSUES PRESENTED

1.      Whether the Court should overrule Plaintiffs' objections and adopt Magistrate Judge Grand's Report and Recommendation (ECF No. 83) in full and dismiss Plaintiffs' claims with prejudice.

Plaintiffs Answer:          No.

Defendant Answers:          Yes.

The Court Should Answer:     Yes.

2.      Whether the Court should deny Plaintiffs' motion for relief from judgment under Fed. R. Civ. P. 60(b) because: (1) there is no final judgment, order, or proceeding to reopen; (2) Plaintiffs' failed to seek concurrence from the undersigned; and (3) Plaintiffs improperly combined their motion with their objections in violation of E.D. Mich. L.R. 7.1(h)(4)(i).

Plaintiffs Answer:          No.

Defendant Answers:          Yes.

The Court Should Answer:     Yes.

iv

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by its counsel Troutman Pepper Locke LLP, submits its Response in Opposition to Plaintiffs' Objections to Report and Recommendation (ECF No. 83) and Motion of Relief from that Judgment According to Rule 60(b), pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).

## I.   **INTRODUCTION**

Plaintiffs' latest filing only confirms that Magistrate Judge David R. Grand got it exactly right. Rather than confront the fatal defects the Report and Recommendation ("R&R") identifies in each of their claims, Plaintiffs recycle previously rejected theories, and float brand new causes of action that appear nowhere in their operative pleading. They then compound the problem by invoking Fed. R. Civ. P. 60(b) even though there is no final judgment, order, or proceeding to reopen. The Court should overrule Plaintiffs' objections, adopt Magistrate Judge Grand's R&R in full, dismiss all claims with prejudice, and deny Plaintiffs' improper motion for relief from judgment under Fed. R. Civ. P. 60(b).

## II.   **ARGUMENT**

### A.   **The Court Should Adopt Magistrate Judge Grand's R&R in Full and Dismiss All of Plaintiffs' Claims**

Magistrate Judge Grand correctly recommended dismissal of all six of Plaintiffs' claims. *See generally* ECF No. 83. As the R&R concludes, Plaintiffs fail to state a breach of contract claim because they do not allege contractual privity with

Wells Fargo. (ECF No. 83, PageID.1740-.1741). Likewise, Wells Fargo is not a "debt collector" under the Fair Debt Collections Practices Act because it was attempting to collect its own debt. (ECF No. 83, PageID.1741-.1742). Plaintiffs' fraud claim does not satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standard. (ECF No. 83, PageID.1742-.1743). There is no viable unjust enrichment claim because there is nothing inequitable about Wells Fargo's exercise of a standard, statutory foreclosure remedy. (ECF No. 83, PageID.1744-1745). The R&R further concludes that Plaintiffs' negligent infliction of emotional distress claim fails because they do not allege having witnessed a negligent injury to a third party. (ECF No. 83, PageID.1745-.1746). Finally, it explains that the quiet title claim is defective because quiet title is a remedy, not an independent cause of action. (ECF No. 83, PageID.1746). Indeed, Plaintiffs did not contest any of Wells Fargo's arguments; therefore, the Court should adopt Magistrate Judge Grand's R&R.

## B.      Plaintiffs Cannot Amend Their Complaint Through Objections, and Their Proposed Claims Are Futile

The bulk of Plaintiffs' objections rests on claims that do not appear in their operative pleading. *See generally* ECF No. 19.  As Magistrate Judge Grand correctly pointed out, Plaintiffs were "afforded the opportunity to file a *second* amended complaint, which they failed to do in a timely fashion." (emphasis in the original) (ECF No. 83, PageID.1747; *see also* ECF No. 74, PageID.1656).

2

In any event, amendment to add these new theories would be futile because each proposed claim fails as a matter of law. Plaintiffs' proposed Real Estate Settlement Procedures Act ("RESPA") and Home Ownership and Equity Protection Act ("HOEPA") claims, for example, presuppose that Plaintiffs are "borrowers" under the relevant statutes, which they are not.[1] *See Keen v. Helson*, 930 F.3d 799, 806 (6th Cir. 2019) (RESPA's private cause of action is limited to borrowers); *see also Williams v. FirstPlus Home Loan Trust 1996-2*, 209 F.R.D. 404, 415 (W.D. Tenn. 2002) (granting defendants' motion to dismiss as to plaintiffs' HOEPA claims because the "named plaintiffs do not have standing to sue someone who does not actually hold their loans"); *cf Garrow v. JPMorgan Chase Bank, N.A.*, No. 15-14058, 2016 WL 2894066, at *6 (E.D. Mich. Apr. 27, 2016) ("Garrow does not have standing to pursue a claim under TILA because she was not a party to the note"), report and recommendation adopted, 2016 WL 2866410 (E.D. Mich. May 17, 2016). Because Plaintiffs are not borrowers on either the note or the mortgage, they lack standing to assert claims under RESPA or HOEPA.

Plaintiffs cannot sustain any claim based on alleged violations of U.S. Department of Housing and Urban Development ("HUD") requirements because the

---

[1] *See e.g.* ECF No. 19 ("The Subject Property was purchased . . . in the name of Dorothea Vermillion Staffeld . . . under a written mortgage loan agreement with Wells Fargo . . . ."); *see also* (the note and mortgage (ECF No. 17-1, PageID.85-.89; ECF No. 17-2, PageID.90-.100)).

loan at issue is not a HUD-insured loan and those regulations therefore do not apply.[2]

In any event, even if they did, those provisions do not create a private right of action.

*See Talton v. BAC Home Loans Servicing LP*, 839 F.Supp.2d 896 (E.D. Mich. 2012)

("the Sixth Circuit has held there is no private right of action for breach of HUD's

mortgage servicing policies."), quoting *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868

F.2d 190, 193 (6th Cir. 1989). At bottom, any further amendment to the First

Amended Complaint at this stage would unduly prejudice Wells Fargo because (1)

Plaintiffs were already given an opportunity to amend and declined to do so, and (2)

each of their newly proposed claims fails as a matter of law.

### C. A Motion Under Fed. R. Civ. P. 60(b) Is Improper Where No Judgment Has Been Entered

Plaintiffs' motion under Fed. R. Civ. P. 60(b) is improper where there is no

final judgment, order, or proceeding.[3] "On motion and just terms, the court may

relieve a party or its legal representative from a ***final*** judgment, order, or proceeding

. . . ." Fed. R. Civ. P. 60(b) (emphasis added). A magistrate judge's report and

recommendation is not a final order, judgment, or proceeding. *See Hunter v.*

---

[2] *See generally* (ECF No. 17-1, PageID.85-.89; ECF No. 17-2, PageID.90-.100)).

[3] Plaintiffs' motion is also improper under L.R. 7.1 because Plaintiffs failed to seek concurrence from the undersigned. *See Katebian v. Missaghi*, No. 18-13379, 2019 WL 13102062, at *1 (E.D. Mich. Oct. 24, 2019) (Grand, D.) (striking defendants' Emergency Motion to Dismiss and/or for Other Sanctions because it was improperly filed in violation of the Eastern District of Michigan's L.R. 7.1(a)). The motion is improper for the additional reason that "[m]otions must not be combined with any other stand-alone document." *See* L.R. 7.1(h)(4)(i).

*Hamilton Cty.*, No. 1:15cv540, 2016 WL 4836810 (S.D. Ohio Sept. 15, 2016) ("A report and recommendation is not a final judgment, order, or proceeding. This is evidenced by the language in Fed. R. Civ. P. 72(b)(3) which states that a district judge 'may accept, reject, or modify the recommended disposition . . . .'"). When Plaintiffs filed their objections, the Court had not adopted Magistrate Judge Grand's R&R and thus, there was not a final order, judgment, or proceeding.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court overrule Plaintiffs' objections, adopt Magistrate Judge Grand's Report and Recommendation in full, dismiss all claims with prejudice, and deny Plaintiffs' improper motion for relief from judgment under Fed. R. Civ. P. 60(b).

Dated: May 11, 2026                 Respectfully submitted,

/s/ *Miranda M. Boulahanis*
TROUTMAN PEPPER LOCKE LLP
Miranda M. Boulahanis (P86222)
500 Woodward Ave, Suite 2800
Detroit, Michigan 48226
(248) 469-4749
miranda.boulahanis@troutman.com

Mark D. Kundmueller (P66306)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutman.com
Counsel for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I caused a copy of the foregoing Defendant Wells Fargo Bank, N.A.'s Response in Opposition to Plaintiffs' Objections to Report and Recommendation (ECF No. 83) and Motion of Relief from that Judgment According to Rule 60(b), to be electronically filed with the U.S. District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants. I further certify that a copy will be sent via Federal Express to the following address:

Mr. and Ms. Karl and Azar Staffeld
341 Payeur Road
Ann Arbor, Michigan 48108
Plaintiffs, Pro Se

/s/*Miranda M. Boulahanis* (P86222)
MIRANDA M. BOULAHANIS

6