**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KARL STAFFELD AND AZAR STAFFELD,

      Plaintiffs,

-v-

WELLS FARGO BANK, N.A., et al.,

      Defendants.

_____/

Case No: 4:24-cv-12811
Hon. Shalina D. Kumar
Hon. David R. Grand

**PLAINTIFFS' REPLY TO DEFENDANT WELLS FARGO BANK, N.A.'S**
**RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS**

NOW COME Plaintiffs, KARL STAFFELD and AZAR STAFFELD, appearing in this matter *Pro Se*, and for their Reply to Defendant Wells Fargo Bank's Response to Plaintiffs' Emergency Motion for Sanctions, states the following:

## I. INTRODUCTION

Defendant's Response (ECF No. 85) does not address the substance of Plaintiffs' sanctions motion  (ECF No. 84). Instead, Wells Fargo relies almost entirely on procedural objections while ignoring the conduct that precipitated Plaintiffs' filing: persistent discovery noncompliance, failure to produce requested documents within Defendant's possession and control, and litigation positions that directly contradict governing FHA, HUD, and COVID-era foreclosure directives.

Even assuming arguendo that Rule 11's safe-harbor requirements were not satisfied, Wells Fargo's Response fails to acknowledge that **Rule 11 is not the exclusive basis for sanctions**. The Court retains authority under **Federal Rules of Civil Procedure 26, 37, 16(f),** and its **inherent power** to sanction abusive litigation conduct, discovery violations, and bad-faith behavior. Defendant's Response does not—and cannot—insulate such conduct from scrutiny.

## II. LOCAL RULE 7.1(A) DOES NOT WARRANT STRIKING THE MOTION

Wells Fargo first argues that Plaintiffs' Motion should be stricken for failure to seek concurrence under L.R. 7.1(a). This argument elevates form over substance and ignores the emergency nature of the filing.

Courts within this District routinely excuse strict compliance with concurrence requirements where a motion is prompted by time-sensitive circumstances or ongoing violations, particularly where concurrence would be futile. Here, Plaintiffs' Motion challenges ongoing discovery failures and litigation conduct already apparent on the record. The Defendant did not provide this Court with even one exhibit or document to answer Plaintiffs' claims. For example, the Defendant; instead of using Rules and case laws, could simply provide the proof that according to HUD and FHA's mandatory regulations and Section 10 of the mortgage contract with Plaintiffs, purchased and paid for mortgage insurance. However, the Defendant asserting voluminous verbatim fails to provide a simple answer, or a simple proof that the mandatory payment of 1.75% of the mortgage amount was paid and existed to purchase mortgage insurance. None of the pleadings that the Defendant presented to the Court has factual exhibits and documents that negates Plaintiffs' claims in this case. Wells Fargo does not contend that concurrence would have altered its position, nor does it identify any prejudice resulting from the absence of a concurrence statement.

Striking the Motion on this basis would improperly shield Defendant's conduct from review and would not advance the interests of justice.

## III. RULE 11 IS NOT THE SOLE BASIS FOR SANCTIONS

Wells Fargo's Response devotes substantial discussion to Rule 11's twenty-one-day "safe harbor." Plaintiffs do not dispute the existence of Rule 11(c)(2)'s procedural requirement. However, **Defendant's analysis is incomplete and misleading**, because it treats Rule 11 as the only available

sanctions mechanism. That is not the law.

Courts may impose sanctions under:

- **Rule 37(b)** for failure to obey discovery orders or engage in meaningful discovery responses;
- **Rule 26(g)** for certifying discovery responses without reasonable inquiry;
- **Rule 16(f)** for failure to comply with scheduling and discovery obligations; and
- **The Court's inherent authority**, where a party has acted in bad faith, vexatiously, or for oppressive reasons.

The Sixth Circuit has repeatedly held that even where Rule 11 sanctions are unavailable, Courts may sanction litigation misconduct under alternative authorities. Wells Fargo's Response omits this controlling principle entirely. Consequently, both this Court and Plaintiffs were entitled to yet another exhibit that the Defendant should have provided for Plaintiffs' loan modification denial letter. Not only the Defendant did not send the Plaintiffs a denial letter but admits that only a message from an unknown number was left on their voicemail. Whilst the Plaintiffs were entitled to receive a notice of denial of loan modification via certified mail in writing so they could take action to rectify the damages to them or renegotiate with the Defendant to reconsider their position. Again, Wells Fargo never sent such a denial letter and did not provide an exhibit to prove that proper communication and notification was done with Plaintiffs. A simple copy of that letter with proof of certified mail in the form of exhibit could have answered the entire loan modification application issue. The exhibit was not provided by the Defendant because it does not exist. Therefore, it is an admission of guilt because according to FHA guidelines the Defendant is required to provide all possible venues so that American families do not lose their homes, especially during the Pandemic.

### IV. DEFENDANT MISCHARACTERIZES PLAINTIFFS' MOTION AS "FRIVOLOUS"

Wells Fargo asserts that Plaintiffs' Motion is "frivolous" because Wells Fargo has not asserted affirmative claims and because a Report and Recommendation was issued on Defendant's Rule 12(c) motion. Neither point is dispositive.

Sanctions are not limited to the assertion of affirmative claims; they apply equally to **defensive filings, discovery conduct, and litigation positions**. Plaintiffs' Motion identifies specific categories of misconduct, including:

- Failure to produce documents responsive to discovery requests;
- Failure to provide written determinations on loss mitigation and loan modification;
- Denial of mortgage insurance obligations despite contractual and regulatory requirements;
- Foreclosure activity during periods subject to federal moratoria and HUD guidance.

These issues are independent of the Rule 12(c) posture and were not resolved by the Report and Recommendation cited by Wells Fargo. Accordingly, the existence of that recommendation does not render Plaintiffs' Motion frivolous or moot.

## V. DISCOVERY CONDUCT REMAINS UNADDRESSED

Notably absent from Wells Fargo's Response is any substantive explanation for its discovery conduct. Defendant does not dispute that:

- Plaintiffs served discovery requests;
- Plaintiffs sought loan-level records, HUD-related documentation, mortgage insurance materials, and loss mitigation communications; or
- Wells Fargo failed to produce several categories of documents or provide sworn explanations for their absence.

Instead, Defendant attempts to reframe the Motion as a rhetorical attack rather than a procedural one. The record reflects otherwise. Where a party fails to meaningfully engage in discovery, sanctions are appropriate irrespective of Rule 11's application.

Consequently, The Defendant should be able to easily provide this Court and the Plaintiffs with the proof of its intent  to sell the property via Sheriffs' Sale. Such a letter and the proof of certified mail does not exist because the Plaintiffs were never notified of the Defendants' intent to sell the property in Sheriffs Sale. Therefore, making the Sheriffs Sale void and null because the owners of

the record; Plaintiffs, were not properly notified nor was a notice posted on the door according to requirement of Sherriff's Sale in the State of Michigan, making the Sheriff's Sale a "surprise" to the Plaintiffs. The Defendant cannot produce such letter, notification via certified mail, nor the posting on the door, because it does not exist; making the faulty foreclosure and Sheriffs Sale an admission of guilt.

The Plaintiffs filed the Motion for Sanction prior to Report & Recommendation for Summary Judgement. The Defendant is relying heavily on such recommendation which was issued after Motion for Sanction and the recommendation did not afford the case, the Court, and the Plaintiffs discovery rights. If this Honorable Court orders the Defendant to comply with discovery requirements, the Plaintiffs' case will be proved with preponderance of evidence and even without reasonable doubt.

## VI. CONCLUSION AND RELIEF REQUESTED

Wells Fargo's Response asks the Court to dispose of Plaintiffs' Motion without addressing the merits of Defendant's conduct. The Court should decline that invitation.

Plaintiffs respectfully request that the Court:

1. Deny Defendant's request to strike the Motion;

2. Consider sanctions under Rules 26, 37, 16(f), and/or the Court's inherent authority;

3. Order Wells Fargo to certify, under oath, its compliance with discovery obligations; and

4. Grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

By: *Karl Staffeld*

Karl Staffeld

*Plaintiff, Pro Se*

By *Azar Staffeld*

Azar Staffeld

*Plaintiff, Pro Se*

Dated: May 7, 2026

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, I served the foregoing Plaintiffs' Reply to Defendant Wells

Fargo Bank, N.A.'s Response to Plaintiffs' Emergency Motion for Sanctions, via USPS first-class

mail to the Attorneys of record for the parties to this matter and upon:


Miranda M. Boulahanis (P86222)
TROUTMAN PEPPER LOCKE LLP
500 WOODWARD AVENUE, SUITE 2800
DETROIT, MICHIGAN 48226
248-469-4749
miranda.boulahanis@troutman.com


Mark D. Kundmueller Esq. (P66306)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7564
mark.kundmueller@troutmen.com


Respectfully submitted,

By: _____
Karl Staffeld
Plaintiff, *Pro Se*


Dated: May 7, 2026


7