UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARL STAFFELD et al.,<br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 24-12811<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 89), ADOPTING THE REPORT & RECOMMENDATION (ECF NO. 83), GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 59), DENYING PLAINTIFFS' MOTION FOR SANCTIONS (ECF NO. 84), AND DISMISSING PLAINTIFFS' COMPLAINT (ECF NO. 19)**

## I. Introduction

Plaintiffs Karl and Azar Staffeld ("Plaintiffs"), proceeding pro se, initiated this case against defendant Wells Fargo Bank, N.A. ("Wells Fargo") bringing claims of quiet title, breach of contract, violation of the Fair Debt Collection Practices Act ("FDCPA"), fraudulent misrepresentation, unjust enrichment, and negligent infliction of emotional distress arising out of the foreclosure of real property located at 341 Corrie Road, in Ann Arbor,

Michigan ("the Property").[1] ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF No. 8. Wells Fargo moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 59. The motion was fully briefed, ECF Nos. 63, 64, 68, and the magistrate judge issued a Report and Recommendation ("R&R") recommending that Wells Fargos' motion be granted and Plaintiffs' complaint be dismissed. ECF No. 83. Plaintiffs filed timely objections to the R&R, Wells Fargo responded, and Plaintiffs filed a reply. ECF Nos. 89, 90, 92.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before

[1]Plaintiffs filed an amended complaint on February 28, 2025 adding R&J Holdings as a defendant. ECF No. 19. However, their claims against R&J Holdings have since been dismissed. ECF Nos. 62, 77.

the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## III. Analysis

### 1. Objection 1

Plaintiffs first object to the R&R's characterization of their arguments regarding "FHA regulations, HUD servicing requirements, and COVID-era Executive Orders" set forth in their response to Wells Fargo's motion for judgment on the pleadings as "new claims or legal theories" because they were not mentioned in their amended complaint. ECF No. 89, PageID.1804. Plaintiffs cite to Federal Rule of Civil Procedure 8 requiring a

short, plain statement showing entitlement to relief in support of their position that they were not bringing new claims, merely addressing "legal standards that illuminate whether the foreclosure conduct alleged was lawful . . . ." *Id.* This argument is unavailing.

"[I]t is black-letter law that. . .a court evaluating a motion for judgment on the pleadings. . .must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases). Plaintiffs who believe that they are entitled to relief under a different theory than originally pleaded may move to amend the complaint under Rule 15 to allege new claims. *See id*. But plaintiffs cannot amend their complaint in an opposition brief or ask the court to consider new allegations not contained in the complaint to withstand a motion for judgment on the pleadings. *Id*. at 483–84 (citing *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012)). "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an

amendment to a complaint." *Id*. at 484 (internal quotation omitted). Especially because Plaintiffs eschewed an opportunity to file a second amended complaint, the R&R correctly concluded that they cannot add new legal theories in response to Wells Fargo's motion, and thus Plaintiffs' first objection will be overruled.

**2. Objections 2-4**

Plaintiffs second, third, and fourth objections continue to argue the merits of their FHA/HUD/COVID claims that have already been presented to and rejected by the magistrate judge and now this Court. Accordingly, these objections must be overruled.

**3. Objection 5**

In their final objection, Plaintiffs seek leave to amend their complaint in the event the Court agrees with the R&R's conclusion that they failed to plead their new theories in their complaint. They cite their pro se status and "unfamiliarity with pleading and procedural requirements" as support for their position.

Although it is true that the Court must liberally construe the pleadings of pro se litigants, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "[t]he leniency granted to pro se petitioners . . . is not boundless." *Martin v.*

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure). Thus, “the lenient treatment generally accorded to pro se litigants has limits,” *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). And “[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law.” *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

Generally, when parties seek to amend, “[t]he court should freely give leave when justice so requires.” Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (saying, for motions to amend, courts should consider various factors, like futility, undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies in previous amendments, or undue prejudice to the opposing party). But cursory and nonspecific requests to amend a complaint at the end of a plaintiff’s response to a motion to dismiss need not be assessed under the Rule 15(a)(2) standards. *See Salazar v. Paramount Global*, 133 F.4th 642, 653 (6th Cir. 2025); *Geomatrix, LLC v. NSF Int’l*, 82 F.4th 466, 490 (6th Cir. 2023); *see also Robbins*, 854 F.3d at 322. Although a district court must act upon and

explain its reasons for granting or denying a motion for leave to amend a complaint, that requirement does not apply when a party does not file a formal motion to amend. *Geomatrix*, 82 F.4th at 490. A district court does not abuse its discretion by dismissing claims without granting leave to amend if the plaintiff's perfunctory request for such relief does not include a proposed amended complaint or an explanation of how the amended complaint would resolve the problems in the existing iteration. *See Salazar*, 133 F.4th at 653; *Robbins*, 854 F.3d at 322.

What is more, Plaintiffs' request to further amend their complaint would be denied even if Rule 15(a)(2) applied. Plaintiffs have been put on notice of the deficiencies in their complaints and admit the allegations they seek to add are directly related to those previously asserted. However, they offer no explanation for their failure to raise them earlier. Indeed, Plaintiffs filed a complaint as well as an amended complaint and, as mentioned above, were given the opportunity to file a *second* amended complaint but failed to do so in a timely manner. Plaintiffs offer no justification for their delay in seeking leave to amend. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (where the amendment follows lengthy delay and the movant provides no adequate explanation, denial is appropriate).

Most notably, none of Plaintiffs' proposed new claims would rectify the existing complaint's failure to state a viable cause of action, thereby rendering the proposed amendment futile. *See Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 614 (6th Cir. 2024) (while pro se litigants receive leniency, courts routinely hold pro se parties to the same standards when amendments would cause delay or prejudice, or when the proposed amendment would not survive a Rule 12(b)(6) motion).

As Wells Fargo points out in its response to Plaintiffs' objections, *see* ECF No. 90, PageID.1820–22, Plaintiffs, who were not the borrowers on the mortgage loan at issue, lack standing to bring claims under both the Real Estate Settlement Procedures Act ("RESPA") and the Home Ownership and Equity Protection Act ("HOEPA"). *See Keen v. Helson*, 930 F.3d 799, 806 (6th Cir. 2019) (RESPA cause of action limited to borrowers); *see also Hayden v. Fifth Third Bank, Inc.*, 2013 WL 2242760, at *4 (W.D. Ky. May 21, 2013) (collecting cases) (a nonparty to the loan cannot bring an action for violations of Truth-in-Lending Act ["TILA"]).[2]

---

[2] Because HOEPA was enacted as an amendment to certain parts of TILA, courts incorporate the former into the latter and apply the unmodified portions of TILA to HOEPA actions. *See, e.g., Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 845 (N.D. Ohio 2010); *Thielen v. GMAC Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009).

Plaintiffs' proposed claim for violations of the Department of Housing and Urban Development mortgage servicing policies is likewise not viable. First, the Sixth Circuit has found that no private cause of action exists under these regulations. *See Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 910 (E.D. Mich. 2012) (citing *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989)). Second, as Wells Fargo asserts, and Plaintiffs do not deny, the loan at issue was not a HUD-insured loan, thus making the HUD regulations inapplicable.

In sum, Plaintiffs did not move to amend their complaint to assert new claims, and any such motion would be futile because the claims they propose to assert could not survive a Rule 12(b)(6) motion. Accordingly, this objection is overruled.

Because all of Plaintiffs' objections will be overruled, the R&R will be adopted as this Court's own opinion.

## IV. Emergency Motion for Sanctions

Shortly after the R&R was issued, Plaintiffs filed an emergency motion for sanctions under Rule 11 asserting Wells Fargo has argued a meritless claim, engaged in abusive litigation conduct and "discovery disobedience," filed frivolous papers, and violated court orders. ECF No.

84. However, as Wells Fargo correctly notes, Plaintiffs cannot rely on Rule 11 for an award of sanctions because there is no indication that they complied with the safe harbor provisions of Rule 11(c)(2), which requires that a party seeking sanctions under Rule 11(c) first serve its motion on the opposing party before filing it with the Court and provide 21 days to withdraw the challenged pleading or paper. Fed. R. Civ. P. 11(c)(2). Plaintiffs' "[f]ailure to comply with the safe-harbor provision precludes" the Court from "imposing sanctions." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014). Therefore, Plaintiffs' motion will be denied.

## V. Conclusion

Accordingly, the Court **OVERRULES** Plaintiffs' objections (ECF No. 89). The Court **ADOPTS** the R&R (ECF No. 83), **GRANTS** Wells Fargo's motion for judgment on the pleadings (ECF No. 59), and **DENIES** Plaintiffs' emergency motion for sanctions (ECF No. 84). The Court **DISMISSES** Plaintiffs' complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 30, 2026